ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 14249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805,
margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856,
peter.kozinets@usdoj.gov)
DOMINIC LANZA (Cal. Bar No. 225989, dominic.lanza@usdoj.gov)
Assistant U.S. Attorneys
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: 602-514-7500

JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
Special Assistant U.S. Attorney
312 North Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone: 213-894-3391

BRIAN BENCZKOWSKI Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806,
reginald.jones@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave. N.W., Room 2116
Washington, D.C. 20530
Telephone: 202-616-2807

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br>   v.<br><br>Michael Lacey, et al.,<br><br>   Defendant(s). | CR 18-422-PHX-SPL (BSB)<br><br>GOVERNMENT'S APPLICATION FOR ORDER REGARDING CRIMINAL FORFEITURE OF PROPERTY IN GOVERNMENT CUSTODY |

The United States of America, by and through its counsel of record, the United States Attorney's Office for the District of

Arizona and Special Assistant United States Attorney John J. Kucera, hereby moves for an order allowing the government to maintain custody of property already in the government's possession pending the resolution of this criminal matter. In support of its motion, the Government states as follows:

On March 28, April 9, April 26, and June 24, 2018, pursuant to civil seizure warrants issued by three separate United States Magistrate Judges in the Central District of California, for the purpose of initiating forfeiture proceedings, the United States seized all right, title, and interest in the following assets (the "seized assets"):

1. Funds held in the following bank accounts:
   a. Prosperity Bank account number XXXXX7188
   b. Compass Bank Account number XXXXXX3873
   c. Compass Bank Account number XXXXXX3825
   d. National Bank of Arizona Account number XXXX0178
   e. National Bank of Arizona Account number XXXX0151
   f. National Bank of Arizona Account number XXXX3645
   g. Live Oak Bank Account Number XXXXXXXXXX2523
   h. Ascensus Broker Dealer Services Account Number XXXXX6943-01
   i. Ascensus Broker Dealer Services account Number XXXXX5280-01
   j. First Federal Savings & Loan of San Rafael account number XXXX3620
   k. Republic Bank of Arizona account number XXXX1889
   l. Republic Bank of Arizona account number XXXX2592
   m. Republic Bank of Arizona account number XXXX2912

   n. Republic Bank of Arizona account number XXXX2500
   o. Republic Bank of Arizona account number XXXX1938
   p. Bank of America Account number XXXXXXXXXXXX8225
   q. Bank of America Account number XXXXXXXXXXXX7054
   r. Bank of America Account number XXXXXXXXXXXX9342
   s. Bank of America Account number XXXXXXXXXXXX0071
   t. San Francisco Fire Credit Union Account Number XXXXXXXXXX2523
   u. Ally Bank Account Number XXXXXX6292
   v. Branch Banking and Trust Bank account number XXXXXXXXX0218
   w. Green Bank Account number XXX4832
   x. Green Bank Account number XXXXXX4293
   y. Plains Capital Bank account number XXXXXX1098
   z. Bank of America IOLTA Account #50033414
  2. The following domain names:
   a. atlantabackpage.com
   b. backpage.be
   c. backpage.com
   d. backpage.com.br
   e. backpage.cz
   f. backpage.dk
   g. backpage.ee
   h. backpage.es
   i. backpage.fi
   j. backpage.fr
   k. backpage.gr
   l. backpage.hu

1     m. backpage.ie
2     n. backpage.it
3     o. backpage.lt
4     p. backpage.mx
5     q. backpage.net
6     r. backpage.no
7     s. backpage.pl
8     t. backpage.pt
9     u. backpage.ro
10    v. backpage.si
11    w. backpage.sk
12    x. backpage.us
13    y. backpage-insider.com
14    z. bestofbackpage.com
15    aa.   bestofbigcity.com
16    bb.   bigcity.com
17    cc.   chicagobackpage.com
18    dd.   denverbackpage.com
19    ee.   newyorkbackpage.com
20    ff.   phoenixbackpage.com
21    gg.   sandiegobackpage.com
22    hh.   seattlebackpage.com
23    ii.   tampabackpage.com
24         The government included certain of these assets in its
25    Indictment, unsealed on March 28, 2018. (CR 18-422-PHX-SPL (BSB)
26    Dkt. #3). Thereafter, on July 25, 2018, in its Superseding
27    Indictment (CR 18-422-PHX-SPL (BSB), Dkt. #230), and on August 24,
28    2018, in the First Bill of Particulars (CR 18-422-PHX-SPL (BSB),

Dkt. 281), the government included for criminal forfeiture each of the above-listed seized assets. Finally, certain defendants recently filed a motion in the Central District of California challenging the civil seizure warrants that were initially utilized to seize some of the assets at issue.

Title 18, United States Code, Section 983(a)(3)(B)(ii)(II) provides that when the government elects to include assets subject to forfeiture in its indictment, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute." The applicable criminal forfeiture statute in this case is 21 U.S.C. § 853, which prescribes several methods for preserving property for the purpose of criminal forfeiture:

1. Section 853(f) authorizes the issuance of a criminal seizure warrant. However, where, as here, the property in question is already in government custody, it is inappropriate for a court to issue a seizure warrant directing the government to seize the property from itself;

2. Section 853(e) authorizes a court to issue a restraining order or an injunction to preserve the property for forfeiture. Again, it is unnecessary to issue an order enjoining the government from disposing of property that it has already taken into its custody for the purpose of forfeiture, and that it represents it will preserve for that purpose through the conclusion of the pending criminal case; and

3. Section 853(e)(1) authorizes a court to "take any other action to preserve the availability of property" subject to forfeiture.

In determining whether to issue a restraining order, an indictment against the defendant conclusively establishes probable cause that the charged offenses were committed. *See Kaley v. United States*, 571 U.S. 320, 322 (2014) ("A federal statute, 21 U.S.C. § 853(e), authorizes a court to freeze an indicted defendant's assets prior to trial if they would be subject to forfeiture upon conviction. . . . The question presented is whether criminal defendants are constitutionally entitled at [a pretrial] hearing to contest a grand jury's prior determination of probable cause to believe they committed the crimes charged.  We hold that they have no right to relitigate that finding."). *See also id.* at 340-41 ("If the question in a pre-trial forfeiture case is whether there is probable cause to think the defendant committed the crime alleged, then the answer is: whatever the grand jury decides.").

In this case, the seized assets are already in government custody, and the government intends to preserve the assets for the purpose of forfeiture through the conclusion of the pending criminal case.  All that is required to comply with section 983(a)(3)(B)(ii)(II) is an order from this Court directing the United States and its agencies to continue to maintain custody of the seized assets until the criminal case is concluded. *See, e.g., United States v. Scarmazzo,* 2007 WL 587183, *2-3 (E.D. Cal. 2007) (granting government's motion for an order under 18 U.S.C. § 853(e)(1) to maintain custody of property that was already in the government's possession, having been previously seized pursuant to search and seizure warrants); *In re 2000 White Mercedes* ML320, 220 F. Supp. 2d 1322, 1326 & n.5 (M.D. Fla. 2001) (declining to issue criminal seizure warrant under 18 U.S.C. § 853(f) as to property

that was already in the government's possession and noting that the government instead should have sought an order under 18 U.S.C. § 853(e)(1) to maintain custody of the property).

For restraining orders issued after an indictment or information has been returned, a pre-restraint hearing is not required. *United States v. Musson*, 802 F. 2d 384, 386-87 (10th Cir. 1986). If any third parties have claims on the assets subject to the requested restraint, section 853(n) sets out a specific procedure for the adjudication of such claims. This process begins, however, "[f]ollowing the entry of an order of forfeiture under this section . . . ." 21 U.S.C. § 853(n)(1); *see also Libretti v. United States*, 516 U.S. 29, 44 (1995); *United States v. Gilbert*, 244 F.3d 888, 911 (11th Cir. 2001) (ancillary proceeding is "exclusive means" for third parties to assert claims to forfeited property; citing legislative history); *United States v. Messino*, 122 F.3d 427, 428 (7th Cir. 1997) (under Sections 853(k) and (n), third parties must wait until the court has entered a preliminary order of forfeiture to challenge the forfeiture action).

///

///

WHEREFORE, pursuant to section 853(e)(1), the United States respectfully moves this Court to issue an order directing that the United States may maintain custody of the seized assets described above through the conclusion of the pending criminal case, and stating that such order satisfies the requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

August 27, 2018

ELIZABETH STRANGE
First Assistant United States Attorney
District of Arizona

BRIAN BENCZKOWSKI Assistant Attorney General
Criminal Division, U.S. Department of Justice

KEVIN RAPP
MARGARET PERLMETER
DOMINIC LANZA
Assistant United States Attorneys

REGINALD JONES
Senior Trial Attorney

/s/ *John J. Kucera*
JOHN J. KUCERA
Special Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA