ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 14249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> PLAINTIFF, <br><br> V. <br><br> MICHAEL LACEY, ET AL., <br><br> DEFENDANTS. | No. CR-18-00422-PHX-SPL <br><br> **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT LACEY'S MOTION FOR RELEASE OF FUNDS UNRELATED TO BACKPAGE AND REQUEST FOR EXPEDITED RELIEF (Doc. 385)** |

Plaintiff United States of America (the "Government"), by and through its counsel of record, the United States Attorney's Office for the District of Arizona and Special Assistant United States Attorney John J. Kucera, requests that this Court issue an order denying Michael Lacey's ("Defendant") motion for release of funds (Doc. 385 (the

"Motion"), thereby mooting Defendant's "Notice of Government's Non-Opposition" (Doc. 403)).

In support, the Government states as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

On April 26, 2018, a United States Magistrate Judge sitting in the Central District of California (the "CDCA Court") issued seizure warrants for funds held in the Republic Bank of Arizona accounts '2485, '1897, and '3126 (the "Seizure Warrants") after finding probable cause that the funds were property involved in or traceable to money laundering, or were proceeds of violations of 18 U.S.C. §§ 1952, 1956, and 1957 (interstate and foreign travel or transportation in aid of racketeering enterprises, and money laundering offenses, respectively).

On November 16, 2018, almost six months after the CDCA Court issued the Seizure Warrants, and the same day this Court heard argument on certain defendants' Emergency Motion to Stay Seizure of Attorney Fees and Request for an Immediate Hearing (Dkt. 360) and related filings (Docs. 365, 376, and 377), Defendant filed this Motion.  In its ruling on the Emergency Stay Motion, this Court determined that it would not exercise jurisdiction over seizure warrants issued in the Central District of California ("CDCA"), finding that the defendants had an adequate remedy for their allegations before that rendering court. (Transcript, pp. 55 – 56 (Nov. 16, 2018), excerpts attached at Exhibit A).  As of this Court's November 16 ruling, this is now the "law of the case," and its application should result in this Motion being denied.  Indeed, the Government did not immediately file a response to this Motion due to its having been filed earlier on the same day as this Court's ruling on the "Emergency Stay Motion," and because this Court's ruling resolved the very same issues raised by this Motion.

Additionally, even if this Court's prior decisions were not applicable to this Motion, the relief Defendant seeks constitutes a motion for return of property, arising under Rule 41(g) of the Federal Rules of Criminal Procedure.  However, such a motion is inappropriate

and must be denied where, as here, the property is subject to a civil forfeiture proceeding or is the subject to criminal forfeiture.

Finally, to the extent that Defendant's Motion seeks the release of funds necessary to his criminal defense, Defendant has failed to set forth the necessary basis for a hearing because he has not made the prerequisite showing that he lacks sufficient un-seized assets to retain counsel of his choice.

## II.   DEFENDANT'S MOTION IS PRECLUDED BY THE LAW OF THE CASE

The 'law of the case doctrine' relieves a court from having to reconsider an issue already decided by the same court or by a superior court in the identical action.  *United States v. Real Prop. Located at Incline Vill.*, 958 F. Supp. 482, 487 (D. Nev. 1997) (citing *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir.), *cert. denied*, 508 U.S. 951 (1993)); *see Musacchio v. United States*, 136 S. Ct. 709, 716 (2016) ("The law-of-the-case doctrine generally provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'") (quoting *Pepper v. United States*, 562 U.S. 476, 506 (2011)) ("*Musacchio*").  The doctrine is a discretionary principle designed to ensure judicial consistency and to prevent the reconsideration, during the course of a single continuous lawsuit, of those decisions which are intended to put a particular matter to rest.  *Id.*  Under the law of the case doctrine, a previous decision on a factual or legal issue must be followed in all subsequent proceedings in the trial court or on a later appeal in the appellate court...."  *Id.*

Even 'summary' treatment of a legal of factual issue becomes the law of the case."  *Id.* at 488 (citing *Leslie Salt*, 55 F.3d at 1392).  The Ninth Circuit even "adhered to the law of the case even where a prior ruling was "cryptic and somewhat ambiguous."  *Id*. (quoting *Hanna Boys Ctr. v. Miller*, 853 F.2d 682, 687 (9th Cir. 1988)).  "Whether a previous proceeding's ruling becomes the law of the case 'turns on whether a court previously decided upon a rule of law … not on whether, or how well, it explained the decision.'"  *Id.* (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)).  However, certain exceptions to this doctrine apply.  For example, the "law of the case doctrine" is not

applicable where (1) the court is presented with substantially additional or different evidence, (2) where a contrary decision of the applicable law is made with respect to a particular issue, and (3) the prior decision was clearly erroneous resulting in a manifest injustice. *Id.* (citing *In re Benny*, 81 F.3d 91, 94 (9th Cir. 1996); *United States v. Garcia*, 77 F.3d 274, 276 (9th Cir. 1996); *Helger v. Borg*, 50 F.3d 1472, 1475 (9th Cir. 1995).

On November 16, 2018, this Court reviewed and addressed almost the exact same issues and concerns raised by defendant James Larkin's "Supplemental Brief" in support of defendants' Emergency Motion to Stay Seizure of Attorney Fees and Request for an Immediate Hearing (Dkt. 377 ("Supplemental Brief")), which was filed one day prior to the hearing set for the Emergency Motion. In defendant Larkin's Supplemental Brief, he argued that the seizure of funds was improper because, among other things, the seizure restrained funds unrelated to the criminal allegations contained in the Indictment and First Superseding Indictment and because the seizure has left defendant with insufficient funds to afford his counsel of choice. (*See* Supplemental Brief, p. 2). During oral argument, the Court asked government counsel whether the government would request that the Court consider the Response to the Emergency Motion (Dkt. 371) as also responding to the Supplemental Brief.

> The Court: And Mr. Kucera [government counsel at the hearing], I am treating the government's response [to Document 377] as Document Number 371, since 371 was filed in the [Emergency Motion]. Is that what you would like?
> Mr. Kucera: Notwithstanding the fact that these other documents were filed after the response –
> The Court: Correct.
> Mr. Kucera: -- yes, Your Honor.
> The Court: I mean, would your response be pretty much the same? It's the same issue.
> Mr. Kucera: Certainly along those same lines, yes, Your Honor.
> (Transcript, pp. 51 – 52).

The instant Motion contains substantially the same issues as those included in the Supplemental Brief that this Court found to be "the same issue" adjudicated by the Court in the Emergency Motion. This Court found that "[t]he defendants have not set forth any persuasive reasons as to why [this] Court should interfere with the Central District of

California's issuance of the search warrants, and [this] Court finds that the defendants have sufficient legal remedy for any challenges to the seizure warrants issued by the Central District of California in that district." (*Id.* at 59).[1]  For these reasons, this Court denied defendants' Emergency Motion (Dkt. 376).  (*Id.*)  As such, on November 16, 2018, during oral argument this Court already decided the issues presented by this Motion.

Because the Motion raises issues that were already decided, and because the Motion does not present "substantially additional or different evidence" that should cause this Court to reconsider its previous ruling, the rule of the case set forth on November 16 applies, and the Motion should be denied.

## III.   DEFENDANT'S IMPROPER MOTION FOR RETURN OF PROPERTY

A.   A Motion For Return Of Property Is Unavailable Once The Government Has Initiated Forfeiture Proceedings

Even if this Court had not ruled on the issues presented by Defendant's Motion, Defendant seeks the return of property seized pursuant to a seizure warrant.  Motions for the return of property are an equitable remedy governed by Rule 41(g) of the Federal Rules of Criminal Procedure.  However, where, as here, the government has commenced civil or criminal forfeiture proceedings, those proceedings provide an adequate remedy at law for a defendant to seek relief, and a motion for return of property is unavailable.  *See United States v. Premises of 2nd Amendment Guns, LLC*, 917 F. Supp. 2d 1120, 1122 (D. Or. 2012) (citing *United States v. Bluitt*, 815 F. Supp. 1314, 1316-17 (N.D. Cal. 1992) ("A rule 41(g) motion is unavailable . . . when property is retained pursuant to administrative or civil forfeiture . . .  This is because Rule 41(g) provides an equitable remedy and is not available when a claimant has [an] adequate legal remedy")).[2]

---

[1] The Government maintains its position that this Court would be the appropriate venue for a *Monsanto*-type motion and/or hearing, but Defendant has not sought such relief.

[2] Although a Rule 41(g) motion is not permissible under these circumstances, were this Court to permit defendant's Motion, the Motion would be treated as a civil complaint and the government would be entitled to 60 days to respond pursuant to Rule 12(a) under the Federal Rules of Civil Procedure.  *Ladele v. United States*, No. CR 06-00125 MMM, 2010 WL 476957, at *6 (C.D. Cal. Feb. 2, 2010) (treating movant's Rule 41(g) motion as a civil

Long lists of headnotes confirm the well settled law that motions for return of property are unavailable once the defendant can contest any forfeiture in an existing civil or criminal proceeding: "The proper office of a Rule 41(g) motion is, before any forfeiture proceeding have been initiated or before any criminal charges have been filed, to seek the return of property seized without probable cause, or property held an unreasonable length of time without the institution of proceedings that would justify the seizure and retention of property." *United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004). A motion for return of property is properly denied once a civil forfeiture action has been filed. *United States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1235 (9th Cir. 1988) ("*$83,310.78*"); *see also*, *Cartwright v. United States*, No. 00-4400-CIV-JORDAN, slip op. at 5 (S.D. Fla. Feb. 26, 2001) (refusing to exercise equitable jurisdiction over motion for return of property seized for civil forfeiture because defendant's subsequent indictment, including forfeiture, gives defendant adequate remedy at law; there is nothing wrong with starting case with civil seizure and proceeding with criminal forfeiture).

For this reason, Defendant's request for return of property is properly denied.

**B.   The Proper Remedy For Sixth Amendment Claims Is A Monsanto Hearing**

Although Defendant seeks the return of property pursuant to a Sixth Amendment claim, the only proper path to this remedy (before trial) is a motion pursuant to *Monsanto*,[3] and the Government reasserts the arguments made in its November 15, 2018, Response In Opposition to Defendant's Motion to Stay Seizure of Attorneys' Fees (Dkt. 371).

---

complaint; where "the government claim[ed] the property sought was already the subject of an administrative foreclosure proceeding, the court must convert the government's opposition into a motion for summary judgment…."); *see United States v. Williams*, 267 F. Supp. 2d 1130, 1138 (M.D. Ala. 2003) (motion for return of seized property denied, despite finding of lack of probable cause and granting of motion to suppress, because the property was restrained in a criminal case under 21 U.S.C. § 853(e)(1) and an civil forfeiture complaint had been filed under 18 U.S.C. § 983(a)(3)(B)(ii)(II)).

[3]  The Government has repeatedly offered to release a portion of funds for attorneys' fees, for indigent defendants upon an informal showing of need. (*See*, *e.g.*, Doc. 360, Ex. C at 5). None of the defendants have attempted to make such a showing.

A post-restraint, pretrial hearing is available only if (1) the Sixth Amendment is implicated, and (2) the defendant makes a prima facie showing that there is no probable cause for the forfeiture of the restrained property. *United States v. Monsanto*, 491 U.S. 600, 109 S. Ct. 2657, 105 L. Ed. 2d 512 (1989).   Only where all of a defendant's assets have been seized or restrained are the defendant's Fifth and Sixth Amendment rights violated. *See United States v. Unimex, Inc.*, 991 F.2d 546, 551 (9th Cir. 1993).  This is so because neither the Fifth nor the Sixth Amendment requires Congress to permit a defendant to use tainted assets adjudged to be forfeitable to pay legal fees. *See Caplin & Drysdale v. United States*, 491 U.S. 617, 633 (1989) (post-trial); *United States v. Monsanto*, 491 U.S. 600, 616 (1989) (pretrial).  Congress' rationale for this was clear: "[p]ermitting a defendant to use assets for his private purposes that ... will become the property of the United States if a conviction occurs cannot be sanctioned." *Monsanto*, 491 U.S. at 613, 109 S.Ct. 2657.

"To even be entitled to the hearing, defendants must first show a genuine need to use the assets to retain counsel of choice." *See Kaley v. United States*, 571 U.S. 320, 353-54 (2014) 353-54 (Roberts, C.J., dissenting) (citing *United States v. Bonventre*, 720 F.3d 126, 133 (2d Cir. 2013) (holding that to qualify for a post-restraint *Monsanto* hearing, the defendant must disclose his net worth, provide a comprehensive list of his assets, and explain how he has been paying his significant living expenses; it is not enough to contrast his income stream and bank account balances with his living expenses and legal fees)); *see also United States v. Wetselaar*, 2013 WL 8206582, *19-20, *23 (D. Nev. Dec. 31, 2013) (applying *Unimex* and denying request for probable cause hearing; Government not required to "re-establish" probable cause that property is traceable to the offense until defendant shows that he lacks other funds); *United States v. Swenson*, 2013 WL 3322632 (D. Idaho July 1, 2013) (if property is seized, the court applies *Unimex*, which permits a hearing only if the defendant satisfies the burden of proving need and that funds are not tainted); *United States v. Approximately $144,001 in U.S. Currency*, 2011 WL 5345266 (N.D. Cal. Nov. 7, 2011) (applying *Unimex*, finding defendant not entitled to a probable cause hearing in his

civil forfeiture case without first showing that he lacked other funds with which to retain counsel in the related criminal matter).

After a showing of financial necessity,[4] a defendant may make a prima facie showing that there is no probable cause for the forfeiture of the restrained property in order to be entitled to a *Monsanto* hearing.  At the probable cause hearing, a defendant cannot challenge the grand jury's finding of probable cause with respect to the underlying crime, but he retains the right to challenge the probable cause regarding the nexus between the property and the offense.  *Cf. Kaley v. United States*, 571 U.S. 320, 341 (2014).  However, to be entitled to this remedy, the defendant must first have his assets seized or restrained, and prove that he otherwise has insufficient funds to mount a defense.

Defendant seeks to have the Government litigate the merits of the forfeiture case now, and prove the Government's theory of forfeit ability prior to seizure.  But that is not the law and Defendant has made no threshold showing of financial need that would entitle him to a hearing at this point.

For this reason, Defendant's request for return of property is properly denied.

///

///

///

---

[4] "Perhaps recognizing that *Monsanto* hearings might be used only to gain a sneak peak of the Government's case and witnesses, thereby wasting prosecutorial resources, a majority of courts have held that such hearings are necessary only where the criminal defendant makes at least an initial showing that he has no other assets with which to retain private counsel."  *United States v. Kramer*, No. 1:06CR200-ENV-CLP, 2006 WL 3545026, at *4 (E.D.N.Y. Dec. 8, 2006) (citing *United States v. Jamieson*, 427 F.3d 394, 406 n. 3 (6th Cir.2005) (cataloguing other circuit's approaches)).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.     CONCLUSION**

For the forgoing reasons, the Government respectfully requests that Defendant's Motion be denied, thereby mooting his "Notice of Government Non-Opposition."

Respectfully submitted this 11th of December, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

BRIAN BENCZKOWSKI
Assistant Attorney General
U.S. Department of Justice
Criminal Division, U.S. Department of Justice

KEVIN RAPP
MARGARET PERLMETER
ANDREW STONE
PETER KOZINETS
Assistant United States Attorneys

REGINALD E. JONES
Senior Trial Attorney

_____s/Kevin Rapp_____

JOHN J. KUCERA
Special Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of December 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Anne Chapman, Erin McCampbell, Gregory Zamora, James Grant, Lee Stein, Paul Cambria, Robert Corn-Revere, Ronald London, Janey Henze Cook, John Littrell, Kenneth Miller, Thomas Bienart, Jr., Bruce Feder, Michael Kimerer, Rhonda Neff, KC Maxwell, David Wakukawa, Michael Piccarreta, Stephen Weiss, Gopi Panchapakesan, Ariel Neuman, Gary Lincenberg, Anthony Bisconti, Whitney Bernstein, Seetha Ramachandran.


 *s/Angela Schuetta*
U.S. Attorney's Office