ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br>   v.<br><br>Michael Lacey, et al.,<br><br>   Defendants. | CR-18-422-PHX-SPL (BSB)<br><br>**UNITED STATES' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION RE ORDER TO RESOLVE ATTORNEY-CLIENT PRIVILEGE ISSUES [Doc. 409]** |

**Introduction and Summary of Argument**

Defendants' response to the government's motion for clarification (Doc. 409) misconstrues the government's argument and fails to address the relevant issue. The question before the Court is how potentially privileged materials should be reviewed to determine whether a privilege actually exists. The government has proposed that a "filter team"—a group made up of government attorneys who are not members of the prosecution

team—review the remaining materials to make an initial determination. Two federal judges have issued orders approving this approach.

Defendants do not suggest an alternative method for review. Their response seems to implicitly suggest one of two conclusions, either (a) Defendants believe that all the materials that have been identified from the various search warrants as *potentially privileged* should just be deemed "privileged" without further review, or (b) the Court should bear the burden of reviewing all 10,733 emails to determine privilege. Defendants' first suggestion isn't appropriate—a privilege needs to attach before the document is shielded from the government's investigative team. And Defendants' second suggestion is unreasonable—the Court shouldn't be forced to examine all the potentially privileged documents. The government's filter team should finish the job it started and the Court can then resolve any disputes about individual communications that may remain.

### A. The Government's Filter Team

Two different federal judges, in separate orders, authorized the government to use a filter team to review documents obtained through search warrants.[1] In the first order, the court directed the filter team to review, "emails for potentially privileged and protected materials, and [to] keep all legitimately protected materials, as well as materials suspected to be protected, segregated from the Investigative Team unless the Court rules that they can be disclosed." (Doc. 195-1.) In the second order, the court stated, "the Filter Team will review the documents for privilege or protection only and will disseminate non-privileged and non-protected documents to the Investigative Team." (Doc. 195-2.)

These orders provide the procedure for the filter team to follow. It will review the potentially privileged materials and will ensure that both (a) all legitimately protected materials and (b) materials suspected to be protected are segregated from the investigative team. If there's a question about whether a certain material is privileged, then the specific

---

[1] These issues were discussed in detail in the government's motion to resolve attorney-client privilege issues. (Doc. 195 at 3-4.)

communication will be provided to the Court for an *in camera* review to make the determination.[2] Before the filter team stopped its review in May 2018, after the investigative team received a letter from defense attorneys raising concerns about the review, it had reviewed approximately 6,500 of the 10,733 emails. (*See* Doc. 195 at 4.) After the filter team is permitted to reengage, the remainder of the emails will be reviewed in a timely and efficient manner.

**B.    Case Law Supports Government's Use of a Filter Team in this Case**

The government has previously cited a number of cases where courts have approved the use of filter teams to review potentially privileged documents. (*See* Doc. 269 at 15; Doc. 355 at 3.) Likewise, Defendants have cited the same three cases in multiple filings for the proposition that filter teams are disfavored. (*See* Doc. 235 at 21; Doc. 409 at 4 (citing *United States v. Renzi*, 722 F. Supp. 2d 1100 (D. Ariz. 2010); *In re Grand Jury Subpoenas*, 454 F.3d 511 (6th Cir. 2006); *United States v. Pedersen*, 2014 WL 3871197 (D. Or. Aug. 6, 2014).) Those three cases are all distinguishable from the facts at hand.

The *Renzi* case involved the government's use of a filter team to listen to phone conversations recorded in accordance with a Title III Wiretap. 722 F. Supp. 2d at 1128. The court criticized the government for failing to obtain an order authorizing the use of a filter team before listening to potentially privileged conversations. *Id.* ("[T]he use of taint review in this instance, however well-intentioned initially, was not authorized by Title III or by the supervising Court's Wiretap Order."). But the court "reject[ed] the notion that

---

[2] Similarly, the Court's *in camera* review may be necessary to determine if the crime-fraud exception applies. *See United States v. Zolin,* 491 U.S. 554, 563 (1989) (once showing is made sufficient to support a reasonable belief that *in camera* review of allegedly privileged attorney-client communications might yield evidence establishing applicability of crime-fraud exception, the decision of whether to engage in an *in camera* review rests in sound discretion of district court); *see also In re Grand Jury Proceedings (The Corporation),* 87 F.3d 377, 380 (9th Cir. 1996) (protection afforded by attorney-client privilege does not extend to any communication in furtherance of an intended or present illegality). Indeed, United States District Court Judge Diane J. Humetewa has already found the crime-fraud exception to apply to some communications that defendant Lacey had originally classified as protected by the attorney-client privilege. (*See* Exhibit A, Order dated April 20, 2018, filed under seal.)

the use of taint review is *per se* unreasonable." *Id.* Here, the *Renzi* court's rationale doesn't apply because two separate federal judges have already authorized the government's use of a filter team.

The *In re Grand Jury Subpoenas* decision by the Sixth Circuit is also distinguishable. There, the potentially privileged materials were not already in the government's possession. Based on this fact, the court found:

> [G]overnment taint teams seem to be used primarily in limited, exigent circumstances in which government officials have already obtained the physical control of potentially-privileged documents through the exercise of a search warrant. In such cases, the potentially-privileged documents are already in the government's possession, and so the use of the taint team to sift the wheat from the chaff constitutes an action respectful of, rather than injurious to, the protection of the privilege. . . . But the government does not actually possess the potentially-privileged materials here, so the exigency typically underlying the use of taint teams is not present.

454 F.3d at 522-523. Based on the Sixth Circuit's reasoning, the government's use of a filter team here is "an action respectful of, rather than injurious to, the protection of the privilege." *Id.*

Finally, the *Pedersen* case dealt with a filter team where the protocol was "grossly deficient and was not followed." 2014 WL 3871197, at *29. Specifically, the district court found that an attorney was permitted to work on both the filter team and the investigative team, the protocol allowed filter team members to intentionally review privileged material, and the government failed to protect privileged telephone calls that it had intercepted. *Id.* These problems are not present here. The filter team is completely separate from the investigative team and no filter team members will work on any issues related to the prosecution beyond their filter team duties. The filter team isn't intentionally reviewing privileged material, but rather examining communications that are *potentially privileged*. Finally, the communications obtained from the search warrants are emails, rather than telephone recordings.

The three cases Defendants have relied on exclusively all support filter review in certain situations, including those at issue here. Namely, the government received prior

approval for using a filter team to review potentially privileged materials, the materials are already in the government's possession, and the protocol in place is not grossly deficient. Filter review in accordance with the two previously issued federal court orders is reasonable and efficient. *See Hicks v. Bush*, 452 F. Supp. 2d 88, 103 (D.D.C. 2006) (granting government's motion to authorize filter-team review and explaining that there was "[n]o practical and effective alternative to the Filter Team. . . . Neither review by special masters nor pre-screening by counsel for the detainees could be accomplished in a reasonable amount of time.").

**C.     Conclusion**

The Court should enter the proposed order (Doc. 355-1) to permit the government to complete its filter review and ensure the discovery process proceeds in an efficient manner.

Respectfully submitted this 4th day of January, 2019.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*s/Andrew C. Stone*
KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
JOHN J. KUCERA
Assistant U.S. Attorneys

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES
Senior Trial Attorney
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section

**Certificate of Service**

I hereby certify that on this date, January 4, 2019, I transmitted the foregoing under-seal document for filing to the Clerk of the United States District Court and sent a copy via electronic mail to: Paul J. Cambria Jr. Esq. and Erin e. McCambpell, Esq., Lipsitz Green Scime Cambria, LLC, 42 Deleware Ave, Suite 120, Buffalo, NY 14202, **pcambria@lglaw.com** and **emccampbell@lglaw.com**, Thomas H. Bienert, Jr., Esq., Anthony R. Bisconti, Esq., Kenneth M. Miller, Esq., and Whitney Bernstein, Esq., Bienart, Miller & Katzman, PLC, 903 Calle Amanecer, Suite 350, San Clemente, CA 92673, **tbienert@bmkattorneys.com,** **tbisconti@bmkattorneys.com,** **kmiller@bmkattorneys.com,** **wbernstein@bmkattorneys.com**; Davis Wright Termaine, LLP, 1201 Third Avenue, Suite 2200, Seattle, WA 98101, **jimgrant@dwt.com**; Michael D. Kimerer, Esq. and Rhonda Elaine Neff, Esq., 1313 E. Osborn Road, Suite 100, Phoenix, AZ 85014, **MDK@kimerer.com** and **rneff@kimerer.com**; Robert Corn-Revere Esq., Davis Wright Termaine, LLP, 1919 Pennsylvania Avenue N.W., Suite 800, Washington, D.C., 20006, **bobcornrevere@dwt.com**; Bruce Feder, Esq., 2930 East Camelback Road, Suite 160, Phoenix, AZ 85016, **bf@federlawpa.com**; Gary Linenberg, Esq., Ariel Neuman, Esq., Gopi K. Panchapakesan, Esq., Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C., 1875 Century Park East, 23rd Floor, Los Angeles, CA 90067, **glincenberg@birdmarella.com, aan@birdmarella.com, gkp@birdmarella.com.**

*s/ Angela Schuetta*
Angela Schuetta
U.S. Attorney's Office