**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,  )<br>                               )<br>           Plaintiff,          )<br>                               )<br> vs.                           )<br>                               )<br> Michael Lacey, et al.,        )<br>                               )<br>           Defendants.         )<br>                               ) | No.  CV-18-00422-PHX-SPL<br><br>**ORDER** |

The Government filed a motion for clarification (the "Motion") regarding the Court's Order (Doc. 345) on the Defendants' cross-motion to obtain discovery and address privilege issues (Doc. 235) (the "Cross-Motion"). (Doc. 355) The Motion was fully briefed on January 4, 2019. (Docs. 409, 427)  The Court's ruling is as follows.

In the Motion, the Government seeks clarification as to whether (i) it can continue to review potentially privileged documents using the filter team process outlined in its earlier pleadings, and (ii) it must run a search of all documents in its possession and segregate the documents that contain any attorney or law firm names. (Doc. 355 at 2)  The Government argues that continuing the filter team review is the most efficient means of moving the discovery process forward. (Doc. 355 at 3)  The Defendants argue that the Court should prohibit the Government from continuing its filter team review because the Court's Order denied the Government's request to access privileged communication. (Doc. 409 at 3)

The Court finds that the Government should be allowed to continue using filter team

review to advance the discovery process.  The Government's motion to resolve attorney client privilege issues specifically sought access to "emails that had been segregated by the filter team," or identified as privileged by the filter team. (Doc. 195 at 10)  The Court's Order denied the Government's request for access to these specific emails that had already been classified as privileged.  The Court finds that filter team review of the Government's remaining unprocessed discovery materials is necessary, and the filter team is the most efficient way to advance the Government's discovery review.  Accordingly, the Court orders that filter team review may continue, but the Government may not have access to any emails or documents that are identified as privileged or segregated by the filter team in accordance with the Court's Order (Doc. 345).

Second, the Motion states that the Government has already performed a search of its discovery materials with more than 265 terms related to attorney representation, and that it has taken necessary steps to segregate the privileged documents flagged through that search. (Doc. 355 at 3)  The Government attached its list of search terms as an exhibit to its reply to the Cross-Motion. (Doc. 269-8)  The Court finds the search described and already performed by the Government to be sufficient to reasonably identify any privileged documents present in its discovery materials.  Specifically, the Court notes that the search terms listed in the exhibit contain approximately all of the attorney and law firm names pertinent to this case.  Therefore, the Defendants' request for the additional search in the Cross-Motion shall be denied.

Accordingly,

**IT IS ORDERED** that Government's Motion for Clarification (Doc. 355) is **granted**.

Dated this 22nd day of January, 2019.

Honorable Steven P. Logan
United States District Judge