ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Michael Lacey, et al.,<br><br>　　　　Defendants. | CR-18-422-PHX-SPL (BSB)<br><br>**UNITED STATES' RESPONSE TO DEFENDANTS' MOTION FOR FURTHER CLARIFICATION (Doc. 452)** |

### Summary of Argument

The Court has ruled that the government may continue using a filter team to advance the discovery process. The government will do so under the protocol previously approved by two magistrate judges in this district. This procedure includes the following steps: (1) potentially-privileged material is segregated by culling out all materials that include certain search terms (*see* Doc. 269 at 16: Doc. 269-8); (2) the filter team reviews all the segregated

materials and ensures that any materials that *may be* privileged remain segregated from the investigative team; (3) before the filter team submits any materials that may be privileged to the Court for an *in camera* determination, the filter team will inform the affected Defendants and defense counsel will have an opportunity to file objections with the Court; and (4) all non-privileged material is turned over to the investigative team.

Defendants' motion for further clarification attempts to place the burden of review back on the Court. Defendants ask this Court to preclude all non-privileged material from being sent to the investigative team until *after* Defendants file objections and the Court reviews the specific non-privileged material. The Court has already rejected this argument. (*See* Doc. 409 at 5; Doc. 445.) The Court should not be burdened by reviewing material that is clearly non-privileged. The government's filter team should be permitted to move forward under the protocol listed above.

**Relevant Procedural History**

Several United States Magistrate Judges in this district have already approved the government's filter team protocol. On July 15, 2016, Judge Burns approved 16-305 MB, *In the Matter of the Search of Information Associated with the Email Address Listed in Attachment A: carl.ferrer@backpage.com*, the government's application for a warrant to search and seize information from Mr. Ferrer's email address: carl.ferrer@backpage.com. The original application contained language in its search procedure that once the information was received, law enforcement personnel not involved in the investigation would review, identify, and copy information related to Backpage.com matters, excluding any emails involving Elizabeth McDougall—Backpage's in house counsel.

On or before October 27, 2016, the government moved to change its protocol for how the filter team would review potentially privileged materials. This request was made to ensure the privileges of the investigations' targets would be protected, while also allowing the investigative team full access to non-privileged and non-protected materials that could be helpful to its investigation. Specifically, the government's revised protocol included the procedure that before submitting any materials to the Court for an *in camera*

review the filter team would confer with counsel for the targets of the investigation so that counsel would have an opportunity to file objections with the Court. On October 27, 2016, Judge Willett approved this revised filter review protocol. (Doc. 195-1; United States' Request to Change the Protocol of the Filter Team Review of Potentially Privileged Materials, attached as Exhibit A.)

In 2018, the government obtained three search warrants that included similar language related to the filter team protocol.[1] All three warrants stated the filter team would review documents for privileges or protections only and would disseminate non-privileged and non-protected documents to the investigative team, for the investigative team to determine what documents constituted evidence of unlawful activity. If the filter team identified any potentially privileged or protected materials, prior to submitting the materials to the Court for an *in camera* review and disclosure to the investigative team, the filter team would confer with counsel for the affected parties, as appropriate, and counsel would have the ability to file objections with the Court. In August 2018, Judge Boyle approved the government's application for all three warrants. (*See, e.g.,* August 31, 2018 Order re 18-8364 MB, attached as Exhibit B.)

## **Argument**

The government's filter team is the "most efficient way to advance the Government's discovery review." (Doc. 445 at 2.) The parties are largely in agreement on how the filter team should work. Defendants' motion for further clarification asks the Court to issue an order pertaining to four requests—three of which are already explicitly or implicitly part of the government's filter team protocol. (Doc. 452.) Specifically, the government will continue to follow the Court's orders (Defendants' first request), will segregate privileged from non-privileged material (Defendants' second request), and will

---

[1] The three warrants were: (1) 18-8364 MB, *In the Matter of the Search of Backpage Related Account Information Stored at a Premises Owned, Controlled, Maintained, or Operated by Datto, Inc.*; (2) 18-8366 MB, *In the Matter of the Search of Five Servers Containing Backpage.com Company Data*; and (3) 18-8365 MB, *In the Matter of the Search of the Electronic Devices of Michael Lacey and James Larkin Seized on April 6, 2018*.

permit Defendants to present objections to this Court when appropriate (Defendants' fourth request). The only remaining dispute is Defendants' third request to have the filter team produce all non-privileged documents to Defendants first, in order to allow Defendants to review and make objections to the Court before the material is disclosed to the investigative team.

This argument represents an attempted end run around the Court's order permitting the government to continue its filter review. Defendants ask this Court to shoulder the burden of reviewing *all* material before any documents are shared with the investigative team. This request would eliminate all efficiencies associated with the filter team, because it would require three separate reviews for every non-privileged document before the investigative team would even have the opportunity to review for relevancy.[2] This process would cause unnecessary delay. The request is also inappropriate because it is contrary to the procedures already approved by two magistrate judges.

The Court should permit the government to move forward with its filter review under the protocol articulated above. This ensures that Defendants will have an opportunity to file objections for any material that could potentially be considered subject to the attorney-client privilege. The filter protocol also permits the discovery process to proceed in the most efficient manner. For these reasons, Defendant's motion for further clarification (Doc. 452) should be denied.

Respectfully submitted this 19th day of February, 2019.

    ELIZABETH A. STRANGE
    First Assistant United States Attorney
    District of Arizona

    *s/ Andrew C. Stone*
    KEVIN M. RAPP
    MARGARET PERLMETER
    PETER S. KOZINETS
    ANDREW C. STONE

---

[2] Defendants are urging that the investigative team not receive any non-privileged documents until (1) the filter team, (2) the affected Defendant(s) and his or her counsel, and (3) the Court, have all had an opportunity to review the material.

| | |
|---|---|
| 1 | JOHN J. KUCERA<br>Assistant U.S. Attorneys |
| 2 | BRIAN BENCZKOWSKI |
| 3 | Assistant Attorney General<br>Criminal Division, U.S. Department of Justice |
| 4 | REGINALD E. JONES |
| 5 | Senior Trial Attorney<br>U.S. Department of Justice, Criminal Division |
| 6 | Child Exploitation and Obscenity Section |

**Certificate of Service**

I hereby certify that on this date, February 19, 2019, I transmitted the foregoing under-seal document for filing to the Clerk of the United States District Court and sent a copy via electronic mail to: Paul J. Cambria Jr. Esq. and Erin e. McCambpell, Esq., Lipsitz Green Scime Cambria, LLC, 42 Deleware Ave, Suite 120, Buffalo, NY 14202, **pcambria@lglaw.com** and **emccampbell@lglaw.com**, Thomas H. Bienert, Jr., Esq., Anthony R. Bisconti, Esq., Kenneth M. Miller, Esq., and Whitney Bernstein, Esq., Bienart, Miller & Katzman, PLC, 903 Calle Amanecer, Suite 350, San Clemente, CA 92673, **tbienert@bmkattorneys.com, tbisconti@bmkattorneys.com, kmiller@bmkattorneys.com, wbernstein@bmkattorneys.com**; Mike Piccarreta, Esq., Piccarreta Davis Keenan Fidel, PC, 2 East Congress Street, Suite 1000, Tucson, AZ 85701, **mlp@pdlaw.com**; Jim Grant Esq., Davis Wright Termaine, LLP, 1201 Third Avenue, Suite 2200, Seattle, WA 98101, **jimgrant@dwt.com**; Michael D. Kimerer, Esq. and Rhonda Elaine Neff, Esq., 1313 E. Osborn Road, Suite 100, Phoenix, AZ 85014, **MDK@kimerer.com** and **rneff@kimerer.com**; Steve Weiss Esq., Karp & Weiss, PC, 3060 North Swan Rd., Tucson, AZ 85712, **sweiss@karpweiss.com;** Robert Corn-Revere Esq., Davis Wright Termaine, LLP, 1919 Pennsylvania Avenue N.W., Suite 800, Washington, D.C., 20006, **bobcornrevere@dwt.com**; Bruce Feder, Esq., 2930 East Camelback Road, Suite 160, Phoenix, AZ 85016, **bf@federlawpa.com**; Gary Linenberg, Esq., Ariel Neuman, Esq., Gopi K. Panchapakesan, Esq., Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C., 1875 Century Park East, 23rd Floor, Los Angeles, CA 90067, **glincenberg@birdmarella.com, aan@birdmarella.com, gkp@birdmarella.com.**

*s/ Angela Schuetta*_____
Angela Schuetta
U.S. Attorney's Office