# EXHIBIT B

1

1

2

3

4

5

6          IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
           IN AND FOR THE COUNTY OF PIERCE
7

8    R.O., by and through her mother,      )
     S.H., and K.M., by and through        )
9    her mother, L.M.,                      )
                                            )
10                    Plaintiffs,           )  No. 17-2-04897-1
                                            )
11      vs.                                 )
                                            )
12   MEDALIST HOLDINGS, INC., et al.        )
                                            )
13                    Defendants.           )

14

15                VERBATIM TRANSCRIPT OF PROCEEDINGS

16

17

18                     **Wednesday, May 23, 2018**
                  Before The Honorable G. Helen Whitener
19                      Pierce County Courthouse
                          Tacoma, Washington
20

                            <<<<<<   >>>>>>
21

22

23

                  Kimberly A. O'Neill, CCR #1954
24                    Official Court Reporter
                    Department 11, Room 202-A
25                        (253) 798-7281


                  R.C. vs. Medalist Holdings, LLC

1      I am going to grant the motion for sanctions.  I believe

2    an adequate record has been made supporting sanctions in

3    this case for a number of reasons, all listed by Plaintiffs,

4    but also the Court looks at what constitutes a bad faith,

5    and there are three ways the Court can look at it.

6      Pre-litigation misconduct:  I'm finding that given the

7    history of the defendants in this case in the multiple cases

8    they've had, not just before this Court -- I have two -- not

9    just in this state but nationally, it is clear to this Court

10   that their conduct was to necessitate delay where there were

11   what appears to be clearly valid claims or rights being

12   asserted by the Plaintiff which, months and years later, is

13   now being disclosed by Mr. Ferrer as seen by his plea and

14   the statements made in those pleadings in the Arizona case

15   which I reviewed.

16     Another one that the Court can consider in regards to bad

17   faith is procedural bad faith and that is vexatious conduct

18   during the course of litigation, wasting private and

19   judicial resources, making claims that, months later, were

20   found to be untruthful.  Many of the statements that I'm not

21   placing into the record can be seen in the pleadings the

22   Court reviewed in camera provided by the Defense which will

23   be placed under seal if there is further review of this

24   matter.

25     And a third factor that can constitute bad faith is

*R.C. vs. Medalist Holdings, LLC*

1    substantive bad faith, and I'm not finding that in this

2    case.

3         I will say, also, supporting my position regarding the

4    pre-litigation misconduct and procedural bad faith were the

5    Court's review of the Interrogatory No. 2 and the Request

6    for Production No. 1.  The various requests for admission

7    were taken into consideration and Exhibit 3, the declaration

8    of Attorney Elizabeth McDougall.

9         I will note that Mr. Ferrer's condition of his plea in

10   March 2018 in Arizona were for overriding conspiracy with a

11   start date of 2004 through March of 2018 during the time

12   period not only when this case was filed but the *J.S.* case,

13   that this Court also had, was filed.

14        Sanctions in the amount of $100,000 for each plaintiff is

15   being ordered.  That needs to be paid within 30 days of

16   today's date.  Failure to comply, the Court will issue

17   sanctions in the amount of one dollar for every page of the

18   1.2 million documents -- and, actually, not page, for the

19   documents.  So, there were 1.2 million documents, one dollar

20   for every document, so that will be $1.2 million for every

21   14 days of noncompliance.

22        Reasonable attorney fees will be allowed and granted,

23   subject, of course, to any objections to the amount.  If not

24   objected to, that needs to be paid within 30 days, as well,

25   of production of the billings.

*R.C. vs. Medalist Holdings, LLC*