1   **feder law office, p.a.**
    2930 e. camelback road, suite 160
2   phoenix, arizona 85016
    (602) 257-0135
3   bf@federlawpa.com
    fl@federlawpa.com
4
    Bruce Feder - State Bar No. 004832
5   Attorney for Defendant, Scott Spear

6                   UNITED STATES DISTRICT COURT

7                       DISTRICT OF ARIZONA

8

9   United States of America,          )   NO. CR18-00422 PHX SMB-003
                                       )
10                                     )
            Plaintiff,                 )   **REPLY TO THE GOVERNMENT'S**
11                                     )   **RESPONSE TO MOTION FOR**
            vs.                        )   **IMMEDIATE DISCOVERY**
12                                     )   **REGARDING THE GOVERNMENT'S**
                                       )   **ABUSE OF GRAND JURY AND**
13  Scott Spear.                       )   **TRIAL SUBPOENAS TO OBTAIN**
                                       )   **DEFENSE LAWYER BANK**
14          Defendant.                 )   **ACCOUNTS AND FOR POTENTIAL**
                                       )   **SANCTIONS**
15  _____

16          The defendant, Scott Spear, by and through his attorneys undersigned, files his Reply

17  re: his Motion For Immediate Discovery Regarding The Government's Abuse Of Grand

18  Jury And Trial Subpoenas To Obtain Defense Lawyer Bank Accounts And For Potential

19  Sanctions [DE 531] and asserts:

20          1.      The government fails to explain its underlying purpose to obtain trust and

21  business bank accounts from the seemingly random lawyers whose accounts were

22  subpoenaed, and the purpose of using grand jury and trial subpoenas for these accounts

23  from 2015 to the present, from not only undersigned counsel, but other defense lawyers

24  (former) representing defendants in the present case, and other lawyers representing

25  defendants in civil and other capacities;

26  .   .   .

                                        1

1     2.      The government fails to explain why a Grand Jury subpoena from the Central

2     District of California was issued for undersigned counsel's trust account in August of 2018

3     after the indictment was initiated in Arizona in 2018;

4     3.      The government fails to explain the reason the records obtained from these

5     subpoenas were not reviewed from approximately August, 2018 to March, 2019;

6     4.      The government fails to explain the reason such records were generally

7     disclosed to the other defense counsel, especially if they had not allegedly been reviewed

8     by the government agents or attorneys;

9     This Reply is based on the attached Memorandum of Points and Authorities, the file

10    in this matter, and such other arguments and evidence as may be presented.

11

12                    **RESPECTFULLY SUBMITTED** this 27th day of May, 2019

13

14                            **FEDER LAW OFFICE, PA**

15                            /s/ Bruce Feder_____
                              Attorney for Scott Spear
16

17

18                    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

19    In its response to the present motion, the government fails to explain in any fashion

20    why numerous lawyers from around the United States who have represented defendants in

21    the present criminal case and in other capacities had their business and trust accounts

22    subpoenaed.    It asserts that different lawyers had their accounts seized, but does not

23    explain why the lawyers identified in the present Motion had their records subpoenaed. The

24    government asserts in its Response that it's time of interest was 2017 – 2018, but fails to

25    explain why the trial subpoena issued by government counsel for the undersigned attorney's

26    IOLTA account sought records from 2015 to the present (2018).    There is also no

explanation as to why a Grand Jury subpoena was issued in the Central District of California in August of 2018 when the present defendants had been indicted in Arizona in April 2018.

The government also fails to explain why, if it was inquiring into fees paid, the records subpoenaed from the relevant lawyers were not reviewed, discussed with government counsel, or in any other way considered from August 2018 to March 2019. Interrelated, the government further fails to explain why such records, having not been apparently reviewed or considered previously, were then dumped in a March 2019 disclosure to all defense counsel in the present case. In short, the government's explanations do not pass a common sense and logical standard, even if such actions were isolated from all of the other improper actions taken by the government to date.

These other improper actions are the subjects of other motions, but several seem relevant to the present case:

1.      Wholesale seizure of defendants' assets using the Central District of California instead of the location of the indicting Grand Jury in Arizona, with the unsupportable assertion that all Backpage income is criminal proceeds;

2.      The use of a probable cause standard in sworn affidavits filed in the Central District of California to seize assets, and, inferentially, the same probable cause standard used before the Grand Jury in Arizona, where there is clear, long-standing Supreme Court and other appellate case law requiring a higher standard of proof in First Amendment cases;

3.      Seizure and threatened seizure of attorneys' fees in the Central District of California reasserting the same improper probable cause standard and theory of liability in additional sworn affidavits;

4.      Massive      seizures      and      then      the      disassembly      of      Backpage computers/networks/servers that are then disclosed in piecemeal masses of disclosures without discernible indexes, and other interferences with the defendants' ability to review discovery and prepare a defense.

1     These actions do not denote inadvertent, unsupervised seizure and indictment

2 activity by the government, but a purposeful intention to deprive the defendants of their

3 ability to fund and retain their counsel of choice, and preserve their right to a fair trial. This

4 Court should determine the need for further disclosures and set an evidentiary hearing with

5 testimony from the government agents and attorneys responsible for the issuance of these

6 subpoenas against this factual backdrop.

7     A Grand Jury subpoena may not be issued for the sole or dominant purpose of

8 collecting additional evidence for a pending federal criminal case. *United States v. Leung*,

9 40 F.3d 577, 581 (2nd Cir. 1994); *United States v. Badger*, 983 F.2d 1443, 1459(7th Cir.

10 1993). Although Grand Jury investigations may be conducted using both search warrants

11 and subpoenas, the "presence of substantial government misconduct and unlawful seizure

12 of evidence ... Is quite properly taken into account when determining whether a subpoena

13 is unreasonable." *See*, *United States v. Comprehensive Drug Testing, Inc.*, 579 F.3d 989,

14 1003 (9th Cir. 2009). In a comparable factual circumstance involving a case where

15 substantial electronic evidence was seized by the government and not reviewed, but

16 involving a search warrant as opposed to improperly issued Grand Jury and trial subpoenas,

17 the Eastern District of New York District Court judge suppressed the evidence strictly

18 because of the delay in reviewing the documents. *United States v. Metter*, 860 F.Supp.

19 205 (E.D.N.Y. 2012).

20     In the present case, it is unclear what, if any, Grand Jury was impaneled in the Central

21 District of California in order to issue Grand Jury subpoenas for the trust account of the

22 undersigned's defense lawyer representing a defendant in an Arizona indictment. Other

23 Grand Jury subpoenas were also issued in California for, on information and belief, bank

24 accounts of a former defense lawyer for defendant James Larkin, a now former criminal

25 defense lawyer for defendant Andrew Padilla, a longtime consulting Arizona lawyer for the

26

1   defendants, and several other lawyers who have in the past represented the defendants or

2   their former business in civil issues in other parts of the United States.

3          Undersigned counsel needs to know, and his client is entitled to know, whether his

4   lawyer's trust account, subpoenaed with both a Central District of California Grand Jury

5   subpoena and an Arizona trial subpoena for records from 2015 to 2018 occurred for some

6   proper or improper purpose and whether or not said counsel needs to take additional ethical

7   or legal actions to protect his client's concerns.

8          All of the defendants in the present case are entitled to know what justification exists

9   for using Grand Jury subpoenas issued in later 2018 in the Central District of California to

10  obtain various lawyers trust accounts, notwithstanding a criminal indictment initiated in

11  Arizona in April, 2018.    The defendants are also entitled to know what the purpose was in

12  disclosing these documents to all of the defendants, notwithstanding their private nature and

13  presumed irrelevance as discovery in the present criminal case

14

15                 **DATED** this 27th day of May, 2019.

16                 **FEDER LAW OFFICE, PA**

17

18                 /s/ Bruce Feder
                   Attorney for Scott Spear

19

20

21

22

23

24

25

26

                                          5

1

**CERTIFICATE OF SERVICE**

2

3  I hereby certify that on the 27th day of May, 2019, I electronically transmitted the foregoing to the Clerk of the Court via the CM/ECF system for filing and transmittal of a

4  Notice of Electronic Filing to the following CM/ECF registrants:

5  **Kevin Rapp:**    Kevin.Rapp@usdoj.gov

6  **Andrew Stone:**    Andrew.Stone@usdoj.gov
   **Margaret Perlmeter:**    Margaret.Perlmeter@usdoj.gov

7  **John Kucera:**    John.Kucera@usdoj.gov

8  **Reginald Jones:**    Reginald.Jones@usdoj.gov
   **Peter S. Kozinets:**    Peter.Kozinets@usdoj.gov

9  *Attorneys for the United States*

10  **Paul Cambria:**    pcambira@lglaw.com

11  **James Grant:**    jimgrant@dwt.com
    **Erin McCampbell:**    emccampbell@lglaw.com

12  **Robert Corn-Revere:** bobcornrevere@dwt.com

13  **Ronald London:**    ronnielondon@dwt.com
    **Janey Henze Cook:**    janey@henzecookemurphy.com

14  **John Littrell:**    jlittrell@bmkattorneys.com

15  **Kenneth Miller:**    kmiller@bmkattorneys.com
    **Michael Piccarreta:** mlp@pd-law.com

16  **Stephen M. Weiss:**    sweiss@karpweiss.com
    **Michael Kimerer:**    mdk@kimerer.com

17  **Tom Bienert:**    tbienert@bmkattorneys.com

18  **Gary Lincenberg:**    gsl@birdmarella.com
    **Ariel Neuman:**    aneuman@birdmarella.com

19  *Attorneys for the Defense*

20

21  *By: /s/ A. Jones*

22

23

24

25

26

6