**feder law office, p.a.**
2930 e. camelback road, suite 160
phoenix, arizona 85016
(602) 257-0135
bf@federlawpa.com
fl@federlawpa.com
Bruce Feder - State Bar No. 004832
Attorney for Defendant, Scott Spear

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | NO. CR18-00422 PHX SMB-003 |
| Plaintiff, | ) | |
| vs. | ) | **MOTION FOR BILL OF PARTICULARS** |
| Scott Spear, | ) | |
| Defendant. | ) | *(Oral Argument Requested)* |

Defendant, Scott Spear, by and through his counsel undersigned, and pursuant to Rule 7(f), Fed. R. Crim. P., respectfully requests that this Court enter an order requiring the government to issue a Bill of Particulars providing the information set forth below. This motion is based on the attached Memorandum, the files and records in this case, evidence and argument to be advanced at a hearing in this matter, and upon such other materials which the Court may take notice.

Specifically, Mr. Spear requests that the Court order the government to provide a Bill of Particulars that sets forth with specificity the following information:

1. The names of all alleged known, but unidentified, co-conspirators in Counts 1 and 52 of the Superseding Indictment.

2. The precise nature of the "specified unlawful activity" alleged in Counts 53-100 of the Superseding Indictment.

1

3. The exact nexus between the Travel Act violations alleged in Counts 1051 of the Superseding Indictment and the property listed in forfeiture Allegation No. 1.

4. The exact nexus between the alleged money laundering violations in Counts 52-100 of the Superseding Indictment and the property listed in Forfeiture Allegation No. 2.

It is expected that excludable delay under Title 18 U.S.C. §3161(h)(1)(F) may occur as a result of this motion or from an order based thereon.

RESPECTFULLY SUBMITTED this 18th day of October, 2019.

**FEDER LAW OFFICE, P.A.**

/s/ Bruce Feder
Attorney for Defendant, Scott Spear

**MEMORANDUM**

## I.   **FACTS:**

Scott Spear is charged with one count of Conspiracy to Commit Travel Act violations (Count 1) and 50 counts of substantive Travel Act charges.   *See* 18 U.S.C. § 1952(a)(3)(A). It is alleged that Spear and others with intent to "otherwise promote, manage, establish, carry on, and facilitate the promotion of unlawful activity" published ads for prostitutes through facilities of interstate commerce.   The specific illegal activity alleged is "prostitution offenses in violation of the laws of the state in which they are committed and of the United States, including, but not limited to Title 13, Arizona Revised Statute, Section 13-3214. . . ." See ¶163.

In addition, Spear is charged with Conspiracy to Commit Money Laundering (Count 51) and 25 substantive counts of Money Laundering.   These include, Concealment Money Laundering in violation of 18 U.S.C. §1956(a)(1)(B)(i) (Counts 53-62), International Promotional Money Laundering in violation of 18 U.S.C. §1956(a)(2)(A) (Counts 63-68), and Transactional Money Laundering in violation of 18 U.S.C. 1957(a) (Counts 69-78, 85, 93).

1    Two Forfeiture Allegations listing hundreds of accounts and property are included in the

2    Indictment related to the Travel Act and Money Laundering charges, respectively.

3            While the Superseding Indictment contains numerous factual allegations concerning

4    the operation of the website www.backpage.com ("Backpage") by the named defendants,

5    there are several places where insufficient information is provided for the defendant to prepare

6    a defense.   These include: allegations in the conspiracy counts (Counts 1 and 52) that the

7    defendants conspired with "others known and unknown to the grand jury;" the precise nature

8    of the "specified unlawful activity" alleged in the Money Laundering counts; the exact nexus

9    between the alleged Travel Act violations in Counts 1-51 and the property listed in Forfeiture

10   Allegation No. 1; and the exact nexus between the alleged Money Laundering violation in

11   Counts 52-100 and the property listed in Forfeiture Allegation No. 2.   Defendant Spear seeks

12   a Bill of Particulars to require the government to provide this information.

13   **II.      ARGUMENT.**

14           Rule 7(f), Fed. R. Crim. P., provides that "the court may direct the government to file a

15   bill of particulars."   A bill of particulars "serves to inform the defendant of the nature of the

16   charge against him with sufficient precision to enable him to prepare for trial, to avoid or

17   minimize danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar

18   of another prosecution for the same offense when the indictment is too vague and indefinite."

19   United States v. Hernandez, 299 F.3d 984, 989-90 (8th Cir. 2002).   *See also* United States v.

20   Long, 706 F.2d 1044, 1054 (9th Cir. 1983); United States v. Mitchell, 744 F.2d 701, 705 (9th Cir.

21   1984).   The decision to require a bill of particulars is within a trial court's discretion, which is

22   broad under the circumstances.   Long, 706 F.2d at 1054; Will v. United States, 389 U.S. 90, 99

23   (1967).

24           Additionally, if the government intends to assert the admissibility of co-conspirator

25   statements, knowledge of the names of the alleged co-conspirator also allows the defendant to

26   prepare for such allegations and evidence.   The Ninth Circuit has held that when deciding

1   whether to order a bill of particulars "a court should consider whether the defendant has been

2   advised adequately of the charges through the indictment and all other disclosures made by the

3   government."   Long, 706 F.2d at 1054.   Production of a large volume of discovery, however,

4   cannot cure the lack of specificity in the indictment and sometimes make a bill of particulars

5   even more necessary.   United States v. Bortnovsky, 820 F.2d 572, 575 (2d Cir. 1987)

6   ("providing mountain of documents to defense counsel" when the indictment contained general

7   allegations impermissibly shifted the burden of proof to the defendant, necessitating a bill of

8   particulars.).   However, "[a] defendant is not entitled to know all the 'evidence the government

9   intends to produce.'"

10       The need for a bill of particulars in the present case is especially pronounced given the

11  magnitude of the discovery and the complexity of the case.   Bills of particulars are granted in

12  cases where the generally more vague conspiracy and substantive charges are alleged, where the

13  period of the alleged conspiracy spanned numerous years, where there is substantial amount of

14  documents, and where witnesses and events occurred in multiple states and overseas.   *See*,

15  United States v. Nachamie, 91 F.Supp. 2d 565, 571-72 (S.D.N.Y. 2000) (granting bill of

16  particulars where government had produced 200,000 documents related to 2,000 Medicare

17  claims but had not told the defendants which claims were alleged to be false); United States v.

18  King, 1995 WL 146252, 1 (S.D.N.Y. 1995) ("A defendant being presumed innocent it must be

19  assumed that he is ignorant of the facts in which the pleader founds his charges") (quoting

20  United States v. Smith, 16 F.R.D. 372, 375 (W.D. Mo. 1954)).

21

22       **A.**     **A Bill of Particulars is the Appropriate Vehicle for Identifying
Alleged Co-conspirators Known to the Grand Jury.**

23

24       In this case, the grand jury has alleged in the indictment that defendant Spear conspired

25  with the other named defendants "and others known and unknown to the grand jury…." (*See*

26  §196).   As the Second Circuit has noted, when the indictment uses such general phrases to

1   identify the alleged perpetrators or alleged accomplices, it is "simply unrealistic" to think that

2   a defendant preparing to meet the indictment's express allegations has a fair opportunity to

3   defend against other alleged participants not made known until trial.   United States v.

4   Davidoff, 845 F.2d 1151, 1154 (2d Cir. 1988) (reversing conviction because defendant

5   prejudiced by denial of bill of particulars identifying all victims and companies involved in

6   alleged extortion scheme.).

7          Defendant Spear seeks identification of those other alleged co-conspirators known

8   to the grand jury.   In United States v. Palfrey, 499 F.Supp. 2d 34 (D.D.C. 2007), the

9   defendants were charged with violating three federal statutes through the operation of a

10  business allegedly offering prostitution services to clients in the District of Columbia,

11  Maryland and Virginia.   The indictment included counts of Travel Act violations under 18

12  U.S.C. §1952 and Money Laundering charges.   The defendant sought a bill of particulars to

13  identify "the individuals with whom defendant conspired in the money laundering charge"

14  who were known to the grand jury but not identified.   Id. at 52.   In granting this request,

15  the district court stated as follows:

16          As defendant correctly points out, however, disclosure of the
            names of alleged co-conspirators is not uncommon in
17          conspiracy cases and particularly in cases alleging non-
            violent offenses brought in this jurisdiction.   See, e.g., Id.
18          at 91.   Ramirez, 54 F.Supp. 2d at 30.   Significantly, the
            government has identified no prejudice to its cases that
19          would be caused by such disclosure.
20
21  Id. at 52.

22          Disclosure of alleged unindicted co-conspirators in Counts 1 and 52 of the indictment

23  is clearly necessary for the defendant to properly prepare for trial.   As the court has indicated

24  in Davidoff, supra, it was far too late for the defendant to have to respond at trial to surprise

25  assertions by the government concerning names of co-conspirators.   Indeed, should the

26  government seek to admit statements of alleged co-conspirators under F.R.E. 801(d)(2)(E),

5

1   the defendant will be totally unprepared to respond to such an assertion.   Therefore, a bill of

2   particulars is appropriate as in <u>Palfrey</u> to identify the alleged co-conspirators known to the

3   grand jury but not identified.

4

5            **B.**      **<u>A Bill of Particulars is Necessary to Identify the Precise Nature</u>**
                          **<u>of the "Specified Unlawful Activity" Alleged in the Money</u>**

6                          **<u>Laundering Counts of the Superseding Indictment.</u>**

7

8       The Money Laundering charges in Counts 53-100 of the Superseding Indictment

9   allege that the named defendants conducted and attempted to conduct various financial

10  transactions involving proceeds of "specified unlawful activity".   The money laundering

11  statute defines "specified unlawful activity" to include numerous Federal statutes.   18 U.S.C.

12  §1956(c)(7).   However, the indictment fails to identify the nature of the "specified unlawful

13  activity" alleged in <u>this</u> case.   While the "factual allegations" of the Indictment are re-alleged

14  in each Money Laundering count, no criminal violations are specified.   The defendants are

15  left to guess the Federal statute allegedly violated and how it was violated.

16       In <u>United States v. Trumpower</u>, 546 F. Supp. 2d 849 (E.D. Cal. 2008), the district

17  court was faced with a similar situation.   The defendant was indicted for two counts of

18  money laundering.   While the indictment alleged that the criminal proceeds allegedly

19  laundered derived from a fraudulent scheme involving mail and wire fraud, there were no mail

20  or wire fraud charges.   The indictment included a factual background describing a fraudulent

21  scheme but only in "generic terms."   The court found that a defense to these charges "cannot

22  be marshaled unless the defendant knows both the statute allegedly violated and the conduct

23  which allegedly violates the statute." <u>Id</u>. at 852.   The court ordered a bill of particulars to

24  include:

25

26           …(1) the circumstances of the crime or crimes from which
              the laundered money was derived, including how and when

1
2
3
4
> those crimes were accomplished; (2) in the case of mail or wire fraud, the particular false material representations and particular mailings or wire transactions; (3) who committed the crimes; (4) who were the victims of the crimes; and (5) in Count Two, how the allegedly laundered money can be identified as the proceeds of criminal conduct to the extend that it was ever commingled with legitimately derived funds.

5    Id.

6       Similarly, in this case the defendants cannot prepare a defense without knowing the

7    statute allegedly violated and the conduct which allegedly violated that statute.   It may be

8    the alleged Travel Act violations or something else.   The defendants are left to guess.   In

9    those circumstances the court must order a bill of particulars requiring the government to

10   produce the precise nature of the "specified unlawful activity" in Counts 53-100.   This

11   should include: (1) the circumstances of the crime or crimes from which the laundered funds

12   were derived, including how and when they occurred; (2) who committed the crimes and

13   affirming they were the Travel Act violations alleged in Counts 1-51, the particular

14   involvement of each defendant in the acts alleged; (3) any alleged victims of these crimes;

15   and (4) how the allegedly laundered funds can be identified as proceeds of criminal conduct.

16

17
18   **C.      The Defendants Are Entitled to a Bill of Particulars Identifying the Nexus Between Alleged Travel Act Violations and Money Laundering Charges and the Property and Accounts Listed in the Forfeiture Allegations.**

19

20      In Palfrey, supra, the defendants were also advised in the indictment of the

21   government's intent to forfeit property allegedly derived from proceeds obtained from the

22   unlawful activity.   The defendant sought a bill of particulars "the nexus" between the alleged

23   offenses and the property sought in the forfeiture allegations.   Palfrey, supra, 499 F.Supp. 2d

24   at 51.

25      The district court granted this request and ordered the government to provide the

26   information requested to include "details regarding the nexus between the property sought in

7

1    the Indictment's forfeiture allegations and the alleged RICO and money laundering

2    violations."   Id. At 52.   The Court stated as follows:

3

4              Moreover, additional information regarding the property
               sought in the Indictment's forfeiture allegations, as well as
5              the "proceeds" allegedly used in the furtherance of the
               enterprise is necessary to enable defendant to conduct her
6              investigation and trial preparation with sufficient direction.
               *See* United States v. Rogers, 617 F. Supp. 1024, 1030 (D.
7              Col. 1985).   The Indictment alleges an enterprise that
               existed for over 13 years and generated over two million
8              dollars in income.   Defendant should not have to waste
               precious pretrial preparation time guessing what data among
9              her 13 years of financial information will be relevant to her
               defense.   See United States v. Trie, 21 F.Supp. 2d 721
10             (D.D.C. 1998).

11

12   Id.

13        In this case, the government has similarly alleged that various properties should be

14   forfeited based on convictions of the Travel Act violation in Counts 1-51 and the Money

15   Laundering violations in Counts 53-100.   *See* Forfeiture Allegations 1 and 2.   Indeed, the

16   government has included nearly 30 pages listing hundreds of properties and accounts which

17   it claims are subject to forfeiture.   However, other than some vague general allegations that

18   "virtually all" of Backpage's earnings "represented the proceeds of illegal activity," *See* ¶ 15

19   on p. 5, the government has failed to provide any nexus between the alleged properties and

20   accounts listed and the alleged criminal activity.   A bill of particulars is the appropriate

21   vehicle for having the government provide this information to the defendant so that time is

22   not wasted guessing what financial data will be relevant to this case.   Indeed, the allegations

23   in this case even go beyond those of Palfrey in that the government claims that the alleged

24   conspiracy lasted over 14 years and earned over five hundred million dollars in revenue.

25   (*See* ¶ 1 on p. 2).   Without a bill of particulars identifying the nexus between the properties

26   and accounts and the alleged criminal violations, the defense will be unable to adequately

1    prepare for trial.

2

3    **III.**    **CONCLUSION.**

4        For the reasons stated, the defendant respectfully requests that the Court

5    order a bill of particulars as requested.

6

7        RESPECTFULLY SUBMITTED this 18th day of October, 2019.

8                                **FEDER LAW OFFICE, P.A.**

9

10                              /s/ Bruce Feder
                                Attorney for Defendant, Scott Spear
11

12                          **CERTIFICATE OF SERVICE**

13

14        I hereby certify that on the 18th day of October, 2019, I electronically transmitted the
     foregoing to the Clerk of the Court via the CM/ECF system for filing and transmittal of a
15    Notice of Electronic Filing to the following CM/ECF registrants:

16    **Kevin Rapp:**    Kevin.Rapp@usdoj.gov
      **Andrew Stone:**    Andrew.Stone@usdoj.gov
17    **Margaret Perlmeter:**    Margaret.Perlmeter@usdoj.gov
18    **John Kucera:**    John.Kucera@usdoj.gov
      **Reginald Jones:**    Reginald.Jones@usdoj.gov
19    **Peter S. Kozinets:**    Peter.Kozinets@usdoj.gov
      *Attorneys for the United States*
20

21    **Anne Michelle Chapman,** anne@mscclaw.com

22    **Erin E. McCampbell,** emccampbell@lglaw.com

      **Anthony R. Bisconti,** tbisconti@bienertkatzman.com
23    **Ariel A. Neuman,** aan@birdmarella.com

24    **James C. Grant,** jimgrant@dwt.com

25    **Lee David Stein,** lee@mscclaw.com

      **Paul J. Cambria,** pcambria@lglaw.com
26    **Robert Corn-Revere,** bobcornever@dwt.com

1   **Ronald Gary London,** ronnielondon@dwt.com

**Janey Henze Cook,** janey@henzecookmurphy.com

2   **John Lewis Littrell,** jlittrell@bmkattorneys.com

3   **Seetha Ramachandran,** Seetha.Ramachandran@srz.com

4   **Thomas H. Bienert,** Jr. tbienert@bienertkatzman.com

**Whitney Z. Bernstein,** wbernstein@bienertkatzman.com

5   **Gary S. Lincenberg,** glincenberg@birdmarella.com

6   **Gopi K. Panchapakesan,** gpanchapakesan@birdmarella.com

7   **Michael D. Kimerer,** mdk@kimerer.com

**Rhonda Elaine Neff,** rneff@kimerer.com

8   **David S. Eisenberg,** david@deisenbergplc.com

9   **Joy Malby Bertrand,** Joy.Bertrand@gmail.com

10

11
      By: /s/   A. Jones

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26