IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00422-003-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Scott Spear, | |
| Defendant. | |

Pending before the Court is Defendant Spear's Motion for Bill of Particulars. (Doc. 781, "Mot." or "Motion".) Fellow defendants James Larkin, (Doc. 790), and Michael Lacey, (Doc. 791), join the motion. The Government responded, (Doc. 807, "Resp."), but Defendants filed no reply. The Court denies the Motion.

**I.    LEGAL STANDARD**

Rule 7(f) permits a defendant to move for a "bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). Typically, "[a] motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). The purposes of a bill of particulars are threefold: (1) to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, (2) to avoid or minimize the danger of surprise at the time of trial, (3) and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes. *United*

*States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (quoting *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976)). "Full discovery will obviate the need for a bill of particulars." *Long*, 706 F.2d at 1054. A defendant, however, "is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) (emphasis in original).

## II. DISCUSSION

### a. Denial as Untimely

Defendant's motion is untimely. He did not seek, nor did the Court grant, leave to file a motion for bill of eighteen months after his April 2018 arraignment on the charges set out in the Superseding Indictment. *Cf.* Fed. R. Crim. P. 7(f) (establishing a defendant must seek a court's leave if seeking production of a bill of particulars more than fourteen days post-arraignment). Thus, the Court properly denies Defendant's untimely motion. *See United States v. Galecki*, No. 2:15-cr-00285-APG-PAL, 2018 WL 2390062, *5 (D. Nev. May 24, 2018).

### b. Defendant's Requests

Even if timely, the Motion fails on the merits. Defendant seeks disclosure of four categories of information: (1) the names of all alleged known, but unidentified, co-conspirators in Counts 1 and 52 of the Superseding Indictment; (2) the precise nature of the "specified unlawful activity" alleged in Counts 53-100 of the Superseding Indictment; (3) the exact nexus between the Travel Act violations alleged in Counts 1–51 of the Superseding Indictment and the property listed in forfeiture Allegation No. 1; and (4) the exact nexus between the alleged money laundering violations in Counts 52–100 of the Superseding Indictment and the property listed in Forfeiture Allegation No. 2. (Doc. 788.)

Responding to Defendant's first request, the Government cites two cases for the proposition that "(t)he Ninth Circuit has expressly held that a bill of particulars is not warranted to obtain the names of any known co-conspirators."[1] (Resp. at 4 (citing *United*

---

[1] Although Defendant's position is ultimately unpersuasive, the Ninth Circuit's holding in *DiCesare* is more nuanced than the Government represents. Both Government's cases rely on *Wilkins v. United States*, 376 F.2d 552 (5th Cir. 1967). *See DiCesare*, 765 F.2d at 897-98 (citing *Wilkins* rejection of a bill of particulars seeking disclosure of the names of all

- 2 -

*States v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985) and *United States v. Ellis*, 121 F.Supp.3d 927, 940 (N.D. Cal. 2015))). Both *DiCesare* and *Ellis* rejected requests to identify co-conspirators unknown to a defendant but known by the government. The Government maintains Defendant's current knowledge is sufficient. (Resp. at 4.) That is, the Government contends that Defendant is aware of certain co-conspirators—his co-defendants and Mr. Ferrer—but stops short of confirming that no other co-conspirators known to the Government and unknown to Defendant exist. (*See id.*) This position is supported by the detailed nature of the 100-count Superseding Indictment and extensive discovery production in this case. *Cf. DiCesare*, 765 F.2d at 897 (refusing a request to disclose names of unknown co-conspirators because "[a] bill of particulars is appropriate when the indictment is insufficient to permit the preparation of an adequate defense") (citing Fed. R. Crim. P. 7(f) and *United States v. Inryco, Inc.*, 642 F.2d 290, 295 (9th Cir. 1981), *cert dismissed*, 454 U.S. 1167, 102 S.Ct. 1045, 71 L.Ed.2d 324 (1982)). Defendant points to *United States v. Palfrey*, 499 F. Supp. 2d 34 (D.D.C. 2007). But *Palfrey*'s acknowledgment that disclosure of unknown co-conspirators is not uncommon to conspiracy cases when the government does not claim prejudice is explicitly jurisdictionally cabined.[2] *Palfrey*, 499 F.Supp.2d at 52 (finding "disclosure of the names of alleged co-conspirators is not uncommon . . . particularly in cases alleging nonviolent offense, *brought in this jurisdiction*") (emphasis added). Regardless, in both jurisdictions, a bill of particulars is not warranted when an indictment, like the SI here, is sufficiently detailed to allow a defendant to understand the charges and prepare a defense. *See id.* at 51; *see also United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984) ("The purposes of a bill of particulars are to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense.") (internal

---

co-conspirators); *Ellis*, 121 F.Supp.3d at 940 (citing *DiCesare*)). The *Wilkins* court took a holistic view in reviewing defendants' conviction for reversible error. *Wilkins*, 376 F.2d at 562-63. There, not only did the parties make no effort to prove the names of other conspirators at trial, prior to trial the government "stipulated that there were no other known conspirators." *Id.* Thus, the court found no reversible error because the indictment was sufficient to permit the preparation of an adequate defense.

[2] As in *Palfrey*, the Government here identifies no prejudice likely caused by Defendant's requested disclosure.

- 3 -

citations omitted). Accordingly, Defendant's first request is also properly denied on the merits.

The Court echoes the Government's confusion with Defendant's second request. The Superseding Indictment describes the specific, detailed allegations of Travel Act violations and related money laundering counts ad nauseum. (*See generally* Doc. 232, "SI".) Contrary to Defendant's representation, a simple reading of the Superseding Indictment leaves no room for Defendant to "guess" at the unlawful activity underpinning the money laundering charges. Defendant's reliance on *United States v. Trumpower*, 546 F.Supp.2d 849 (E.D. Cal. 2008) is also misplaced. The *Trumpower* defendant only faced two money laundering charges and no other related offenses. *Trumpower*, 546 F.Supp.2d at 851-52. Where an indictment provides little information of the unlawful activity relating to separate money laundering charges a bill of particulars may be appropriate. That is not the case here and Defendant's request is denied.

Defendant's third and fourth request seek specific information concerning the nexus between the criminal charges and the property listed in the forfeiture allegations.[3] The Court agrees that a bill of particulars is appropriate when no other information is available other than the forfeiture allegations. Again, that logic does not apply here. The Court is satisfied by the Government's inclusion of the 88-page verified forfeiture complaint filed in United States District Court for the Central District of California, (Doc. 807-1), which outlines the requested nexus. The Court finds the attachment provides Defendant sufficient information to prepare for trial. Lacking a reply, the Court infers that Defendant agrees.

///
///
///
///

---

[3] Defendant again cites *United States v. Palfrey*, 499 F.Supp.2d 34 (D.D.C. 2007) for support.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** DENYING Defendant Spear's Motion for Bill of Particulars (Doc. 781).

Dated this 6th day of February 2020.

_____
Honorable Susan M. Brnovich
United States District Judge