1    MICHAEL BAILEY
     United States Attorney
2    District of Arizona

3    KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
     MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
4    PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
     ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
5    Assistant U.S. Attorneys
     40 N. Central Avenue, Suite 1800
6    Phoenix, Arizona 85004-4408
     Telephone (602) 514-7500

7    JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
     Special Assistant U.S. Attorney
8    312 N. Spring Street, Suite 1200
     Los Angeles, CA 90012
9    Telephone (213) 894-3391

10   BRIAN BENCZKOWSKI
     Assistant Attorney General
11   Criminal Division, U.S. Department of Justice

12   REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
     Senior Trial Attorney, U.S. Department of Justice
13   Child Exploitation and Obscenity Section
     950 Pennsylvania Ave N.W., Room 2116
14   Washington, D.C. 20530
     Telephone (202) 616-2807
15   Attorneys for Plaintiff

16                IN THE UNITED STATES DISTRICT COURT

17                     FOR THE DISTRICT OF ARIZONA

18

19   United States of America,                    No. CR-18-00422-PHX-SMB

20                   Plaintiff,            **RESPONSE TO DEFENDANTS'
                                           MOTION IN LIMINE TO PRECLUDE
21          v.                             PRESENTATION OF CERTAIN
                                           EVIDENCE (DOC. 908)**
22   Michael Lacey, et al.,

23                   Defendants.

24

25

26                          **INTRODUCTION**

27          Defendants have moved *in limine* seeking to prevent the government from

28   presenting evidence related the following: (1) child sex trafficking or sex trafficking; (2)

                                      - 1 -

1    third-party criminal conduct other than prostitution; (3) a third-party's Travel Act

2    conviction from 1987; (4) prostitution ads from printed publications; and (5) certain

3    testimony of the victims.   (Doc. 908.)   Defendants broadly argue such evidence is

4    irrelevant, unduly prejudicial or confusing under Fed. R. Evid. 401 and 403.

5         The third and fourth requests identified above can be set aside here, because the

6    government does not intend to introduce ads from print publications or a Travel Act

7    conviction from 1987.  The first and fifth requests involve overlapping evidence, and as

8    explained below that evidence is relevant to proving knowledge and intent for the Travel

9    Act violations (SI Counts 2-51).  The second request is similarly relevant.  A deeper look

10   at the evidence reveals that what Defendants have coined as "third-party criminal conduct

11   other than prostitution" refers to homicides resulting from Backpage sex-for-hire ads—

12   evidence that is likewise highly relevant here.  For these and other reasons, the instant

13   motion *in limine* should be denied.

14                                    **ARGUMENT**

15   **I.      Fed. R. Evid. 401 and 403 are Rules of Inclusion Not Exclusion**

16        Defendants move to limit the government's presentation of evidence based strictly

17   on Rules 401 and 403.  Defendants argue the evidence is not relevant if it does not directly

18   prove an element of a charged offense.  But the bar for relevance is low.  *See, e.g., United*

19   *States v. Whittemore*, 944 F. Supp. 2d 1003, 1006 (D. Nev. 2013) (low bar for evidence to

20   be considered relevant under Fed. R. Evid. 401). Jurors are allowed to see and hear even

21   marginally-relevant evidence because we trust them to weigh the evidence appropriately.

22   *United States v. Hitt*, 981 F.2d 422 (9th Cir. 1992).  And witness testimony is not limited

23   to the ultimate issues or elements in a case.  *Old Chief v. United States*, 519 U.S. 172, 179

24   (1997) (a fact of consequence can be any step along a path of inference that leads to an

25   "ultimate fact"). Here, many of the witnesses called by the government will provide a link

26   in the chain of proof against Defendants. *United States v. Causey*, 748 F.3d 310, 316 (7th

27   Cir. 2014) ("To be relevant, evidence need not conclusively decide the issue in the case,

28   nor make the proposition appear more probable, but it must in some degree advance the

1    inquiry.").

2         Under Rule 403, exclusion of evidence in a criminal prosecution is "an

3    extraordinary remedy to be used sparingly." *United States v. Mende*, 43 F.3d 1298, 1302

4    (9th Cir. 1995). "[T]he danger of [unfair] prejudice must not merely outweigh the

5    probative value of the evidence, but substantially outweigh it." *Id.* "[A]pplication of Rule

6    403 must be cautious and sparing" because the Rule's "major function is limited to

7    excluding matter of scant or cumulative probative force, dragged in by the heels for the

8    sake of its prejudicial effect." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir.

9    2000) (quoting *United States v. Mills*, 704 F.2d 1553, 1559 (11th Cir. 1983)).

10   **II.    All Evidence Tending to Show Knowledge and Intent of Defendants to**

11           **Facilitate Prostitution is Relevant and Admissible.**

12        A core issue at trial will be whether Defendants possessed the specific intent to

13   violate the Travel Act, namely, whether they knew postings on the adult section of

14   www.Backpage.com were almost exclusively prostitution ads, and whether they intended

15   to promote or facilitate the unlawful activity. The Ninth Circuit Model Jury Instructions

16   for conspiracy requires proof that the defendant became a member of the conspiracy

17   *knowing* of at least one of its objectives and *intending* to help accomplish it. Ninth Circuit

18   Model Jury Instruction Section 8.20. Similarly, the Travel Act requires proof that the

19   defendant had *the intent* to [promote, manage, establish, or carry to] [facilitate the

20   promotion, management, establishment, or carrying on of] [specified unlawful activity].

21   Ninth Circuit Model Jury Instruction Section 8.144. To date, Defendants have maintained

22   the government has not set forth evidence sufficient to convict them of any crimes. Much

23   of the evidence Defendants seek to preclude, however, proves or is a link in the chain of

24   proof that they were well aware that virtually all of the ads placed on the website were for

25   prostitution and further that they facilitated this unlawful activity.

26        A.    Evidence of Prostitution (Including Underage Prostitution) Advertised on

27              Backpage Is Relevant and Admissible

28        Defendants claim to be unaware that the majority of Backpage's postings were

1    prostitution ads and deny having the intent to facilitate and promote unlawful activity for

2    financial gain.  The evidence the government seeks to admit disproves those claims.  The

3    probative value of this evidence is not substantially outweighed by the danger of unfair

4    prejudice and the evidence should be admitted.

5           While different states and municipalities may have their own criminal statutes

6    defining prostitution, it is undisputed that the general understanding is that prostitution is

7    the practice of engaging in sex for money.  Defendants nevertheless seek to preclude any

8    mention of the term "sex trafficking" or child sex trafficking," arguing that it is irrelevant

9    and inflammatory because Defendants are not charged with those crimes.  Defendants'

10   argument misses the mark.  Sex trafficking and child sex trafficking are forms of

11   prostitution.  While the two crimes may include additional elements, such as causing a

12   person to engage in a commercial sex act by means of force, threat of force, fraud or

13   coercion, or causing a person that is under the age of 18 to engage in a commercial sex act,

14   both crimes involve the victim engaging in sex for financial gain.  *See* 18 U.S.C. § 1591.

15          Five of the 17 victims identified in the Superseding Indictment were minors when

16   they were trafficked on Backpage.  In essence, in moving to preclude testimony related to

17   "child sex trafficking," Defendants are moving to preclude the victims' testimony simply

18   because they were children when they were trafficked.  The impact would be more than

19   simply not eliciting the victim's age.  Anything that could potentially identify the victim

20   as a child, the fact that they attend school, that they ran away from home after getting into

21   a fight with their parents or got in trouble for getting a bad grade would potentially become

22   inadmissible and leave the victim unable to provide relevant evidence and tell her story.

23   The victims should not be precluded from telling their story simply because they were

24   children when they were trafficked.  *See United States v. Garcia De Leon*, 137 F. App'x

25   965, 966 (9th Cir. 2005) (probative value of victim's testimony about abuse suffered while

26   being held hostage was not unduly prejudicial, especially when the government was

27   precluded from dwelling upon the details of the abuse.).  Defendants have not cited any

28   case to the contrary.

1       Defendants argue the government intends to turn the case into a series of mini sex-

2  trafficking trials.  Defendants are mistaken.  The majority of the victims here have had their

3  cases adjudicated in other jurisdictions and their traffickers have either pleaded guilty or

4  been found guilty by a jury.  Thus, there is no need, as Defendants suggests, to proceed

5  with a lengthy cross examination on facts that have already been admitted or determined –

6  like whether the victim was actually a minor or coerced or trafficked.

7       Next, Defendants request the Court preclude the government from introducing

8  "lengthy testimony" from victims about their experience as prostitutes, arguing that the

9  testimony would be irrelevant and highly prejudicial and involve third parties not before

10  the Court.  Once again, Defendants' arguments miss the mark.  Here, the government

11  expects the victims will testify about how www.Backpage.com made it easy for them to

12  enter the prostitution life and to be trafficked.  They will explain how their ads were created,

13  how they posed for the photographs that were used in their ads – covering just enough skin

14  to avoid having their ads rejected by the website.  They will also testify that on occasion

15  they would notice their ad had been posted with certain photos removed.  The victims are

16  expected to testify how their ads were drafted, either by themselves or their traffickers, to

17  avoid being kicked back by the website, that there were occasional communications with

18  Backpage on how certain terms needed to be removed before an ad could be posted, and

19  how ads could not be posted if a user identified themselves as being less than 18 years old.

20  The victims will explain how they or their traffickers paid for their ads – sometimes by

21  credit card and eventually with Vanilla Visa Cards or gift cards to retain anonymity.   They

22  are expected to testify about how they needed to "refresh" their ads several times a day to

23  stay current and at the top of the website, and how they paid a fee to Backpage each time

24  they did so. To place their testimony in context, the victims will inevitably need to describe

25  the circumstances of how they were trafficked, their relationship with their trafficker, and

26  what they experienced in a "day in the life" of prostitution.

27

28

1        Finally, Defendants argue that evidence of crimes committed by other people are

2  irrelevant, highly prejudicial and should be precluded.  The evidence pertaining to the

3  homicides the government seeks to admit have been detailed in a separate motion.  Rather

4  than repeating the facts and argument, the government will fully incorporate them by this

5  reference here.  (Doc. 920.)  Testimony from the victims' next of kin will describe how

6  they made efforts to communicate with Backpage to have their child's ad removed from

7  the website.  Law enforcement witnesses will describe how their investigation of the

8  homicide led them to the victim's Backpage ad and their communications with Backpage

9  to obtain evidence through the search warrants and other legal process.   The evidence

10  could be viewed as prejudicial, in that it tends to prove the prosecution's case.  *United*

11  *States v. LeMay*, 260 F.3d 1018, 1026 (9th Cir. 2001) ("All evidence introduced against a

12  criminal defendant might be said to be prejudicial if it tends to prove the prosecution's

13  case.").  That, however, isn't the standard for preclusion.  *Id.* (Rule 403 excludes evidence

14  without any relevance or if the potential for prejudice "far outweighs what little relevance

15  it might have"). The evidence is relevant because it shows Defendants were placed on

16  notice and knew the website was a hub for prostitution activity and their actions following

17  the notice show that rather than try to stop it, they took steps to promote and facilitate the

18  unlawful activity, for their financial gain.

19        The cases cited by Defendants are easily distinguished because they involve crimes

20  where the government does not need to prove knowledge or intent, or pertain to evidence

21  improperly admitted.  In *Ellis*, the defendant's conviction for receiving and concealing

22  stolen explosives and knowingly receiving or possessing stolen explosives after being

23  convicted of a felony was reversed after the Court held a book containing instructions on

24  how to make explosives was improperly admitted.  *United States v. Ellis*, 147 F. 3d 1131

25  (9th Cir. 1998).  *Ellis* held that because the charges involved possession and knowing

26  receipt, the government was not required to prove defendant intended to build explosives.

27  *Id.* at 1135-1136.  Here, the Travel Act requires the government to prove intent.

28

1       *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005), evidence

2    relating to the medical condition of two smuggled aliens was improperly admitted; the

3    court found the evidence was a detail in the story that might have been relevant at

4    sentencing, not trial.  Here, the evidence in question is not a minor detail, but goes to a

5    central issue for the fact-finder to resolve at trial—Defendants' knowledge and intent.

6       In *United States v. Bradley,* court found error where evidence of an uncharged

7    homicide was admitted during a trial for conspiring and attempting to kill a witness because

8    it did not illuminate the "background and development of the conspiracy."  5 F.3d 1317,

9    1321 (9th Cir. 1993).  The situation here is the exact opposite.  The homicides show

10   Defendants were well aware that some of Backpage's prostitution ads resulted in deaths

11   because they were internally tracking the news stories and receiving search warrants and

12   subpoenas from law enforcement.  Defendants were also subject to negative publicity,

13   which led them to strategize about how they could minimize or deflect the negative impact

14   of the stories—without doing anything that might impact Backpage's bottom line.

15   Defendants' other cases, including *United States v. Hitt,* 981 F.2d 422, 424 (9th Cir. 1992),

16   are similarly distinguishable.

17       B.    <u>A Limiting Instruction Will Ensure the Jury Understands the Evidence and</u>

18            <u>Applies it for a Proper Purpose</u>

19       The government does not allege and will not argue that Defendants murdered or

20   trafficked the victims and has no objection to a limiting instruction.  The evidence

21   Defendants seek to preclude is evidence that shows they were on notice and had knowledge

22   that Backpage was used almost exclusively for prostitution.  This evidence is one category

23   that helps prove that Defendants possessed specific intent to promote or facilitate an

24   unlawful activity in violation of the Travel Act.  A limiting instruction will help the jurors

25   properly apply the evidence and minimize Defendants' concerns.

26   **III.**    **<u>Conclusion</u>**

27       For all the foregoing reasons, the government respectfully requests that the Court

28

1    deny the Defendants' Motion in Limine to Preclude Presentation of Certain Evidence.

2         Respectfully submitted this 8th day of May, 2020.

3                                          MICHAEL BAILEY
                                           United States Attorney
4                                          District of Arizona

5
                                           *s/Margaret Perlmeter*
6                                          KEVIN M. RAPP
                                           MARGARET PERLMETER
7                                          PETER S. KOZINETS
                                           ANDREW C. STONE
8                                          Assistant U.S. Attorneys

9                                          JOHN J. KUCERA
                                           Special Assistant U.S. Attorney
10

11                                         BRIAN BENCZKOWSKI
                                           Assistant Attorney General
12                                         U.S. Department of Justice
                                           Criminal Division, U.S. Department of Justice
13
                                           REGINALD E. JONES
14                                         Senior Trial Attorney
                                           U.S. Department of Justice, Criminal Division
15                                         Child Exploitation and Obscenity Section

16

17

18

19                        **CERTIFICATE OF SERVICE**

20         I hereby certify that on this same date, I electronically transmitted the attached

21   document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

22   Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance

23   as counsel of record.

24

25   *s/ Marjorie Dieckman*
     U.S. Attorney's Office

26

27

28