1 **feder law office, p.a.**
2930 e. camelback road, suite 160
2 phoenix, arizona 85016
(602) 257-0135
3 bf@federlawpa.com
fl@federlawpa.com
4 Bruce Feder - State Bar No. 004832
*Attorney for Defendant Scott Spear*
5
                    UNITED STATES DISTRICT COURT
6
                          DISTRICT OF ARIZONA
7

8  United States of America,            )  NO. CR18-00422 PHX SMB-003
                                        )
9       Plaintiff,                      )  **DEFENDANT SCOTT SPEAR'S**
                                        )  ***AMENDED*** **MOTION FOR**
10      vs.                             )  **ISSUANCE OF RULE 17(c)**
                                        )  **SUBPOENAS**
11 Scott Spear,                         )
                                        )  ***(EXPEDITED REVIEW REQUESTED)***
12      Defendant.                      )
                                        )
13 _____

14         Defendant, SCOTT SPEAR, by and through his undersigned counsel, hereby
15 applies pursuant to Federal Rule of Criminal Procedure 17(c) for an order
16 authorizing the issuance of the attached subpoenas duces tecum (*See* **Exhibit A**).
17 The custodial witnesses are:

18      1)   Clarence, Dyer & Cohen: the attorneys representing government
19 witness Carl Ferrer;

20      2)   Maxwell Law, P.C.: the attorneys representing government witness
21 Dan Hyer; and

22      3)   The custodian of records of the National Center for Missing and
23 Exploited Children ("NCMEC").

24         For the reasons set forth below, there is good cause for Defendant Spear to
25 seek the issuance of the attached subpoenas.

26

I.   **The Discovery Mr. Spear Seeks Is Essential To His Trial Preparation.**

For the reasons discussed below, the discovery Mr. Spear seeks is relevant, admissible, and specific. *United States v. Nixon*, 418 U.S. 683, 699-700 (1974), outlined "three hurdles a party seeking a pre-trial subpoena must overcome" to include (1) relevancy, (2) admissibility, and (3) specificity." *Id*. at 700. Where, as here, a defendant's subpoena seeks materials from a third party (as opposed to the government or a party to the litigation), a defendant need only show that the request is (1) reasonable, construed as "material to the defense," and (2) not unduly oppressive for the producing party to respond. *See Nixon*, 418 U.S. at 700 at n. 12 (considering but not deciding the issue); *Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951); *United States v. Tucker*, 279 F.R.D. 58 (S.D.N.Y. 2008); *see also United States v. Nachamie*, 91 F. Supp. 2d 552, 563 (S.D.N.Y. 2000); *United States v. Rajaratnam*, 753 F. Supp. 2d 317 n.l (S.D.N.Y. 2011); *United States v. Stein*, 488 F. Supp. 2d 350, 365, 367 (S.D.N.Y. 2007).   Because *Nixon* is satisfied under these circumstances, the Court need not decide whether a lower standard governs.

The information sought in the requested subpoenas is similar or equivalent to information requested in the Defendants' Motion To Compel Production Of Brady Material (DKT. 777) filed 10/18/2019. The government's Response (DKT. 810) was filed 11/27/2019, and the defendants' Reply (DKT. 825) was filed 12/23/2019. The Court has not ruled on this motion. In this discovery motion, the defense requested plea negotiation and other communications between the government and/or state prosecutors and Mr. Ferrer, Mr. Hyer, and their respective attorneys. The defendants cited *United States v. Sudikoff*, 36 F.Supp.2d 1196 (C.D. Cal. 1999) as well as other applicable caselaw. The Government's response appears to be they have no correspondence with Ferrer, Hyer or their lawyers, don't possess any information

from state prosecutors relevant to the requests and have no obligation to seek such information.  As to the request seeking information about communications between the government and NCMEC, the government's response appears to be that NCMEC is not a governmental entity and it therefore has no responsibility to obtain such information. The government also suggested that the information requested could be obtained by use of a 17C subpoena.

### A. CARL FERRER.

As the Court is aware, Mr. Ferrer is the government's primary cooperating witness.  He is the former CEO of Backpage, who has pleaded guilty, agreed to waive certain privileges, agreed to certain forfeitures and sat for numerous interviews with the government.  Although the government has produced memoranda memorializing those interviews after April 5, 2018, it has not produced any of its communications with Ferrer's attorneys, or any communications that took place outside of those formal interview settings (which were conducted before the April 2018 indictment was returned and before Ferrer signed his plea agreement in which he promised to be a state and federal government cooperator).  Mr. Spear specifically seeks to obtain communications between Ferrer and Ferrer's attorneys with any state or federal prosecutors or law enforcement agents.  The government carefully denies there were any direct proffers from Mr. Ferrer's lawyers or communications with him before April 5, 2018 (*See* 18 U.S.C. 3500), but defendant's subpoena is not so narrow.

In prior proceedings before this Court, the government asserted there were no direct discussions with Mr. Ferrer prior to the filing of the initial indictment in April 2018 (*See* pages 47-49 of Transcript of Status Hearing held on 4/23/19 attached hereto as **Exhibit B**).  The government also denies it received any proffers

from Mr. Ferrer's attorneys prior to his plea, privilege waivers and forfeiture agreements. In two separate letters, the government states, "As noted, the United States did not meet with Mr. Ferrer, or receive a proffer of information from Mr. Ferrer's counsel, until April 5, 2018" (*See* Letter from AUSA Rapp dated May 14, 2018 attached hereto as **Exhibit C**, at 2) and "In short, neither Ferrer nor Hyer met with or provided any information to the government prior to the first indictment." (*Id.* at 7).

Despite the government's contentions, just before the April 2018 indictment was served, Ferrer entered into plea agreements in this case and in other state cases, and also signed various comprehensive forfeiture and privilege waiver agreements. Defendants are entitled to test the government's implausible assertions. Based on common sense and all involved defense counsel's lengthy experience as former prosecutors and as criminal defense lawyers practicing in this district and throughout the United States, the government would not have had the information necessary to evaluate Mr. Ferrer as a cooperator, nor the ability to prepare the appropriate plea, privilege waiver, forfeiture pleadings and other documents, without substantial communications between state and federal government prosecutors, the lawyers for Mr. Ferrer and Mr. Ferrer, himself. If the government did not talk directly to Ferrer prior to the formal interviews memorialized in the produced memoranda, then it must have received this information directly or indirectly from Ferrer's attorneys and/or the involved state prosecutors or agents. Such communications, including any written or verbal proffers and notes of such proffers, any promises demanded by the defense and/or offered by the government, any correspondence surrounding the negotiation of the various agreements between Ferrer and the government agencies, etc., are not privileged, and are required for production as both *Jencks* and *Brady* materials.

(*See U.S. v. Sudikoff,* 36 F. Supp 2d 1196 (C.D. Cal. 1999*)*.  The materials would be admissible directly as admissions and declarations against interest and may disclose additional witnesses, exhibits and other evidence material to the defense for trial or trial preparation.

Also, Mr. Spear seeks any written or digital notes, commentary, or other statements made by Mr. Ferrer or his attorneys regarding plea negotiations, including anything that might indicate Mr. Ferrer's disagreement with government assertions and accusations, including his refusal or other objections to agree to what prosecutors or agents were attempting to have him discuss or allege.  Notably, the type of information that Mr. Spear is requesting here is the very type of information that has been belatedly disclosed by the government and is the subject of sanction motions in the "Varsity Blues" cases (*See United States v. Sidoo, et. al.,* Case No. 19-10080-NMG, D. Mass (Apr. 17 2020) at Doc. No. 1085, attached hereto as **Exhibit D**).  Such notes, commentary or other statements would also constitute *Jencks* and *Brady* materials.

**B.    DAN HYER.**

Mr. Spear also seeks, and is entitled to, the same type of information regarding another government cooperating witness, Dan Hyer.  Although the defense does not have information that Mr. Hyer or his counsel engaged in similar conduct as Mr. Ferrer or his counsel prior to the return of the indictment, Mr. Spear is nevertheless entitled to evidence of the negotiations of the plea agreements and forfeiture entered into by Mr. Hyer , including any defense proffers by his attorneys, any refusal to agree to facts alleged by the government, etc.

### C. THE NATIONAL CENTER FOR MISSING AND EXPLOITED CHILDREN (NCMEC)

The government has noticed as witnesses Ernie Allen, John Shehan and possibly others who are present or former leaders and employees of NCMEC. Various emails, and other digital or written communications or statements from/to Mr. Allen and Mr. Shehan discussing the defendants and Backpage (including emails in which Allen and Shehan discussed Backpage and its compliance with NCMEC's recommendations) have either been disclosed by the government, or discovered by the defense. The government's disclosures, however, are incomplete, and the defense needs the entirety of such communications and statements to prepare for trial. Such information also should have already been disclosed as *Jencks* and *Brady* materials, but has not.

Additionally, NCMEC engaged in communications with the United States Department of Justice ("DOJ") over the course of several years, in which it encouraged the prosecution of Backpage and its principals and employees., These efforts were ultimately successful in attaining the objective of prosecution. Indeed, a DOJ spokesman made an announcement to this effect on December 13, 2019 (*See* video footage on disc at 1:18:05-1:21, attached hereto as **Exhibit E**), but the government has not produced any of the communications related to these discussions and efforts. Mr. Spear is entitled to these communications as part of his preparation for the trial of this matter.

## II. CONCLUSION.

For the foregoing reasons, Mr. Spear requests that the Court authorize the issuance of the attached subpoenas.

1   RESPECTFULLY SUBMITTED this 12th day of June 2020.

**FEDER LAW OFFICE, P.A.**

BY: */s/ Bruce Feder*
     Bruce Feder, Esq.
     Attorney for Defendant Scott Spear

# CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of June, 2020, I electronically transmitted Defendant Scott Spear's Motion for Issuance of Subpoenas to the Clerk of the Court via the CM/ECF system for filing.

**COPY** of the foregoing emailed this 12th day of June, 2020 to:

**The Honorable Susan M. Brnovich**
Brnovich_Chambers@azd.uscourts.gov

**Erin E. McCampbell,** emccampbell@lglaw.com
**Ariel A. Neuman,** aan@birdmarella.com
**Paul J. Cambria,** pcambria@lglaw.com
**Thomas H. Bienert, Jr.** tbienert@bienertkatzman.com
**Whitney Z. Bernstein,** wbernstein@bienertkatzman.com
**Gary S. Lincenberg,** glincenberg@birdmarella.com
**Gopi K. Panchapakesan,** gpanchapakesan@birdmarella.com
**Michael D. Kimerer,** mdk@kimerer.com
**Rhonda Elaine Neff,** rneff@kimerer.com
**David S. Eisenberg,** david@deisenbergplc.com
**Joy Malby Bertrand,** Joy.Bertrand@gmail.com
*Attorneys for Defendants*

**Kevin Rapp** Kevin.Rapp@usdoj.gov
**Andrew Stone** Andrew.Stone@usdoj.gov
**Margaret Perlmeter** Margaret.Perlmeter@usdoj.gov
**John Kucera** John.Kucera@usdoj.gov
**Reginald T. Jones** reginald.jones4@usdoj.gov
**Peter Kozinets** Peter.Kozinets@usdoj.gov
*Attorneys for United States of America*

*By: /s/ Mali Evans*