MICHAEL BAILEY
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

NICHOLAS L. MCQUAID
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Michael Lacey, et al.,<br><br>Defendants. | No. CR-18-422-PHX-SMB<br><br>**UNITED STATES' RESPONSE TO DEFENDANTS' SIXTH MOTION TO CONTINUE TRIAL<br>(DOC. 1113)** |

## INTRODUCTION

Defendants' sixth Motion to Continue seeks a five-month postponement of the current trial date, from April 12, 2021, to September 20, 2021. Defendants cite two reasons for this request: (1) the COVID-19 health pandemic; and (2) their pending mandamus petition in the Ninth Circuit. The United States agrees that a continuance is warranted

based on the increased severity of the pandemic and the uncertainty it brings to whether the trial may be conducted this April in a manner that ensures the health and safety of all trial participants.

Accordingly, the United States does not oppose Defendants' request for a continuance, but it instead recommends an <u>August 16, 2021</u> trial date.  The United States notes that considerable progress has been made since the Defendants' last motion to continue in protecting trial participants from COVID-19.  First, in December 2020, the FDA approved and rolled out two highly effective vaccines that will substantially limit the COVID exposure of trial participants.  Second, the federal courts, including the District of Arizona, have recommended and implemented numerous protocols to mitigate the risk of exposure.  The United States respectfully submits that a trial continuance to August 16, 2021, is warranted in these circumstances.  To allow the Court to assess the impact that vaccinations have had on the number of  COVID-19 cases in Arizona and the safety of proceeding to trial in August 2021, the United States also respectfully requests that the Court set a status conference for mid-June 2021.

**DISCUSSION**

This Court is aware of the challenges facing courts across the country when scheduling jury trials in the middle of a protracted pandemic.  Here, an additional trial continuance is warranted to protect public health.  Federal, state, and local authorities, along with this Court's orders continuing the January 2021 trial date, have recognized that we are enduring a grave public health emergency requiring people to take extreme measures to limit contact.  Indeed, recently the Chief Judge for the District of Arizona— acknowledging that Arizona has the highest per capital infection rate in the world—issued a general order suspending until further notice all criminal and civil jury trials not presently begun but scheduled for the month of January and February 2021.  *See* General Order 21-02 at 2.  Depending upon the public health situation, such trials may be further postponed. *Id.*  Based on the number of COVID-19 cases in Arizona, it is highly improbable that the parties will be able to proceed to trial this April.

### a.    Conducting Jury Trials During COVID-19

Last year, the United States Courts issued a comprehensive report that contains preliminary suggestions and ideas for courts to consider when restarting jury trials. (*See* Ex. A) This fifteen-page report provides an exhaustive study of protocols the Court may implement to mitigate the risk of COVID-19 exposure among trial participants.   In addition, the District of Arizona has established its own protocols for conducting jury trials during the pandemic. (*See* Ex. B) The development of these and other protocols and practices have shown that the courts can adapt to our current challenging circumstances.

For example, Defendants have raised concerns about masks impacting their right to confront their accusers, complaining that they will be denied "meaningful confrontation" and "judged without the effect of prejudicial face coverings." (Mot. at 5.)  In similar cases, courts have addressed confrontation concerns by requiring testifying witnesses to wear clear face masks or face shields.  *See, e.g.*, *United States v. Robertson*, 2020 WL 6701874, at *2 (D.N.M. Nov. 13, 2020) (clear face shields); *cf. United States v. James*, 2020 WL 6081501, at *2-3 (D. Ariz. Oct. 15, 2020) (Rayes, J.) (holding that Confrontation Clause did not require witnesses to testify without masks; noting defense counsel and client may wear transparent face shields); *United States v. Clemons*, 2020 WL 6485087, at *2 (D. Md. Nov. 4, 2020) (following *James*).

In addition, numerous  preventative measures can be imposed within the courthouse. For example, reliance on trial presentation software to limit the circulation of exhibits, mandatory face masks inside the courtroom, segregating jurors from the public and other trial participants, plexiglass within the courtrooms, live streaming of courtroom proceedings in a separate courtroom for the press and public, temperature checks upon entry, among other things, will ensure a safe environment for trial participants. (*See also* Exs. A-B.)

Defendants further argue that they cannot effectively prepare their more significant witnesses for their testimony remotely. (Mot. at 7-8.)  Here, Defendants have noticed 39 witnesses but only have identified 27 witnesses by name.  Every witness is some form of

an expert witness, and such witnesses are generally easier to prepare for trial testimony than percipient or lay witnesses.  Moreover, the Court has precluded unnamed witnesses, precluded one expert (Bates Butler), and limited the testimony of four of their other expert witnesses.  (*See* Doc. 1081.)  Yet, Defendants fail to articulate any legitimate reason why trial preparation tasks such as witness and exhibit preparation require in-person interaction.  Nearly the entire legal profession has been engaged in full-time telework since March 2020.  In this nearly year-long period of adjustment and change, the profession has adapted to a "new normal" in conducting its work remotely, including trial preparation, court hearings, and even civil trials.  It defies reason for Defendants to argue that although the entire legal profession has adapted to remote proceedings and preparation using web platforms, they are unable to do so.

### b.   The Vaccine

Circumstances in the United States have changed since the previous trial continuance was granted based on the COVID-19 pandemic and the maternity leave of one of the defense attorneys.  Two vaccines are currently being distributed in the United States.[1]  Additional vaccines may soon receive approval for distribution.[2]  Individuals 65 years and older, those with preexisting health issues, and other groups have received priority for vaccination.[3]  Based on information cited in Defendants' previous motions to continue trial, many of the defendants (and their attorneys) have priority for the vaccine due to age and/or pre-existing medical conditions.  Despite this, the government recognizes it will take some time before the vaccine is widely available to the general population, including witnesses and prospective jurors.  In addition, while Judges (and their staff), law enforcement and lawyers regularly at courts have been prioritized for immunization in

---

[1] https://www.cdc.gov/; *see also* https://www.wsj.com/articles/how-to-get-a-covid-19-vaccine-a-state-by-state-guide-11611703769 (last visited February 2, 2021).

[2] https://www.cnn.com/2021/01/29/health/johnson-covid-19-vaccine-how-it-works/index.html (last visited February 1, 2021).

[3] https://www.wsj.com/articles/how-to-get-a-covid-19-vaccine-a-state-by-state-guide-11611703769 (last visited February 2, 2021).

Arizona, the government recognizes that each state is developing its own protocol on the order in which vaccines should be administered.[4] Here, the prosecution team has endeavored to become vaccinated and is also working with victims and other lay witnesses to ensure that they have received vaccinations in the coming months.

The defense suggests a September 20, 2021 trial date and then notes that if the case extends into November (which is likely) one of the attorneys needs to take a week break for a personal commitment. (Mot. at 12.) Given the number of attorneys, witnesses, and jurors involved in this case, and the length of the case, this court cannot accommodate every attorney's personal conflicts with the trial schedule. Additionally, several Defendants are represented by multiple trial counsel. The United States recommends an August start date to avoid any conflict and a break in what is anticipated to already be a lengthy trial.

### c. Pending Deadlines

If the Court adopts the August 16, 2021 trial date recommended by the United States, the government proposes the following revisions to the current deadlines:

| Document | Current Deadline | New Deadline |
|---|---|---|
| Government's Disclosure of Final Exhibit and Witness List | March 12, 2021 | July 12, 2021 |
| Disclosure of Final Exhibit and Witness List | March 19, 2021 | July 19, 2021 |
| Parties Joint Submission of Proposed Jury Instructions, Verdict Form, Voir Dire, and Statement of the Case | March 12, 2021 | July 12, 2021 |

---

[4] *See* https://www.maricopa.gov/5651/Phase-1B#lawenforcement (last visited Feb.2, 2021); Ex. C, Jan. 22, 2021 email from Arizona State Bar President Denis M. Fitzgibbons, re: ADDITIONAL INFORMATION: Legal Services May Qualify for Phase 1B of Arizona's Vaccine ("[T]hose who are regularly at the courts (such as prosecutors, defense attorneys and dependency attorneys), fall into the critical governmental services category and should work with their employers on opportunities for getting vaccinated.").

## **CONCLUSION**

The United States does not oppose Defendants' request to continue the April trial date given the circumstances, but notes that if granted, this case will proceed to trial more than three years after the indictment was filed.  This will be the sixth trial continuance.  Absent the public health emergency, the parties were preparing for trial in January 2021.  The government has expended significant time and resources preparing for trial, and Defendants have represented they have been diligently preparing as well. The public interest and the victims' rights weighs heavily in favor of ensuring that this trial proceeds efficiently, safely and without unreasonable delay.

Respectfully submitted this 2nd day of February, 2021.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/ Kevin M. Rapp*
KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
Assistant U.S. Attorneys
DANIEL G. BOYLE
Special Assistant U.S. Attorney

NICHOLAS L. MCQUAID
Acting Assistant Attorney General
U.S. Department of Justice
Criminal Division, U.S. Department of Justice

REGINALD E. JONES
Senior Trial Attorney
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Joy Faraj*
Joy Faraj
U.S. Attorney's Office