**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

_____

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | No. CR-18-0422-PHX-SMB |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | July 16, 2021 |
| Michael Lacey, | ) | 9:02 a.m. |
| James Larkin, | ) | |
| Scott Spear, | ) | |
| John Brunst, | ) | |
| Andrew Padilla, | ) | |
| Joye Vaught, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**BEFORE:   THE HONORABLE SUSAN M. BRNOVICH, JUDGE**

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**FINAL PRETRIAL CONFERENCE**

Official Court Reporter:
Christine M. Coaly, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 37
Phoenix, Arizona 85003-2151
(602) 322-7248

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

1                        **A P P E A R A N C E S**

2    For the Government:

3

4        U.S. ATTORNEY'S OFFICE
         By:  **Mr. Peter S. Kozinets**
              **Mr. Kevin M. Rapp**
5             **Ms. Margaret Wu Perlmeter**
              **Mr. Andrew C. Stone**
6        40 North Central Avenue, Suite 1200
         Phoenix, Arizona 85004

7

8        U.S. DEPARTMENT OF JUSTICE
         By:  **Mr. Reginald E. Jones**
9        1400 New York Avenue, NW, Suite 600
         Washington, DC 20530

10

11       U.S. ATTORNEY'S OFFICE
         By:  **Mr. Daniel G. Boyle**
12       312 North Spring Street
         Los Angeles, California 90012

13

14   For the Defendant Lacey:

15

16       LIPSITZ GREEN SCIME CAMBRIA
         By:  **Mr. Paul J. Cambria, Jr.**
              **Ms. Erin E. McCampbell-Paris**
17       42 Delaware Avenue, Suite 120
         Buffalo, NY 14202

18

19   For the Defendant Larkin:

20       BIENERT KATZMAN
         By:  **Mr. Thomas H. Bienert, Jr.**
21            **Ms. Whitney Z. Bernstein**
         903 Calle Amanecer, Suite 350
22       San Clemente, CA 92673

23

24

25

                    UNITED STATES DISTRICT COURT

```
1    For the Defendant Spear:

2        FEDER LAW OFFICE
         By:  Mr. Bruce S. Feder
3        2930 East Camelback Road, Suite 160
         Phoenix, AZ 85016
4

5    For the Defendant Brunst:

6        BIRD MARELLA BOXER WOLPERT NESSIM DROOKS
         LINCENBERG & RHOW
7        By:  Mr. Gopi K. Panchapakesan
              Mr. Gary S. Lincenberg
8        1875 Century Park E, Suite 2300
         Los Angeles, CA 90067
9

10   For the Defendant Padilla:

11       DAVID EISENBERG, PLC
         By:  Mr. David S. Eisenberg
12       3550 North Central Avenue, Suite 1155
         Phoenix, AZ 85012
13

14   For the Defendant Vaught:

15       JOY BERTRAND, LLC
         By:  Ms. Joy M. Bertrand
16       P.O. Box 2734
         Scottsdale, AZ 85252
17

18

19

20

21

22

23

24

25
```

**P R O C E E D I N G S**

1          COURTROOM DEPUTY:  We are on the record in CR 18-422,

2     United States of America versus Michael Lacey and others,

3     before the Court for a final pretrial conference.

4          MR. RAPP:  Good morning.  Kevin Rapp appearing with

5     Reginald Jones, Margaret Perlmeter, Peter Kozinets, Andrew

6     Stone, and Daniel Boyle, on behalf of the United States.

7          MR. CAMBRIA:  Yes, good morning.  Paul Cambria, Erin

8     Paris, on behalf of Mr. Lacey.  We waive his appearance.

9          MS. BERNSTEIN:  Good morning, Your Honor.  Whitney

10    Bernstein and Tom Bienert, on behalf of James Larkin.  And we

11    waive his appearance as well.

12         MR. PANCHAPAKESAN:  Good morning, Your Honor.  Gopi

13    Panchapakesan and Gary Lincenberg, on behalf of Mr. Brunst.

14    He's present.

15         MR. FEDER:  Bruce Feder for Mr. Spear, who's present.

16         MR. EISENBERG:  Good morning, Your Honor.  David

17    Eisenberg for Mr. Padilla.  He is not present.  We would waive

18    his appearance.

19         MS. BERTRAND:  Good morning.  Joy Bertrand appears

20    with Ms. Vaught.  She is present on the Zoom call.

21         THE COURT:  Just one second.  We're going to turn the

22    TV because I can't quite see it.

23         All right.  So I know we're set for a final trial

24    management conference.  The primary issue we have to get

1   through this morning is these questionnaires.  I've screened

2   them for hardship and I'm going to go through them.  I, quite

3   frankly, think this is going to take up all our time even if we

4   go past 11, in which case we're going to have to set another

5   time to talk about the trial procedure and things like that.

6   So I hope everybody has their questionnaires.

7           Is there anybody that did not get them?

8           (No response.)

9           THE COURT:  Okay.  So because there are so many of

10  you, it would take us three days if I ask each one of you after

11  each individual juror, so I'm going to tell you the juror

12  number, I'm going to tell you why I think they should be

13  excused, and I'm going to say -- ask if there is any objection.

14  I will wait to hear if there is any objection.  If I don't hear

15  anything, I'm going to move on to the next juror.

16          So I would ask that you not mute yourselves, because

17  sometimes there is a delay if you want to speak.  Potentially,

18  you could object and I'm three jurors down the list, but we'll

19  do our best.

20          Does anybody have any questions about that?

21          MR. CAMBRIA:  No, Your Honor.

22          THE COURT:  Okay.  All right.  The first one is Juror

23  7 for financial hardship.

24          Is there any objection?

25          (No response.)

```
1              THE COURT:  Okay.  I don't hear any.
2              For Juror 9, I wrote health issues and transportation
3    issues.
4              Is there any objection?
5              (No response.)
6              THE COURT:  Okay.  Number 15 has prepaid tickets to
7    Paris during the trial.
8              Any objection?
9              (No response.)
10             THE COURT:  Okay.  I don't hear any.
11             Number 16 for financial hardship, which was emphasized
12   in question 87.
13             Any objection?
14             (No response.)
15             THE COURT:  Okay.  Juror 28 for financial hardship.
16             Any objection?
17             (No response.)
18             THE COURT:  Okay.  Juror 38, health issues.
19             Any objection?
20             (No response.)
21             THE COURT:  Okay.  Juror 57, financial hardship.
22             Any objection?
23             MR. FEDER:  Before you skip past somebody we think
24   ought to be a hardship, do you want us to say something or not?
25             THE COURT:  No.  If we get through all of -- because I
```

```
1    do have question marks on other people, but these are the ones
2    that I felt should definitely be excused.  So if we make it
3    through the whole list, I'll go back and give you an
4    opportunity to suggest others.
5            MR. FEDER:  Okay.  Great.  Thank you.
6            THE COURT:  Thank you.
7            Juror 57 for financial hardship.
8            Any objection?
9            (No response.)
10           THE COURT:  61 has vacation plans.
11           Any objection?
12           (No response.)
13           THE COURT:  Okay.  Juror 70 has a trip to Thailand
14   planned.
15           Any objection?
16           (No response.)
17           THE COURT:  Juror 76 has health issues.
18           Any objection?
19           (No response.)
20           THE COURT:  Juror 77 has a preplanned trip and also
21   indicates that they won't wear a mask.
22           Any objection?
23           MR. PANCHAPAKESAN:  Your Honor, that's 77, right?
24           THE COURT:  77, yes.
25           MR. PANCHAPAKESAN:  The only question I have on that
```

1    is I think she indicated she had a trip in late September.  It

2    might be one or two trial days.  The question is whether, you

3    know, we can accommodate her.  That would be my only comment.

4              THE COURT:  Hold on.

5              Well, as I'm looking at the calendar, it's five

6    weekdays that she would be gone.  That's a lot to make up for,

7    so I'm going to go ahead and strike Juror 77.

8              MS. BERNSTEIN:  Your Honor.

9              THE COURT:  Yes.

10             MS. BERNSTEIN:  I'm looking at the trial calendar --

11             THE COURT:  Hold on.  I can't hear you.  Can you try

12   again?

13             MS. BERNSTEIN:  Yeah.  I'm looking at the trial

14   calendar, and it appears that we do not have trial on the 23rd,

15   the 24th, or the 27th --

16             THE COURT:  We can't hear you.

17             MS. BERNSTEIN:  I'm looking at the trial calendar, and

18   it appears that we do not have trial on the 23rd, the 24th, or

19   the 27th of September, so I just want to make sure that we're

20   all looking at the most recent trial calendar.

21             THE COURT:  Yes.  Sorry, I just got it printed out.  I

22   was looking at the, just, normal calendar.  So I can leave --

23   I'll leave Juror 77 for now and we can discuss that juror

24   later.

25             All right.  So 77 is not struck.

1          79 for financial hardship.

2          Any objection?

3          (No response.)

4          THE COURT:  86 for financial hardship.

5          Any objection?

6          (No response.)

7          THE COURT:  And this juror also knows one of the

8   defendants.

9          MR. EISENBERG:  Your Honor.

10          THE COURT:  Yeah.

11          MR. EISENBERG:  This is Dave Eisenberg.

12          If that relates to knowing my client, I don't believe

13   that's correct.  By the description of what that potential

14   juror says and how he knows my client, we do not confirm any of

15   those aspects.

16          THE COURT:  Okay.

17          MR. EISENBERG:  Such as poker, that sort of thing.

18          THE COURT:  Okay.  Well, is there any objection to me

19   excusing the juror for financial hardship?

20          (No response.)

21          THE COURT:  Okay.  I didn't hear any.

22          MR. CAMBRIA:  No.

23          THE COURT:  Okay.  Juror 79 will be struck.

24          Juror 80 -- no, I'm sorry, that was Juror 86.

25          Juror 89, financial hardship and health issues.

```
1              Any objection?

2              (No response.)

3              THE COURT:  Juror 90 has a prepaid trip during trial.

4              Any objection?

5              (No response.)

6              THE COURT:  Juror 92 has a couple of prepaid trips.

7              Any objection?

8              MR. PANCHAPAKESAN:  Your Honor, that's Juror, you said

9    92 or 192?

10             THE COURT:  92.

11             MR. PANCHAPAKESAN:  Thank you.

12             THE COURT:  Okay.  Juror 110 I wrote health issues.

13             Any objection?

14             (No response.)

15             THE COURT:  Okay.  110 is struck.

16             122, financial hardship.

17             MR. RAPP:  Excuse me, 112?

18             THE COURT:  No, 122.  Any objection to 122?

19             (No response.)

20             THE COURT:  Okay.  124 has health issues and travel

21   issues.

22             Any objection?

23             (No response.)

24             THE COURT:  Okay.  136, financial hardship and travel

25   issues.
```

```
 1              Any objection?

 2              (No response.)

 3              THE COURT:  Okay.  144, financial hardship.

 4              Any objection?

 5              (No response.)

 6              THE COURT:  Okay.  156, financial hardship and trip.

 7   Although, the trip we could probably work around.

 8              Any objection to 156?

 9              MR. CAMBRIA:  No.

10              THE COURT:  Okay.  172 has travel plans, which we

11   might be able to work around, but claims a hardship to his

12   employer and submitted --

13              Did you guys get the letter that was attached?

14              MS. BERNSTEIN:  Yes, Your Honor.

15              MS. BERTRAND:  Yes.

16              THE COURT:  Okay.  Thank you.

17              Is there any objection to excusing 172?

18              MS. BERNSTEIN:  Well, Your Honor, a question on the

19   hardship there.  So hardships --

20              THE COURT:  Your signal is not coming through.

21              Are you worried about the fact that it's hardship not

22   necessarily on that person?

23              MS. BERNSTEIN:  Yes, Your Honor.  Thank you.

24              THE COURT:  Well, that's kind of why I described it

25   that way.  I, actually, generally, don't count that, and I
```

1    looked at it two or three times and wavered back and forth.

2    But he's also pretty adamant in question 87, so sometimes it

3    crosses over to being not necessarily a hardship on the person,

4    but so disruptive that it's going to impact their ability to

5    pay attention during trial.

6            But if anybody objects, I'll leave 172 for now.

7            MS. BERTRAND:  Okay.

8            MS. BERNSTEIN:  Thank you.

9            THE COURT:  Do you object?

10           MS. BERNSTEIN:  Yes.

11           MS. BERTRAND:  Yes.

12           THE COURT:  Okay.  I'll leave 172.

13           Okay.  182 for financial hardship.

14           Any objection?

15           (No response.)

16           THE COURT:  Okay.  192 has concern for two

17   immunocompromised family members, and the juror, him or

18   herself -- I don't remember -- suffers from anxiety that she

19   thinks would impact sitting as a juror.

20           Any objection?

21           (No response.)

22           THE COURT:  Okay.  193 for financial hardship.

23           217 for financial hardship.

24           219 for financial hardship.

25           220, financial hardship and travel plans.

1          222, financial hardship.

2          Okay.  243 has medical appointments that they've

3     listed as -- hold on -- yes, as ones that can't be rescheduled,

4     but there is only two of them, so we might be able to work

5     around that.  So now that I think about it, I'm not going to

6     strike Juror 243, and we'll ask them more details if they come

7     in.

8          261 has travel plans.

9          MR. FEDER:  You're not going to strike 248 for

10    financial?

11         THE COURT:  248?

12         MR. FEDER:  Right.

13         THE COURT:  No.  I didn't have a note about that.

14         No.  And the reason is they said no to financial

15    hardship, and in 87 they don't list anything as a reason why

16    they would prefer not to serve.

17         MR. FEDER:  Okay.

18         THE COURT:  Okay.  261 was where I was at, who has

19    travel plans and is going to assist her sister in Nebraska

20    after her surgery.

21         Any objection?

22         (No response.)

23         THE COURT:  Okay.  261 will be struck.

24         263 has medical issues.

25         Any objection?

1          (No response.)

2          THE COURT:  265 for financial hardship.

3          268 is pregnant, which would not necessarily cause an

4     excuse for -- I'm sorry, for cause, but her husband has some

5     health issues that she's helping him with.

6          Any objection to 268?

7          (No response.)

8          THE COURT:  Okay.  274 for economic hardship,

9     financial hardship.

10          282 has health issues.

11          306 for financial hardship.

12          MS. BERNSTEIN:  Your Honor, I'm sorry, I'm having

13     issues with my mic.  Can people hear me?

14          THE COURT:  Now I can.

15          MS. BERNSTEIN:  I'm sorry.  On 282, did that -- I

16     don't believe that individual asked to be excused on the basis

17     of their health issues.

18          MS. BERTRAND:  Agreed.  And, in fact, we may be able

19     to offer accommodations that make him feel secure about COVID

20     protection.

21          THE COURT:  You don't think when he says, severely

22     depleted immune system, less than one-tenth of immunity than a

23     normal person my age.  Contracting COVID would be seriously

24     devastating and the rapid replication of the delta variant

25     would quickly overwhelm my limited immune response in spite of

1    being vaccinated.  Being indoors around people four to

2    five days a week for hours at a time concerns me, even if we

3    are masked.

4            MS. BERNSTEIN:  I'm sorry, the answer to number 87 as

5    well on this questionnaire.  No objection.  Sorry.  I was

6    speaking out of turn on that one.

7            THE COURT:  So, I'm sorry, you think 87 means I should

8    keep him?

9            MS. BERNSTEIN:  No, Your Honor.

10           THE COURT:  Okay.  So there is no objection to 282?

11           MS. BERNSTEIN:  Correct.

12           THE COURT:  Okay.  308 has mental health issues that

13   this juror believes would interfere with his ability to sit as

14   a juror.

15           Any objection?

16           (No response.)

17           THE COURT:  314 has vacation plans.

18           Any objection?

19           (No response.)

20           THE COURT:  I'm sorry, 318, financial hardship and has

21   a disabled husband that she helps.

22           Any objection?

23           (No response.)

24           THE COURT:  326 has a recently broken foot that he has

25   follow-up appointments for and takes care of elderly parents.

1          Any objection?

2          (No response.)

3          THE COURT:  327 for financial hardship.

4          333, financial hardship.

5          MR. PANCHAPAKESAN:  Your Honor, on 333, I think this

6    is the person who said they have some night classes they have

7    to go to.  It's not that it's a financial hardship.

8          THE COURT:  I'm sorry, you said this person -- yes,

9    they did list night classes, but then also said financial

10   hardship up at the top.  And they do, apparently, have a job,

11   so it looks like maybe they're working and going to night

12   classes.

13         And, I'm sorry, I didn't see who objected.

14         MR. PANCHAPAKESAN:  This is Mr. Panchapakesan on

15   behalf of Mr. Brunst.

16         My only suggestion on this one would -- it's not clear

17   to me what the exact financial hardship here is.  If it's

18   possible we could bring that down -- person.

19         THE COURT:  Well, under -- I'm going to overrule the

20   objection.  Under question 87, the juror confirms what he wrote

21   in answer to question 1, when he says, I would not be able to

22   meet my financial obligations, so Juror 333 will be struck.

23         Okay.  335, financial hardship and planned travel.

24         Any objection?

25         (No response.)

1          THE COURT:  339, financial hardship.

2          351, health issues.

3          Any objection?

4          (No response.)

5          THE COURT:  354, financial hardship.

6          362, financial hardship.

7          381, travel plans, several.

8          Juror 382 is acting as the doula for her daughter's

9     birth in October so she would be out.

10         400, financial hardship.

11         417 -- let me just double check something -- yes,

12    financial hardship.

13         424, travel plans.

14         425 for health issues.

15         MR. PANCHAPAKESAN:  Your Honor, on 425, there might be

16    a couple of folks like this who I want to see --

17         THE COURT:  Hold on.  Can you repeat that?

18         MR. PANCHAPAKESAN:  Sure.  Sure, Your Honor.

19         On 425, I think this is one of a few individuals who

20    have restless leg syndrome.  I'm far from an expert on that,

21    but I wonder whether that's something we can accommodate, if

22    someone needs to stand up, that sort of thing.

23         THE COURT:  Oh, I would, except that she also writes

24    that she has anxiety that brings on panic attacks, but, yeah, I

25    guess I could go either way.  We could do some follow-up with

1    this juror.  I can't remember -- well, but she's 73.

2          Let me see.

3          MR. FEDER:  You're not suggesting that's old, are you,

4    Judge?

5          THE COURT:  Well, in some places you can't even be

6    called after 70, but I'll leave 425, if you want to follow up

7    with Juror 425.

8          Let me just make a note that we're keeping that juror.

9          Okay.  Then my next one, I jump to 467 for financial

10   hardship.

11         Juror 471 for health issues.

12         487, financial hardship.

13         MR. PANCHAPAKESAN:  On 487, Your Honor -- sorry, this

14   is Mr. Panchapakesan -- I wonder if on this one -- there is no

15   real description of the financial hardship, not that I can see,

16   they say self-employed, only paid if working.  On ones like

17   that, I wonder if it's worth a follow-up question.

18         THE COURT:  Normally I would agree if it were

19   something less than three weeks, but for a 10 to, hopefully not

20   12-week trial, I'm a little more lenient.  And based on the

21   emphasis in question 87 and the description of the job, I

22   don't -- can't tell that it's like a high salary job where he

23   or she might be able to make up for it.  So, over objection,

24   I'm going to strike 487.

25         492 is awaiting a surgery date from the VA in the next

1   30 to 45 days, so if anybody objects, I guess we can follow up

2   to hear from them.  It's a torn meniscus, which could be minor,

3   could be -- could be a longer rehab.

4           Does anybody want me to keep him on for follow-up?

5           MR. RAPP:  The government does.

6           MR. FEDER:  Judge, he also indicates that he's the

7   sole provider of income for his household, which I think you've

8   pretty much stricken everybody else who has made that

9   assertion.

10           THE COURT:  Oh, you're right.  And now as I look at

11   question 87, he also expressed concerns about losing his job

12   and pay because of jury duty, so I -- on 492, I will strike

13   Juror 492 for financial hardship.

14           503 for health issues.

15           506, travel plans and doctors' appointments.

16           Okay.  Oh, I'm sorry, I need to go back to 426.  I --

17   when I initially looked through it, I did not find an excuse,

18   but we were given a late excuse from the jury office.  The

19   juror writes --

20           Did you guys get this?

21           MS. BERNSTEIN:  Yes, Your Honor.

22           THE COURT:  You did.  Okay.  So they express concerns

23   about COVID, so I'll strike Juror 426 unless anybody wants to

24   follow up with that juror.

25           Does anybody not want me to strike Juror 426?

1          (No response.)

2          THE COURT:  Okay.  Juror 426 will be struck.

3          Juror 511, financial hardship and vacation.

4          Sorry, I just want to double check something.

5          Juror 545, yeah, I -- this juror takes night classes,

6    which technically doesn't interfere with the ability to

7    participate in trial, but also works full time and indicates

8    some anxiety about that, but I will allow -- I'll keep the

9    juror for follow-up if someone wants to object to 545.

10          Anybody?

11          (No response.)

12          THE COURT:  Okay.  Then I'll strike Juror 545.

13          550, financial hardship and travel.

14          555, financial hardship and travel.

15          559, financial hardship.

16          560, financial hardship and moving to New Mexico.

17   Moving to New Mexico in mid July.

18          562, financial hardship.

19          Juror 572, it's really child care issues, but school

20   is starting so I kind of waver on this, so 572 -- if anybody

21   objects, we'll do follow-up.

22          MR. FEDER:  Judge, she mentions that it's a 10-week

23   trial.  Do you know where that's coming from?

24          THE COURT:  Where what?

25          MR. FEDER:  She said it would be hard to do a 10-week

1   trial.  Do you know where the 10-week trial idea is coming

2   from?

3           THE COURT:  No, I don't.  I mean, they were given the

4   calendar, so ...

5           MR. FEDER:  Okay.  Thanks.

6           THE COURT:  Okay.  No objection to 572, Mr. Feder?

7           MR. FEDER:  No.

8           THE COURT:  Okay.  I'll strike 572.

9           Juror 584 also has restless leg syndrome, but in

10  answer to question 87, that's really the issue that he or she

11  has some -- a daughter with some health issues and so they're

12  helping with care of the grandchildren.

13          Any objection?

14          (No response.)

15          THE COURT:  Okay.  584 is struck.

16          589, financial hardship and concern about a spouse

17  that's immunocompromised.

18          593, financial hardship and travel expectations.

19          603 has some health issues, but we might be able to

20  work around that, so we'll do some follow-up.

21          Juror 605 has travel plans.

22          615 --

23          MS. BERTRAND:  Your Honor, it doesn't sound like -- if

24  I may, please -- it doesn't sound like 605 has travel plans

25  yet, it's more hopeful.  No tickets bought.  No tickets

1    purchased yet.  I think we could bring them in and ask them if

2    they could adjust their plans a little bit.

3           THE COURT:  Let me just double check something else.

4           Okay.  All right.  I'll leave 605.

5           MS. BERTRAND:  Thank you.

6           THE COURT:  Juror 615 has travel plans.

7           632, financial hardship.

8           Juror 641 is one of those where he or she -- he

9    doesn't claim a financial hardship but claims a hardship to his

10   patients.  He's a physical therapist.  We could follow up with

11   how many other physical therapists there are, my experience is

12   that a lot of these are small, but does anyone object?

13           (No response.)

14           THE COURT:  Okay.  641 will be struck.

15           649, travel plans for a wedding.

16           Okay.  I just wanted to double check that one.

17           676, financial hardship.

18           Juror 684, financial hardship.

19           694, financial hardship.

20           698, travel.

21           This juror has travel, which I think we could follow

22   up with because it's unplanned.  She's waiting for her

23   grandson's birth.  But the second issue is that she works in an

24   emergency department that is short staffed.

25           MS. BERNSTEIN:  Which juror, Your Honor?

1          THE COURT:  705.

2          MS. BERNSTEIN:  Okay.

3          THE COURT:  So we can do follow-up if anybody objects.

4          705, anybody object?

5          MR. FEDER:  Judge, I guess she brings up a question

6    that's related to some of the other people.  Are you okay with

7    hospital healthcare workers that are going to be exposed to,

8    potentially, COVID being on the jury?

9          THE COURT:  I guess --

10          MR. FEDER:  And vice versa.

11          THE COURT:  -- if it's just in general they work in

12    healthcare, then, yes, because they won't be working when

13    they're on the jury.

14          The reason that I would strike this one is that it's

15    not just the exposure the juror has, it's that it's an ER,

16    which at this point in time has a tendency to get overwhelmed,

17    and she says they're short staffed, so it's more a public

18    health issue.

19          MR. FEDER:  So are you going to bring her in or are we

20    going to strike her?

21          THE COURT:  Well, I'm going to strike her unless

22    someone objects and wants to do follow-up.

23          MR. PANCHAPAKESAN:  We don't object, Your Honor.

24          THE COURT:  Okay.

25          MR. FEDER:  We don't.

1          THE COURT:  Okay.  Juror 705 will be struck.

2          Juror 709, travel plans and is having a baby in mid

3    August.

4          MS. BERNSTEIN:  I'm sorry, Your Honor, is that 709 or

5    708?

6          THE COURT:  That was 709.  I think I skipped 708, so

7    it's 709 that was struck.

8          MS. BERNSTEIN:  Thank you.

9          THE COURT:  717 has travel plans and had foot surgery

10   but I would have to follow up.  I don't know what that means.

11         Any objection to 717?

12         MR. CAMBRIA:  No.

13         THE COURT:  Okay.  726 -- oops, looking at the wrong

14   one, sorry -- travel plans, and then on -- under question 87

15   also raises financial hardship.

16         741, travel.

17         MR. FEDER:  What about 735, Judge?

18         THE COURT:  They --

19         MR. FEDER:  No tickets but travel plans.  He also is a

20   hospital worker.

21         THE COURT:  Well, so they haven't purchased tickets,

22   and it's like a couple of single days, so, as Ms. Bernstein

23   suggested with another juror that hasn't firmed up their

24   travel, that's the only reason I skipped that juror.  And

25   then --

1          MR. FEDER:  Okay.

2          THE COURT:  I'm sorry, you said they worked --

3          MR. CAMBRIA:  Oh, no.

4          MR. FEDER:  They work -- I think they work -- he works

5    in hospitals but in hazardous waste.

6          THE COURT:  Well, that's not a patient care person

7    so -- so I'm inclined to follow up with this juror.

8          MR. FEDER:  Okay.

9          THE COURT:  Unless everybody agrees I should strike

10   Juror 735.

11         MR. CAMBRIA:  How this juror affects other jurors who

12   are concerned about COVID when he says he works directly in the

13   treatment of COVID.

14         THE COURT:  Juror 735 says that?

15         MR. CAMBRIA:  Yeah, I have --

16         MS. BERNSTEIN:  Your Honor, he says he's taking care

17   of the hazardous waste from COVID patients, which, my

18   understanding, actually is a way to transmit COVID.

19         MR. CAMBRIA:  I just wonder how it impacts on the ones

20   who are shaky about being in a room with a bunch of people.

21         THE COURT:  Okay.  So you'd like me to strike 735?

22         MR. CAMBRIA:  Yes.

23         THE COURT:  Okay.  I will strike Juror 735.

24         Okay.  So I'm not sure if I got an answer on 741 for

25   travel plans.  Any objection to 741?

1            (No response.)

2            THE COURT:  Okay.

3            MR. RAPP:  Excuse me, you're striking 741?

4            THE COURT:  Yes.

5            Juror 762, financial hardship.

6            Juror 765 for health issues.

7            Juror 782, financial hardship and health issues.

8            Okay.  Before we move on to the next group, I'd like

9     to read through the numbers that we've struck so far just so

10    everybody is on the same page.  So I'm going to read through

11    the ones we've struck.

12            It's 261, 263, 265, 268, 274, 282, 306, 308, 314, 318,

13    326, 327, 333, 335, 339, 351, 354, 362, 381, 382, 400, 412,

14    417, 424, 426, 467, 471, 487, 492, 503, 506 -- oh, I'm so

15    sorry, I started with the second list.  Well, I'll keep going

16    and then I'll go back.

17            511, 545, 550, 555, 559, 560, 562, 572, 584, 589, 593,

18    615, 632, 641, 649, 676, 684, 694, 698, 705, 709, 717, 726,

19    735, 741, 762, 765, 782.

20            And then, I apologize, I'm going to go back up to 7.

21    So 7, 9, 15, 16, 28, 38, 57, 61, 70, 76, 79, 86, 89, 90, 92,

22    110, 122, 124, 136, 144, 156, 182, 192, 193, 217, 219, and 220.

23            Did anybody notice that I missed anybody?

24            MR. FEDER:  No.

25            THE COURT:  Okay.  Elaine, did they seem to match up

1   with you?

2          COURTROOM DEPUTY:  Yes.

3          THE COURT:  All right.  Juror 783 for financial

4   hardship.

5          So Juror 789 does not list financial hardship under

6   question 1, but then in response to question 87 does raise that

7   issue.  So if anybody objects, we'll call them in for

8   follow-up, otherwise I'll strike him.

9          (No response.)

10          THE COURT:  Okay.  Juror 789 will be struck.

11          Juror 794, financial hardship.

12          Juror -- no.  Sorry.

13          This juror has concerns about COVID.

14          MR. CAMBRIA:  Which number?

15          THE COURT:  I'm sorry, 815.

16          MR. CAMBRIA:  Oh, what happened to 804?

17          THE COURT:  I skipped 804.  Oh, 804, right, did list

18   some health issues, right?

19          MR. CAMBRIA:  Yeah, and hardship I've got in his job.

20          THE COURT:  Okay.  804, any objection?

21          MR. RAPP:  The government objects to 804.

22          THE COURT:  Okay.

23          MR. RAPP:  He just cites a financial burden and his

24   ability to manage software development projects.  He's not very

25   specific as to what his hardship is.

1          MR. CAMBRIA:  Severe obesity also.

2          THE COURT:  Well, but he doesn't say that -- he

3    doesn't ask to be excused because of his health.

4          MR. CAMBRIA:  Well, I'm not sure it's under the

5    COVID -- high risk of COVID.  I don't know.  He -- besides the

6    hardship in connection with his work, he mentions severe

7    obesity.

8          THE COURT:  Okay.  I will not strike 804.  The

9    government can follow up if they want.

10          Juror 815, it's all work related, but work, travel,

11   and hardship, so I would allow follow-up if anybody objects.

12          (No response.)

13          THE COURT:  Okay.  815 will be struck.

14          Juror 817 doesn't list -- well, lists some

15   appointments that she has to go to on a regular basis, which we

16   might be able to work around, but it's her response to question

17   87, which she indicates that there are a number of issues that

18   would cause her stress being in a trial of this length.

19          Does anybody object?

20          MR. CAMBRIA:  No.

21          THE COURT:  All right.  817 will be struck.

22          Juror 822, financial hardship.

23          MR. PANCHAPAKESAN:  Your Honor, I think we object on

24   822.  I think this individual says they're unemployed, so it's

25   unclear if they actually have a job, with respect to income.

1    It might be something we want to follow up on.

2             THE COURT:  Yes, but they also say they're actively

3    looking for a job, and in -- under 87, this juror says they've

4    been unemployed for a year.  So I would be hesitant to

5    interfere with someone's ability to conduct their job search.

6             So, over objection, 822 will be struck.

7             Juror 840 for health issues.

8             Juror 854 lists a number of appointments that -- let's

9    see, one, two, three, four, so there is four.  They seem time

10   sensitive, so either I would strike the juror or we'd have to

11   work around that.

12            So, let me put it this way, I'll strike Juror 854

13   unless anybody objects.

14            (No response.)

15            THE COURT:  Okay.  854 will be struck.

16            Juror 887 is a registered nurse working with COVID

17   patients.

18            Any objection?

19            MS. BERNSTEIN:  No, Your Honor.

20            THE COURT:  Okay.  Juror 896, financial hardship.

21            927, financial hardship.

22            (No response.)

23            THE COURT:  Okay.  927 will be struck.

24            935 has some health issues.  We might be able to work

25   around the appointments, but the juror does indicate that he or

1    she gets tired easily because of the health issues, so I will

2    strike Juror 935 unless someone wants to follow up.

3                (No response.)

4                THE COURT:  Okay.  935 is struck.

5                936, health issues.

6                940 has travel plans.

7                Juror 949, financial.

8                963, financial and health.

9                969, child care issues, but one of the children has

10   disabilities and needs extra care.

11               I'm sorry?  Was there an objection?

12               MR. CAMBRIA:  No.  I just --

13               THE COURT:  Okay.  Juror 983 has travel plans and

14   health issues.

15               Juror 989, travel plans.

16               Juror 990 for financial hardship.  And, again, this is

17   someone who is unemployed and actively looking for work.

18               1002, financial hardship and travel.

19               Juror 1017 for health issues.

20               Juror 1019, financial hardship.

21               Juror 1013, vacation plans.

22               MR. CAMBRIA:  13 or 33?

23               THE COURT:  I'm sorry, 33.

24               MR. PANCHAPAKESAN:  Your Honor, on 1033, I think the

25   travel plans are October 4th through 8th.  Given the short

1   vacation, I wonder if that's someone we can accommodate.

2           THE COURT:  Well, that would be a whole week of trial.

3   It's not over a weekend.  I agree, I think we might be able to

4   accommodate a couple days, but I think losing four days of

5   trial is too much.

6           So, over objection, I'll strike 1033.

7           Okay.  Juror 1042, financial hardship.

8           MR. FEDER:  1038.

9           THE COURT:  1038 I skipped.

10          MR. FEDER:  You're not going to let him go hunting?

11          THE COURT:  No.  I think we can follow up with him,

12  but, let's see, that juror also said that it would -- would not

13  prevent him from doing his duty, and it describes it as a minor

14  inconvenience, even though he'd prefer to be able to go, so we

15  can talk to him about it.

16          MR. FEDER:  Okay.

17          THE COURT:  I do understand it's a big deal.

18          Let's see, we're at 1044.

19          MR. FEDER:  What about -- I'm sorry -- 1042?

20          THE COURT:  We already struck 1042.

21          MR. FEDER:  I'm sorry.

22          THE COURT:  Never mind.  I'm skipping 1044.

23          1045 -- no, geez, I'm so sorry.  1050 has travel

24  plans.

25          Juror 1054 raises an issue about working with disabled

1    vets through a program, but I would need more information about

2    that, so I wasn't going to strike Juror 1054 in case anybody

3    was wondering.

4         MS. BERNSTEIN:  Your Honor, that's a juror that also

5    indicated that they would not be wearing a mask.  Is that --

6    I'm not sure how the Court's dealing with those.

7         THE COURT:  Let me just check that answer.

8         Do you remember where they said that?

9         Oh, there it is.

10        MR. CAMBRIA:  1044 said that.

11        THE COURT:  Well, so when they --

12        MS. BERNSTEIN:  It's question 23, Your Honor.

13        THE COURT:  So Juror -- no.  So my answer is if they

14   simply say no to that question, I'm not striking them for cause

15   right now because I do follow up.  There are other people that

16   write, like, a paragraph about the mask mandates and clearly

17   are not willing to bend, but I don't know about that person.

18        MS. BERNSTEIN:  Okay.

19        MR. CAMBRIA:  Are we talking about 44?

20        MS. BERNSTEIN:  54.

21        THE COURT:  No, she asked about 54.

22        MR. CAMBRIA:  Oh, that's what 44 said also.

23        THE COURT:  Yes, but -- okay.  To be clear, 1044 is

24   not struck.  1050 is struck.  1054 is not struck.

25        And now we're on 1066, which I don't have any cause

1    notes on.

2          Okay.  So 1072 claims because of health issues it's

3    difficult to wear a mask, so 17 -- 1072 will be struck.

4          1073 -- let me just double check the dates -- has

5    travel plans, but that would only require us to skip one day,

6    so I will strike 1073 unless someone objects -- I'm sorry, I'll

7    keep 1073.

8          MS. BERNSTEIN:  Your Honor, did that individual also

9    indicate that they're a sole provider and it's a financial

10   hardship?

11         THE COURT:  1073 did?

12         MS. BERNSTEIN:  I believe so.

13         THE COURT:  Oh.

14         MS. BERNSTEIN:  Yeah, that it's sole provider of

15   income for household.

16         THE COURT:  Yes, they did.  So I'll strike -- sorry

17   about that -- Juror 1073 for financial hardship unless there is

18   an objection.

19         Juror 1083, financial hardship.

20         Juror 1096 for health concerns.

21         Juror 1098, financial and health.

22         And Juror 1108, 1108, financial and travel.

23         MR. FEDER:  Sorry.  What was that again?

24         THE COURT:  1108.

25         Okay.  1131, financial hardship.

1              Juror 1132 for child care issues.

2              1137, financial hardship.

3              Juror 1143, travel plans.

4              1168, travel plans.

5              Juror 1170 says it would be a hardship because she's

6    doing classes through Aspen University for a nursing program

7    and also has child care issues.  She doesn't say whether

8    they're at night or during the day, so I'll strike Juror 1170

9    unless there is an objection.

10             1182, financial hardship.

11             Juror 1184 for financial hardship.

12             1186 has travel plans.

13             1187, financial hardship.

14             1216, financial hardship.

15             MS. BERTRAND:  Judge, may we please look at 1229?

16             MR. FEDER:  Before we go into that, what about --

17   doesn't 1198 say that he's the sole provider?

18             THE COURT:  Yes, but he's also an attorney, and so I'd

19   like to follow up with what their policy is.

20             MR. FEDER:  Okay.

21             MS. BERTRAND:  And, I apologize, Judge, I think I got

22   my numbers mixed up.  I meant did we strike 1192 for cause?

23             THE COURT:  Did we?  No.

24             MS. BERTRAND:  I mean, excuse me, for hardship.

25   Pardon me.  1192, starting new job and won't wear a mask.

1          THE COURT:  I guess I missed that because they didn't

2   say anything under question 1.  Let's see, 87, this juror says,

3   I'm starting a new job -- they really say it's a hardship on

4   the other team members.

5          MS. BERTRAND:  I'm more concerned about the mask

6   issue.

7          THE COURT:  Okay.  And that was in response to that

8   one --

9          MR. CAMBRIA:  23.

10         THE COURT:  Okay.  But this is another one that simply

11  says no.  Do they emphasize that somewhere else?

12         MS. BERTRAND:  I don't believe so.

13         THE COURT:  Okay.  So Ms. Bernstein requests that I

14  strike this juror for hardship based on the answer to question

15  87.  Does anybody object?

16         MS. BERTRAND:  Just for -- so it's a clean record, it

17  was Ms. Bertrand not Ms. Bernstein.  I'm happy to be mixed up

18  with Ms. Bernstein anytime, but it was Ms. Bertrand who

19  objects.

20         THE COURT:  Okay.  Thank you.  I'm sorry.

21         MR. RAPP:  The government has an objection.  We think

22  he ought to be brought in and questioned about the extent of

23  the hardship.

24         THE COURT:  Okay.  I'll leave Juror 1192 for

25  follow-up.

1          Okay.  Now, 1216 for financial hardship.

2          1229 -- oh.

3          MR. PANCHAPAKESAN:  Your Honor, on 1229 -- I'm sorry,

4    go ahead.

5          THE COURT:  That's okay.  1229, I was just verifying

6    that they did -- my notes say financial hardship, and on

7    question 87 they do claim financial hardship.  So is there any

8    objection?  I'm not sure who was speaking.  Okay.

9          MR. PANCHAPAKESAN:  In light of the answer to 87, no,

10   Your Honor.

11         THE COURT:  Okay.  1229 will be struck.

12         1248, financial hardship.

13         1249, financial hardship.

14         Juror 1261, financial hardship.

15         Juror 1266, financial hardship.

16         MR. RAPP:  You know, the government has an objection

17   to 1266 being struck.  It's not clear what the financial

18   hardship is.  There seems to be questions that could be asked

19   of this juror.  There is not a lot of information on their

20   form.

21         MS. BERTRAND:  I think --

22         MR. FEDER:  Also medical too.

23         MS. BERTRAND:  Has an immunocompromised parent.  I

24   just want to make sure we're on the right -- we're talking

25   about the right -- or the same person.

1          THE COURT:  Yes, she does.  She does list an

2   immunocompromised mother that lives with her.

3          MR. CAMBRIA:  Home healthcare nurse.

4          THE COURT:  Okay.  Over objection, 1266 will be

5   struck.

6          1275, financial hardship and health issues.

7          1285, vacation plans.

8          1303, financial hardship and a healthcare worker.

9          1314, financial hardship and travel.

10          1320, financial hardship.

11          1341, financial hardship.

12          MS. BERNSTEIN:  Your Honor, 1324 did not complete the

13   questionnaire.  I don't know how the Court is dealing with

14   those.  There were a couple of people that stopped when they

15   felt like it.

16          THE COURT:  If they're still here when they come in,

17   I'll have the jury office tell them to complete it.

18          MS. BERNSTEIN:  Okay.  Thank you.

19          THE COURT:  Okay.  I'm sorry, I think we were at 1341.

20          MR. CAMBRIA:  Yes.

21          THE COURT:  And I wrote down financial hardship.

22          MS. BERNSTEIN:  Yes.

23          MR. CAMBRIA:  Correct.

24          THE COURT:  All right.  Any objection to 1341?

25          (No response.)

```
1              THE COURT:  Okay.  1347, health issues.
2              13 -- did somebody have an objection to 1347?
3              (No response.)
4              THE COURT:  Okay.  1348, financial hardship and health
5      issues.
6              1358, financial hardship.
7              MR. CAMBRIA:  And vacation.
8              THE COURT:  The vacation is in December.  Okay.  But I
9      don't hear any objection for financial hardship, so 1358 will
10     be struck.
11             1368, financial hardship.  There is travel, but I
12     think it would only be one day, that we could, potentially,
13     work around, but -- I'm sorry, so, to be clear, is there any
14     objection to striking this juror for financial hardship?
15             (No response.)
16             THE COURT:  Yes, Juror 1372 has travel plans.
17             MR. FEDER:  I'm sorry, what happened to 1368?
18             MS. BERNSTEIN:  Financial.
19             THE COURT:  Yeah, 1368 was struck.
20             MR. FEDER:  Thank you.
21             THE COURT:  I skipped 1369, and 1372 I would strike
22     for travel.
23             1391 is a student and I generally strike -- or, yes, I
24     generally strike students so they can continue their education.
25             MR. FEDER:  Judge, are we skipping 1372?
```

1           MS. BERNSTEIN:  Struck for travel.

2           THE COURT:  Yes, 1372 was struck.  So now we're on

3    1391 I would strike so that the juror can continue their

4    education.

5           Is there any objection?

6           (No response.)

7           THE COURT:  Okay.  1391 is struck.

8           1394, financial hardship.

9           1397, financial hardship and health issues.

10          Juror 1403, it's not a financial hardship but could

11   be.  They asked to be excused because they work at the Palo

12   Verde Generating Station, including emergency response duties.

13   I guess we -- well, I'll strike 1403 unless people want

14   follow-up for more information.

15          MR. EISENBERG:  Doesn't he refuse to wear a mask, Your

16   Honor?  Question 23.

17          THE COURT:  Well, they answered no, but that, to me,

18   doesn't mean they refuse, but they also indicate they're still

19   dealing with the effects of fatigue and shortness of breath

20   from COVID.

21          So is there any objection to 1403?

22          MS. BERNSTEIN:  No, Your Honor.

23          THE COURT:  Okay.  1403 will be struck.

24          1415 for financial hardship.

25          Wait.  I want to make sure I have the right person.  I

1    think my notes might be wrong.

2            MR. CAMBRIA:  Which juror?

3            THE COURT:  Juror 1415.  As I relook at this, I don't

4    see any financial hardship answers, so I'm going to skip 1415

5    unless someone has a reason.  Okay.

6            1417 has financial hardship claim.

7            Okay.  So 1417 will be struck.

8            1423 has travel plans.

9            Okay.  1423 will be struck.

10           Juror 1428, health issues.

11           COURTROOM DEPUTY:  Your Honor, I have someone in the

12   waiting room that's calling.  I don't know if you want me to

13   let them in and ask them to identify themselves.

14           THE COURT:  One second.

15           (Off-the-record discussion between the Court and the

16   courtroom deputy.)

17           THE COURT:  I'm sorry, we have someone trying to get

18   back into the Zoom.

19           Oh, there she is.

20           MS. BERTRAND:  It's me?  Joy Bertrand or Ms. Vaught?

21           THE COURT:  Ms. Bertrand, we lost you.

22           MS. BERTRAND:  Oh, I apologize.  And, in fact, I was

23   just going to note to the Court there is a thunderstorm moving

24   overhead and my lights are flickering, so if I lose you guys,

25   I'll call in from my cell phone.

1              THE COURT:  Okay.  So what was the last thing you

2     heard?  Did you miss any --

3              MS. BERTRAND:  The thunder.

4              THE COURT:  Okay.

5              MS. BERTRAND:  I may have missed the last question.  I

6     apologize.

7              THE COURT:  Okay.

8              COURTROOM DEPUTY:  Well, that's not her, because I

9     have to let them back in.  So if we would have lost

10    Ms. Bertrand, I would have had to let them back in.

11             MS. BERTRAND:  I think it might have been my client,

12    Joye Vaught, who might have been dropped.

13             THE COURT:  If everybody can just hold on, we're going

14    to try to find out who is trying to get in and whether they

15    should be in.

16             MS. BERTRAND:  All right.

17             COURTROOM DEPUTY:  Good morning, this is the courtroom

18    deputy.  I just let a call-in user in.  Can you please identify

19    yourself?

20             MR. ROBINSON:  Yes.  Sorry.  This is Richard Robinson.

21    I'm one of the case agents on the case.  I'm with IRS criminal

22    investigation.

23             THE COURT:  Mr. Rapp.

24             MR. RAPP:  Yes, ma'am.

25             THE COURT:  Do you know who that is?

1       MR. RAPP:  Yes.  Yes.  He is one of the designated
2   case agents on the case.
3       THE COURT:  Okay.  And do you want them on this call?
4       MR. RAPP:  Yes.  Yes, please.
5       THE COURT:  Okay.  So we're on Juror 1436 who has
6   travel plans.
7       Who is talking?
8       MR. PANCHAPAKESAN:  I think it's the person who just
9   joined.
10      THE COURT:  Yes.  What's his name?  The case agent,
11  Mr. Robinson, you need to mute your phone because we can hear
12  you, or your background.
13      MR. ROBINSON:  I'm sorry.  It was muted, but I'll mute
14  it again.
15      THE COURT:  Okay.  1436 has vacation plans, so 1436
16  will be struck.
17      1452, vacation plans.  Oh, so, actually, never mind.
18  I'm not going to strike this juror.  The vacation plans aren't
19  until December 1st.
20      MR. FEDER:  There is economic hardship too.
21      THE COURT:  Yeah, I was just rereading that.
22      MR. CAMBRIA:  And day's pay.
23      THE COURT:  Okay.  So for financial hardship, I'll
24  strike Juror 1452, unless there is an objection.
25      Juror 1456 has travel listed for one day.  It is on a

1    Monday so -- it's for a concert.  It looks like we might -- if

2    the juror makes it, we'd have to skip two days of trial.  So

3    I'll leave Juror 1456 for now.

4              Juror 1459 has medical appointments, there is three of

5    them, and is currently pregnant, with a due date of

6    December 2nd.  Which, of course, being pregnant doesn't

7    necessarily mean she can't serve, but with a due date that

8    close to the end of the trial, I'm inclined to strike Juror

9    1459 unless there is an objection.

10             (No response.)

11             THE COURT:  Okay.  Juror 1459.

12             Juror 1460 is planning to move to the state of

13   Indiana.

14             (No response.)

15             THE COURT:  Okay.  Juror 1460 will be struck.

16             1461 has travel plans.

17             Juror 1489 indicates that she's -- she or he -- he is

18   casually acquainted with Mr. Lacey and several of the others

19   named.  Is there any reason to think that would be a mistake?

20             (No response.)

21             THE COURT:  Okay.  So I'll strike -- so I'll strike

22   Juror 1489 unless there is an objection.

23             1490, financial hardship.

24             1497 indicates because of her age -- or his age --

25   they don't think they can sit all day.  We can follow up if

1   somebody objects, otherwise I'll strike Juror 1497.

2            MS. BERNSTEIN:  No objection.

3            THE COURT:  Juror 1499 for financial hardship.

4            1514, financial hardship and travel.

5            MR. FEDER:  I'm sorry, did you -- did you say -- did

6   you excuse 1501?

7            THE COURT:  I did.

8            MR. CAMBRIA:  01?

9            THE COURT:  1501 I skipped.

10            MR. RAPP:  Oh, you skipped.

11            THE COURT:  Yeah.  And it's 1514 that I'm striking for

12   financial hardship and travel unless I hear objection.

13            MR. FEDER:  I'm sorry, we're okay with 1514, but 1501

14   says they're unemployed and actually going to be looking for

15   work.

16            THE COURT:  Oh, I did not -- I didn't note that.  So I

17   will strike 1501 unless there is an objection.  Thank you.

18            So 1501 and 1514 are struck.

19            1517 has travel plans.

20            1527, financial hardship.

21            1529, health issues.

22            1540, financial hardship and a husband that's

23   immunocompromised.

24            1543, travel.

25            MR. FEDER:  1542 says they're a sole provider.

1          COURTROOM DEPUTY:  Ms. Bertrand got knocked out.  She

2     just e-mailed me and I let her back in so ...

3          THE COURT:  Ms. Bertrand, I guess you got knocked out

4     again.

5          MS. BERTRAND:  I did.  There was a big crash of

6     thunder and lightning and everything got knocked off.  I'm back

7     now.

8          THE COURT:  Okay.  Do you remember the last juror

9     questionnaire number that you remember I was talking about?

10          (No response.)

11          THE COURT:  Do you remember?

12          Oh, we can't hear you.

13          Ms. Bertrand, I don't know if you can hear us.  You

14     might have to call --

15          MS. BERTRAND:  I did not -- hi.  I did not get the

16     last number the Court was discussing.  It had just moved on to

17     the next one and I didn't hear the number.

18          THE COURT:  Okay.  What's the last number you heard

19     though?

20          MS. BERTRAND:  I'm sorry, I'm not sure, Your Honor.  I

21     don't think I have any other objections.  We can move forward.

22          THE COURT:  Okay.  Let me just go back to 1514 and

23     I'll just read the ones we struck.

24          MS. BERTRAND:  Okay.  Thank you, Your Honor.  I

25     apologize.

```
 1                THE COURT:  1514 is struck, 1517, 1527, 1529, 1540.

 2                MS. BERTRAND:  Okay.

 3                THE COURT:  And I think we're on --

 4                MR. CAMBRIA:  You struck 43.

 5                THE COURT:  Okay.  But then I think -- yes, so 1543 is

 6     struck.

 7                And Mr. Feder, I think, I could be wrong -- somebody

 8     asked me to go back and look at 1542, and I -- I just did that.

 9     And, yes, they did say that it would be a financial hardship.

10                MR. CAMBRIA:  And a vacation.

11                MS. BERTRAND:  Got it.  No objection to those strikes.

12                THE COURT:  1542 will be struck.

13                1548 has travel plans to Florence, Arizona, which

14     would be a Thursday and Friday so -- and --

15                MR. CAMBRIA:  Pregnant.

16                THE COURT:  So I'll strike 1548 unless there is an

17     objection and we want to try to work around it.

18                (No response.)

19                THE COURT:  Okay.  1548 will be struck.

20                Juror 1551 says that she has a hard time focusing,

21     but, on the other hand, she's a teacher -- or he, sorry, he is

22     a teacher, so I'll strike Juror 1551 unless there is an

23     objection.

24                (No response.)

25                THE COURT:  Juror 1553 in response to question 87
```

1  says, I'm a teacher.  I take care of my husband and have

2  obligations to take care of a grandchild.

3          MR. CAMBRIA:  Age two.

4          THE COURT:  So is there any objection to striking

5  1553?

6          MS. BERNSTEIN:  No, Your Honor.

7          MR. CAMBRIA:  No.

8          THE COURT:  Okay.  Juror 1561 for health issues.

9          1567 for health issues.

10         1586, travel plans.

11         I'm skipping 1587.

12         1590 is a college student.

13         MS. BERTRAND:  She's pre-med and -- well, she claims

14 to be pre-med, and it does appear that she -- it would be a

15 considerable setback to her if she had to serve for, basically,

16 a semester.

17         THE COURT:  Yeah.  So is there any objection?

18         (No response.)

19         THE COURT:  Okay.  1590 will be struck.

20         1593 has travel plans.

21         1607 has travel plans.

22         1608, travel plans.

23         Sorry, I got sidetracked by the letter.  1612 has

24 travel plans and cares for his wife.

25         So 1620, in case anyone's wondering, I'm not going to

1  strike right now, although she -- yes, she -- doesn't claim

2  financial hardship, she claims hardship on her -- the law firm

3  she works for, but I don't know which law firm, but it seems to

4  be big because there is more than one office, so I'm going to

5  follow up --

6          MS. BERTRAND:  The law firm is the Loose, L-O-O-S-E,

7  Law Group.  It's an estate planning firm, I believe.

8          THE COURT:  Oh, I didn't see the name, but, anyway,

9  I'm not going to strike that juror until I get some follow-up.

10          MS. BERTRAND:  All right.

11          THE COURT:  Okay.  Let's see, 1626, financial hardship

12  and health concerns with anxiety.

13          Juror 1628, financial hardship.

14          1651, financial hardship.

15          MS. BERTRAND:  And I believe travel.

16          THE COURT:  Yes.

17          I'm just going to stand up for a minute.

18          Juror 1656 notes that her sister is having a baby in

19  October.  I don't know if the sister lives in town or not, so

20  I'm going to leave Juror 1656.

21          Juror 1663 for health issues.

22          Juror 1664, financial hardship.

23          1667, travel.

24          1679, travel.

25          Well, now that I look at the calendar, that would --

1    okay.  This juror actually has two travel, one is 10/10 to

2    10/12, and then the other is at the end of August to move their

3    child into college.  I don't hear any objection, so 1679 will

4    be struck.

5              1701, travel.

6              Okay.  Before we -- before we move on to the next

7    section, let me read through these, starting with 783, 789 --

8              Did I already read these?

9              COURTROOM DEPUTY:  No, because I put a mark where you

10   stopped.

11             THE COURT:  Okay.  794, 815, 817, 822, 840, 854, 887,

12   896, 927, 935, 936, 940, 949, 963, 969, 983, 989, 990, 1002,

13   1017, 1019, 1033, 1042, 1050, 1072, 1073, 1083, 1096, 1098,

14   1108.

15             Elaine and I differ on 1066.  I don't show it as

16   struck.

17             MR. FEDER:  I'm sorry, a thousand what?

18             THE COURT:  66.

19             MR. FEDER:  I don't see it as being struck.

20             MS. BERNSTEIN:  I don't see it either.

21             THE COURT:  Okay.  So let's fix that.

22             And then I go on to 1131, 1132, 1137, 1143, 1168,

23   1170, 1182, 1184, 1186, 1187, 1216, 1229, 1248, 1249, 1261,

24   1266, 1275, 1285, 1303, 1314, 1320, 1341, 1347, 1348, 1358,

25   1368, 1372, 1391, 1394, 1397, 1403, 1417, 1423, 1428, 1436,

1    1452, 1459, 1460, 1461, 1489, 1490, 1497, 1499, 1501, 1514,

2    1517, 1527, 1529, 1540, 1542, 1543, 1548, 1551, 1553, 1561,

3    1567, 1587 -- no, no, no, sorry, 1586, yes.  1587 is not

4    struck.  1590, 1593, 1607, 1608, 1612, 1626, 1628, 1663, 1664,

5    16 --

6              MR. FEDER:  What about 1651?

7              THE COURT:  1651, yes.  Thank you.  So 1663, 1664,

8    1667, 1679, and 1701.

9              Okay.  And I'll go through 1766 and then we might have

10   to slow down a little, because I was in trial, and that's as

11   far as I got.  So let's start with these.

12             1704 -- let me just check the date.  They said they

13   have tickets to something, but it's -- never mind.  It's on the

14   weekend.

15             MR. FEDER:  They said they're a sole provider, 1704.

16             THE COURT:  And financial hardship.  So 1704, any

17   objection?

18             (No response.)

19             THE COURT:  Okay.  1705, student.

20             1732, financial hardship.

21             MR. CAMBRIA:  What happened to 05?  What was 05?

22             THE COURT:  1705 was a student, full-time student.

23             Okay.  1735 I don't have any notes for.  Is there any

24   reason anybody thinks I should strike 1735?

25             MR. RAPP:  I just have to interrupt.  1732 is not

1   stricken, correct?

2          THE COURT:  No, 1732 is for financial hardship.

3          MR. RAPP:  Well, so I do -- we do have an objection to

4   that, because this is a retired fire chief.  It's a little bit

5   similar to 1704.  These are -- these are individuals who are

6   retired from what looks to be public sector work, so they would

7   likely have some type of a retirement plan.  And I know that

8   they're saying that they are the sole financial provider for

9   the household.  It seems like they already have a source of

10  income.

11         I would object to both 1704 and 1732 being stricken

12  for that basis and would ask that they be brought in to

13  determine what the extent of their hardship is.

14         THE COURT:  Okay.  With respect to --

15         MR. PANCHAPAKESAN:  Your Honor, on 1732 I would just

16  say there is some detail there on response to question 1.  Says

17  he's currently actively seeking employment and he's divorced

18  with no other income.  So it's similar to other folks who, I

19  think, are sort of seeking employment.

20         THE COURT:  Well, I understand the government's point

21  that they're retired and likely have a retirement pay, but this

22  Juror 1732 also goes on in question 87 to discuss paying for

23  COBRA for health insurance at over 1,300 a month so they need

24  extra employment.  So, over objection, 1732 will be struck.

25         And, Mr. Rapp, 1704 is the other one you wanted me to

1    look at again?

2             MR. RAPP:  Yes.

3             THE COURT:  Okay.  Does anyone have -- I'm inclined to

4    leave 1704 on for follow-up.  Does anybody have any additional

5    information you want me to consider?

6             (No response.)

7             THE COURT:  Okay.  So 1704 will stay, 1705 is gone,

8    and 1732 is struck.

9             I'm skipping 1735 and 1746.

10            1747, financial hardship.

11            1748, financial hardship.

12            MR. PANCHAPAKESAN:  Your Honor, I'm sorry, on 1747,

13   seems similar to 1704, in that they're a sole provider, but

14   there is not a whole lot of detail.

15            THE COURT:  No.  The issue with 1704 --

16            MR. PANCHAPAKESAN:  I'm sorry -- go ahead.

17            THE COURT:  No.  Go ahead.

18            MR. PANCHAPAKESAN:  I was just saying they're similar,

19   but I interrupted you.

20            THE COURT:  To 1704?

21            MR. PANCHAPAKESAN:  Right, 1747, exactly.

22            THE COURT:  No.  1704 was retired, so the idea is that

23   they probably have some retirement income.  And the issue is,

24   well, I know they're looking for a job, but do they need to

25   supplement it?

1          This person indicates it's a financial hardship, and

2    just like everybody else we've struck, they're employed full

3    time, and I don't know if they expounded on that.  Hold on.

4          And they're self-employed, so, over objection, 1747

5    will be struck.

6          Okay.  I just want to make sure we're on the same

7    page.  On 1748 I have a line through it indicating there was no

8    objection.  Is that -- so unless I hear an objection, 1748

9    remains struck.

10         (No response.)

11         THE COURT:  Okay.  17 -- 1749 has travel plans which

12   would cover two days of trial, and also has some anxiety

13   issues, so Juror 1749 will be struck.

14         I'm skipping 1755 unless somebody has a motion.

15         1759 is pregnant and scheduled to give --

16         MR. FEDER:  Your Honor --

17         THE COURT:  Who is it?

18         MR. FEDER:  1755 says she has COVID, and child care

19   for young children.

20         THE COURT:  Well, the child care issue not really

21   concerned about because she lists that she's employed full

22   time, so she must have child care or we'd need to follow up.

23   But let me look at the COVID issue.

24         You're correct.  She says she tested positive

25   June 30th, but this trial doesn't start until August 23rd, so I

1  will leave the juror on subject to them telling me they're

2  having, like, lasting symptoms when they get in.  So over -- I

3  guess the motion to strike Juror 1755 is denied at this point.

4          Juror 1759 is pregnant but due in the middle of trial,

5  November 1st.

6          1759 will be struck.

7          Juror 1762 in response to 1 F says yes to other

8  hardship because they're a community college professor teaching

9  a hybrid class that meets online every Wednesday from 11:30 to

10  12:45.  Without more, that's not enough for me.  Is there

11  anything else with respect to 1762?

12          (No response.)

13          THE COURT:  Okay.  So that juror will remain.

14          1763 has health issues.

15          1764, financial hardship.

16          Juror 1766 is traveling to California for a funeral

17  and lists the end date at August 23rd, also says can't wear a

18  mask because it affects their asthma.

19          MR. CAMBRIA:  Your Honor --

20          THE COURT:  I'm sorry, we couldn't hear that.

21          MR. CAMBRIA:  A heart condition, severe heart

22  condition.

23          THE COURT:  For 1766?

24          MR. CAMBRIA:  Yes.

25          THE COURT:  Yes, 1766 is struck.

1         Okay.  Let's see, Juror 1779 raises concerns about

2    moving at the end of August.  She doesn't currently have a new

3    residence and is stressed about that.  Does anybody want me to

4    strike Juror 1779 for that reason?

5         (No response.)

6         THE COURT:  Okay.  I'll leave 1779 for right now.

7         1782 claims financial hardship.  They've only been in

8    their current position for six months.

9         1782 will be struck.

10        1787, financial hardship.

11        1791 --

12        MR. RAPP:  Whoa, excuse me.  Were you going to

13   strike -- struck -- strike 1787?

14        THE COURT:  Yes.

15        MR. RAPP:  You know, this is a city employee, just

16   wondering would they not be paid if they're serving on the

17   jury?

18        THE COURT:  Let's see.  Where do they work?  I don't

19   know the city's policy, so we can call them in and ask them if

20   you object.

21        MR. RAPP:  Yes, I would object.

22        THE COURT:  Okay.  We'll leave 1787.

23        1791 claims financial hardship and difficulty

24   breathing in a mask because of COPD.

25        Okay.  1791 will be struck.

1          Juror 1793 for financial hardship.

2          Juror 1810 claims it would be a hardship on the

3   company.  Does anybody want me to -- does anybody move to ask

4   me to strike Juror 1810 for cause?

5          MR. RAPP:  No.

6          THE COURT:  No.  Okay.

7          1812, financial hardship, has difficulty with the

8   English language.

9          1812 will be struck.

10         1818, financial hardship.

11         1828, financial hardship and travel.

12         I'm skipping 1835 unless anybody has a motion.

13         (No response.)

14         THE COURT:  1837, financial hardship.

15         Juror 1846 stays at home to care for their child,

16  explains that they don't have family who lives close or money

17  to pay for child care.

18         Okay.  1846 will be struck.

19         I'm skipping 1848.

20         1850 raises the child care issue but doesn't give as

21  much detail, so unless somebody wants to discuss it more, I'm

22  going to leave 1850 for now.

23         I'm going to skip 1851 unless anybody wants to discuss

24  it further.

25         MR. CAMBRIA:  Well, claims work hardship.

1          THE COURT:  Well, but it's a hardship on the company

2     not -- not him.

3          MR. CAMBRIA:  But he said that he's one of the owners

4     of the company, one of the owners and talking about training a

5     replacement and retiring.

6          MS. BERNSTEIN:  And, Your Honor, we cut 1872 because

7     that person works for a company and it's a hardship on their

8     company.  They work for a 900-person company.

9          MR. RAPP:  Did you just say 1872?

10          MS. BERNSTEIN:  I'm sorry, 1782 was another person who

11     claimed hardship on the company.

12          THE COURT:  Let me go back to 1782.

13          It must have been somebody else, because 1782 claims

14     financial hardship on themselves.

15          MS. BERNSTEIN:  Oh, okay.  I'm sorry.

16          THE COURT:  I do agree -- I do have a memory of one

17     other one -- oh, 1762.

18          MS. BERNSTEIN:  I'm sorry, I didn't make -- I didn't

19     want us to have to revisit.  I guess I just thought 1851 said

20     they weren't going to be paid.

21          THE COURT:  Okay.  So, you know, I'm kind of -- hold

22     on.  So we're talking about 1851?

23          MR. RAPP:  Yes.

24          THE COURT:  I don't have a problem striking 1851 if

25     there is no objection.

1          MR. RAPP:  The government objects.  This is a

2    corporate CFO who is going to retire.  I just don't know what

3    his financial hardship is.

4          THE COURT:  Okay.

5          MR. CAMBRIA:  He's a CFO -- well, he's a CFO, which is

6    obviously a very principal part of the business, and he wants

7    to train one so he can retire.  I think that's what he's

8    saying.

9          MR. RAPP:  Oh.

10          MS. BERTRAND:  I also note they're moving the business

11    location the same time period.

12          MR. BIENERT:  Your Honor, I think this one is a little

13    different because it's not -- I assume it's not financial.  If

14    the guy's retiring, he presumably has enough money.  It's more

15    practical.  He can't train his replacement if he's sitting in

16    our trial.

17          THE COURT:  Okay.  I'm going to leave 1851 for

18    follow-up.

19          1857 I don't actually have the questionnaire, I just

20    have answers.  Is that the way you guys received it?

21          MS. BERNSTEIN:  Yes, Your Honor.

22          THE COURT:  Okay.  Let's see.

23          MR. CAMBRIA:  Vacation.

24          THE COURT:  Yes, travel plans.  Any objection?

25          MS. BERNSTEIN:  No.

1          THE COURT:  1857 will be struck.

2          1860, financial hardship.

3          MR. CAMBRIA:  Yep.

4          THE COURT:  1864 has travel plans.

5          MS. BERTRAND:  Your Honor, what did we do with 1860?

6    I --

7          THE COURT:  We struck 1860.

8          MS. BERTRAND:  All right.

9          THE COURT:  And now 1864 is struck.

10         Okay.  I'm going to skip 1866 unless somebody wants me

11   to discuss that.

12         1871 has travel plans.

13         Okay.  1871 will be struck.

14         MR. RAPP:  I'm sorry, what is the travel plans for

15   1871?

16         THE COURT:  September to Boston, September 9th through

17   the 13th.

18         MR. RAPP:  That's not a weekend, I presume.

19         THE COURT:  It's -- well, it covers two trial days.

20         MR. RAPP:  Haven't we been accommodating other jurors

21   with limited travel days such as that?

22         THE COURT:  We have some, yes.  So do you object?

23         MR. RAPP:  Yeah, I object on this.

24         THE COURT:  Okay.  We'll leave 1871.

25         Okay.  I'm skipping 1872 unless there is a cause that

1    I'm missing.

2              1889, financial hardship.

3              1922, financial hardship.

4              I'm skipping 1932 unless somebody has a hardship issue

5    that I'm missing.

6              1934 I'm skipping.

7              1935, financial hardship and travel.

8              1946, financial hardship.

9              1956, financial hardship and travel.

10             MR. RAPP:  Yeah, I have no objection.

11             THE COURT:  Okay.

12             MS. BERTRAND:  Your Honor, financial hardship and

13   travel.  This person is a mail carrier.  I don't know that the

14   government can offer information on this, but mail carriers are

15   federal employees and would qualify for paid -- I don't know

16   what the extent of that would be, but I would certainly think

17   that that --

18             THE COURT:  Okay.

19             MS. BERNSTEIN:  Your Honor, as well we're already on a

20   break from trial.

21             THE COURT:  Oh, okay.  You're right.  The first week

22   of November, right?

23             MS. BERNSTEIN:  Yes.

24             THE COURT:  All right.  We will not strike 1956.

25             1970 for mental health issues.

1          1988 for financial.

2          MR. RAPP:  We -- if you're asking, the government

3   would object to striking for similar reasons.  This person's

4   retired, you know, they have some source of income.  They're

5   doing hourly --

6          THE COURT:  Hold on.  Can you repeat that?

7          MR. RAPP:  Yeah.  Am I cutting out?

8          THE COURT:  A little bit.

9          MR. RAPP:  This is a retired partner that looks like

10  it's from a well-resourced company who is now doing lucrative

11  hourly consulting.  For all we know, they're -- they're

12  receiving some kind of retirement income, social security.  So

13  I just view them a little bit different than the individual who

14  has -- who is still in work years and doesn't have a job.

15         MS. BERTRAND:  They're also undergoing breast cancer

16  treatment --

17         MS. BERNSTEIN:  Also immunocompromised and have breast

18  cancer.

19         THE COURT:  Two of you were talking at one time.

20         So, Ms. Bertrand, were you saying something?

21         MS. BERTRAND:  Yes.  She's undergoing breast cancer

22  treatment and is in chemo.

23         THE COURT:  Oh, yeah.  Okay.  Over objection, 1988

24  will be struck.

25         So Juror 1995 raises some health issues but they seem

1    like health issues that could be accommodated.

2            MR. CAMBRIA:  Swollen legs and feet.

3            THE COURT:  Well, they said they just need to put

4    their feet up.

5            MS. BERTRAND:  They also have asthma which makes them

6    have additional risk factors under COVID.

7            MR. CAMBRIA:  How do you put your feet up in a jury

8    box?

9            THE COURT:  We can make arrangements for that.

10   Besides, they're going to be spaced out, so they'll have a

11   chair next to them.

12           This juror also raises issues about caring for her

13   elderly, so I guess I will strike 1995.

14           Does anybody want to put an objection on the record?

15           (No response.)

16           THE COURT:  Okay.  Juror 2008 claims financial

17   hardship, also takes medication that causes drowsiness.

18           Juror 2010 has travel plans.

19           MR. FEDER:  What did you do with 2008, Judge?

20           THE COURT:  I struck 2008 because I didn't hear any

21   objection.

22           MR. CAMBRIA:  Thank you.

23           THE COURT:  2010 has travel plans.

24           And I don't hear an objection, so 2010 will be struck.

25           2048 I'm going to skip unless somebody has a cause

1    motion.

2           MR. CAMBRIA:  The only thing that I'd call to your

3    attention, she says, I do not discuss anything of a sexual

4    nature with anyone.  I do not think I'd be able to discuss

5    things like that with strangers.  So are we beating our head on

6    the wall on that one?

7           THE COURT:  Well, I do have notes about that.  I was

8    only focusing on the cause issues at this moment, but I will

9    consider your motion.

10          So you think I should strike the juror based on that

11   answer.  I'm trying to get to it.  I do have a note about it

12   but --

13          MR. CAMBRIA:  Well, she just thinks she can't

14   participate in deliberations, according to her.

15          MS. BERNSTEIN:  Question 79, Your Honor.

16          THE COURT:  Yeah, I got it.  Is there any objection?

17          (No response.)

18          THE COURT:  Okay.

19          MR. RAPP:  Well, I -- so there is a number of jurors

20   that have made that same claim in one way or the other, and so

21   I'm not sure that's -- I think we ought to bring them in and

22   discuss that, so we do have an objection.

23          THE COURT:  Okay.  Then I will leave Juror 2048 for

24   now.

25          MS. BERNSTEIN:  And, Your Honor, the only thing I

1    would just add for the record today on that objection is that

2    this question, whether someone can deliberate with sexually

3    graphic images and discuss that, that question was put there

4    because Mr. Rapp said that that was crucial.

5            According to Mr. Rapp in the last hearing, he said,

6    you know, the question is if you are chosen as a juror, you

7    must be able to discuss the evidence and those sexually

8    explicit topics with your fellow jurors as you deliberate on

9    the evidence.  That's at page 21.

10            At page 18 of the last transcript he says that again,

11    quote, so I think it would be important to know if a potential

12    juror would find that to be something they couldn't sit through

13    or make a fair and impartial determination based on that.  So

14    this question and these answers were because Mr. Rapp himself

15    was the one who said this was crucial to understanding if this

16    person could sit for the jury.

17            THE COURT:  And I can't see you, but was that

18    Ms. Bernstein?

19            MS. BERNSTEIN:  It was Ms. Bernstein.  I apologize

20    that I'm off camera, Your Honor.

21            THE COURT:  Okay.  Just wanted to make sure.

22            Okay.  I understand your position.  I'm going to leave

23    Juror 2048 for right now.

24            Juror 2061 is currently going through a bankruptcy and

25    a divorce, and claims that with those two major stressful

1     things, that would impact their ability to serve as a juror.

2     So I'll strike 2061 unless there is an objection.

3              (No response.)

4              THE COURT:  Okay.  Juror 20 --

5              MR. PANCHAPAKESAN:  Your Honor, I think we'll just

6     note an objection on 2061.  Candidly, it's not clear --

7              THE COURT:  Okay.  Sorry.  I can't see who is talking.

8              Oh, there you are.

9              MR. PANCHAPAKESAN:  I'm sorry, Your Honor.

10             We'll just note an objection on 2061.  This is one of

11    those, in my view, where it's not clear what the obligations

12    are for this person.  I mean, I don't know if they're in court

13    or if they have to miss any days of trial.  There is a lot of

14    folks in these questionnaires who say they're going to have

15    stress.  I don't know if that's enough to strike them.

16             THE COURT:  You cut out for just one second.  You said

17    there is a lot of folks in these questionnaires who say what?

18             MR. PANCHAPAKESAN:  Your Honor, I was saying there is

19    a lot of folks who respond to these questionnaires by saying

20    that they're stressed, or things along those lines.  I don't

21    know if that, in and of itself, is enough to strike them at

22    this point.

23             And the prior point was just that it's not clear what

24    the obligations are in connection with the bankruptcy case, and

25    whether this individual has to be in court regularly, so it

1   just -- it might be something we want to follow up on.

2           THE COURT:  Okay.  I'll leave 2061 if you want to try

3   to follow up.

4           Juror 2065 is a full-time student.

5           Okay.  Juror 2065 is struck.

6           2067, financial hardship and travel.

7           Okay.  2067 is struck.

8           2084, financial hardship.

9           2084 will be struck.

10          2086, travel plans.  They're not really --

11          MR. PANCHAPAKESAN:  I'm sorry, go ahead.

12          THE COURT:  They're not really firm.

13          MR. PANCHAPAKESAN:  That's what I was going to say.

14          MR. FEDER:  2086 says -- sounds like he doesn't have a

15  car and needs a bus.  He doesn't know if the bus doesn't go

16  there, he's stranded.

17          THE COURT:  Also says, can't wear a mask for longer

18  than 30 minutes.  Not able to pay attention for very long.  I

19  can't handle it.

20          In response to question 87, the juror also indicates a

21  lot of other -- stressed.  So I'll strike Juror 2086 unless I

22  hear another objection.

23          (No response.)

24          THE COURT:  Okay.  2103 is a full-time student.

25          Okay.  That juror is struck.

1           2109 for financial hardship.

2           2111, financial hardship and travel.

3           Juror 2120, this is another person who says that they

4  get very stressed.  They also indicate that they have to care

5  for a dad at 92 years of age, but provide no information --

6  it's unclear to me whether the dad lives with him, so I'll

7  leave Juror 2120 unless someone wants me to talk about it more.

8           MR. CAMBRIA:  Well, the part that interests me is she

9  says she'll cry and break down if she has to talk about

10  anything of a sexual nature, you know, we're back to someone

11  who can't participate in deliberations.

12          THE COURT:  Okay.  Let me look at that.

13          So will you be able to deliberate?

14          I will cry and break down most of the time.  That

15  seems pretty -- pretty adamant.

16          And I'm also looking -- the juror also has back issues

17  with genetic arthritis.

18          Okay.  I'll strike Juror 2120.

19          Juror 2122 is finishing her Ph.D. and so is concerned

20  that that will interfere with her completion.  Also has travel

21  plans.  Is there any objection?

22          MS. BERNSTEIN:  Your Honor, I apologize.  I don't have

23  the travel dates in front of me at this moment, but the Ph.D.,

24  if I recall, they're in the research stage, said, basically,

25  that they're not working on the Ph.D. right now, it just would

1    extend their research days a bit longer.

2         MS. BERTRAND:  Her travel dates are August 30th

3    through September 3rd, which do seem to --

4         MS. BERNSTEIN:  I apologize.

5         MS. BERTRAND:  -- conflict with the trial dates.

6         THE COURT:  Well, response to question 87, the juror

7    writes that serving -- I'm worried that serving as a juror on

8    this case during my Ph.D. research will cause a significant

9    delay in finishing my degree, so I think it does affect her

10   ability to complete her Ph.D.

11        MS. BERNSTEIN:  And the vacation seems prohibitive as

12   well.

13        THE COURT:  Yes, I was just checking the calendar.  So

14   I'm going to strike 2122.

15        2124 has travel plans and financial hardship.

16        Okay.  That juror is struck.

17        Juror 2127, financial hardship.

18        Juror 2133, financial hardship.

19        MR. FEDER:  Did we skip 2127?

20        THE COURT:  No, we struck 2127.

21        MR. FEDER:  Sorry.

22        THE COURT:  That's okay.

23        So any objection to 2133?

24        MS. BERNSTEIN:  No, Your Honor.

25        THE COURT:  And 2135, I don't see any cause issues

1    right now.  Does anybody want to raise anything?

2            (No response.)

3            THE COURT:  Okay.  2135 will remain.

4            Okay.

5            MS. BERNSTEIN:  Your Honor, as we were going through

6    them in the beginning, we weren't jumping in --

7            THE COURT:  Ms. Bernstein, we can't hear you.  You

8    need to start over.

9            MS. BERNSTEIN:  I said I apologize, but as we were

10   going through the ones in the beginning, we did not -- we

11   didn't jump in when you skipped over ones that might have been

12   for hardship, so if we can just bring our attention back to

13   some of those.

14           THE COURT:  We can't right now.  We can't right now.

15   I have to leave.  I have an appointment and we're already

16   45 minutes over, so we can set another time.

17           I'm also going to, after I come back, I'm going to go

18   through and count how many we still have remaining and see

19   where we are to see if I need to ask the jury office to send

20   out anymore.

21           Let me just talk to Elaine for a minute about our

22   calendar.

23           (Off-the-record discussion between the Court and the

24   courtroom deputy.)

25           THE COURT:  Okay.  I'd like to have you come back for

1    a continuation of the final trial management conference on

2    August 9th.

3            Is there anybody not available on that date?  We'll

4    set it at 9:00 a.m. again.

5            MR. CAMBRIA:  Your Honor, would there be a possibility

6    of us gathering sooner?  I have an issue, doesn't take long,

7    but I would like to make a record on it and a request.  It has

8    to deal with the decision that you had rendered yesterday, and

9    we'd asked for two forms of relief, one of which you addressed

10   specifically and not allowing us to inspect, but the other was

11   to ask the Court to review the instructions, since on the 11th

12   of February you've already agreed to review those instructions

13   and ordered the government to provide them.

14           And what I would like to do is ask that the second

15   part of our motion be considered, which is that the Court

16   continue its review of the grand jury minutes, which you quoted

17   on the 11th of February, for purposes of determining that the

18   grand jury was instructed with regard to prostitution, and

19   whether or not the grand jury was mis-instructed that escorts

20   are the same as prostitutes.  I don't think that there is any

21   possible way a grand jury could decide in any way if somebody

22   was promoting prostitution if prostitution wasn't defined for

23   them according to 1952.

24           And so I wanted to take up the second part of our

25   motion, which was having the Court do this in camera and let us

1   know whether or not those instructions were given.

2          THE COURT:  Okay.  Mr. Rapp, do you want to put

3   anything on the record in response to that?

4          MR. RAPP:  No, just -- just submit on the pleadings

5   regarding this issue that we have filed twice in this case.

6          THE COURT:  Okay.  I'll take a look at that issue.  I

7   think -- okay.  I'll take a look at that issue, but, no, the

8   answer is we cannot come back before August 9th.

9          MR. CAMBRIA:  Thank you.

10          THE COURT:  I don't have any time.

11          So I didn't hear anybody say they couldn't do it on

12   August 9th, so we'll do it on August 9th.  I assume everybody

13   wants to appear by Zoom again?

14          MR. CAMBRIA:  Yes.

15          MS. BERNSTEIN:  Yes.

16          MS. BERTRAND:  Yes.

17          THE COURT:  So Elaine is going to just double check

18   with our IT people to make sure that on that date we have a

19   courtroom that's able to do that available, because we have

20   limited availability for that, but it's far enough in advance,

21   I'm sure we can work it out.  If we can't, obviously, we'll let

22   you know.

23          Okay.  So we'll continue this on August 9th.

24          MS. BERNSTEIN:  I apologize, Your Honor.  Would you

25   like for us to send Elaine the list of people who said they

1  were sole providers of the jurors that we have left so that we

2  deal with that before August 9th?

3            THE COURT:  You mean like people that I missed?

4            MS. BERNSTEIN:  Yes, Your Honor.

5            THE COURT:  Okay.  If you want to do that, I'm happy

6  to look at it, I just can't do it now.

7            MS. BERNSTEIN:  Okay.

8            THE COURT:  If you circulate the e-mail so that you

9  put down the list of people you think should be excused for

10 financial hardship and then let anybody else object, I'll wait

11 so that other people can object and then I'll look at it.  And

12 that would be helpful, because I can do that in between other

13 things before August 9th, so thank you.

14            Okay.  Now I really have to go, so we're at recess.

15 Thank you.

16            MR. CAMBRIA:  Thank you, Your Honor.

17            MR. RAPP:  Thank you, Your Honor.

18            MS. BERNSTEIN:  Thank you.

19            (Proceedings concluded at 11:54 a.m.)

20                        *         *         *

21

22

23

24

25

1                    C E R T I F I C A T E

2

3          I, CHRISTINE M. COALY, do hereby certify that I am

4  duly appointed and qualified to act as Official Court Reporter

5  for the United States District Court for the District of

6  Arizona.

7          I FURTHER CERTIFY that the foregoing pages constitute

8  a full, true, and accurate transcript of all of that portion of

9  the proceedings contained herein, had in the above-entitled

10  cause on the date specified therein, and that said transcript

11  was prepared under my direction and control.

12          DATED at Phoenix, Arizona, this 20th day of July,

13  2021.

14

15

16                    /s/ Christine M. Coaly_____
17                    Christine M. Coaly, RMR, CRR

18

19

20

21

22

23

24

25