# Exhibit T

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Case No.    SACR 19-0061-JVS                                    Date    October 4, 2021

Present: The Honorable    **James V. Selna, U.S. District Court Judge**

Interpreter    N/A

| Deborah Lewman | None | None |
|---|---|---|
| *Deputy Clerk* | *Court Reporter.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present Cust. Bond | Attorneys for Defendants: | Present App. Ret. |
|---|---|---|---|
| Michael John Avenatti, Pro Se | Not | H. Dean Steward, CJA - Advisory Counsel | Not |

Proceedings:    **(IN CHAMBERS) DEFENDANT'S MOTION TO DISMISS CASE DUE TO DOUBLE JEOPARDY, PROSECUTORIAL MISCONDUCT, CONTEMPT OF THIS COURT'S JANUARY 25, 2021 ORDER [DKT. 408], AND VIOLATIONS OF DEFENDANT'S RIGHT TO DUE PROCESS [822]**

Michael John Avenatti ("Avenatti") moves the Court to deny a retrial of the matter and to dismiss the Indictment with prejudice. (Docket No. 822.) The Government has filed an opposition (Docket No. 825), and Avenatti has replied (Docket No. 828).

I.    Background.

The Court does not write on a clean slate and neither do the parties. With the exception of Avenatti's Double Jeopardy argument, the parties presented virtually the same arguments on Avenatti's motion dismiss or grant a new trial based on the Government's failure meet its Brady obligations, particularly with respect to TABS and other accounting data.[1]

The Court made substantial findings in ultimately granting a new trial based on violations of Brady. (Tr. 8-24-21, pp. 56-65 ["Tr."].)

First, the Court found that the failure to produce all accounting data constituted a Brady violation. (Tr., pp. 60-63.) No one contested the significance of the accounting data, and it simply was not produced in full. That was prejudicial. (Id., pp. 62-63.)

_____
[1] See Docket Nos 706, 737, 745 .

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

Second, a <u>Brady</u> violating does not require an intentional violation. <u>See</u> <u>United States</u> <u>v.</u> <u>Price</u>, 566 F.3d 900, 909 (9th Cir. 2015). The Court found no misconduct on the part of either the Privilege Review Team or the Prosecution Team. With respect to the "suppression" element under <u>Brady</u>, the Court found:

> [T]he evidence must have been suppressed by the government willfully or inadvertently. I find that it was,     quote, "suppressed," although I don't think that's the appropriate word in the [present] context. But it wasn't produced through inadvertence and a failure to appreciate what was there.

(<u>Id.</u>, p. 62.)

Third, the Court found no misconduct on the part of either the Privilege Review Team or the Prosecution Team:

> I find no willful conduct on the part of the Prosecution Team. I find no willful conduct on the part of the Privilege Review Team. I think the Taint Team[2] has fairly acknowledged that there may have been some shortcomings in the review process.

(<u>Id.</u>) The Court later reiterated the point to ensure that it was not lost on the parties:
> I want to go back and emphasize two points. I repeat my findings that I find no misconduct on the part of the Prosecution Team and no misconduct on the part of the taint Team. Shortcomings there may have been, but I find no misconduct, intentional or otherwise, on the part of the Taint Team in carrying out its activity.

(<u>Id.</u>, p. 64.)     The Court specifically found that the Prosecution Team made a diligent effort to produce that TABS data which it received. (<u>Id.</u>, p. 59; Docket No. 737, Ex. 1.)

Fourth, the Court found that there was no way to proceed, and that even a brief adjournment would not cure the problem because there was no way to put Avenatti back in position he would have been if he had had the accounting data from the outset. (<u>Id.</u>, p. 64.) When Avenatti was asked if there were a limited basis on which he could still proceed, he said "No . . . I do not believe that it is possible for this trial to proceed in this fashion for many, many reasons." (<u>Id.</u>, p. 19.) The Court also expressed concern about retaining the jury. (<u>Id.</u>, p. 64.)

Having considered the parties' factual and legal showings on the Motion, the Court reaffirms each of its earlier findings and legal conclusions.

---

[2]The parties and the Court has used the term "Privilege Review Team" and "Taint Team" interchangeably.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

II.     Discussion.

Avenatti offers two bases for a dismissal: (1) the Brady violation and the Court's exercise of it supervisor powers and (2) his right to be free of Double Jeopardy under the Fifth Amendment.

A.  Due Process and Supervisor Powers.

Avenatti moves the Court to dismiss the Indictment based on violations of his Due Process rights or based on the Court's supervisory powers.  (Motion, pp. 23-27.)

Where the Governments conduct is "so grossly shocking and so outrageous as to violate the universal sense of justice," the Court is compelled to dismiss the indictment.  United States v.  Holler, 411 F.3d 1061, 1065-66 (9th Cir. 2005); United States v.  Pedrin, 797 F.3d 792, 795 (9th Cir. 2015).  The ultimate remedy must be used sparingly.  United States v.  Omni Int'l, 634 F. Supp. 1414, 1438 (D. Md. 1986).

Avenatti presents an extensive discussion of the Government's production obligations under Brady,[3] Giglio,[4] and the Jenks Act[5] and its failure to meet them.  (Motion, pp.3-19.)  While the Court did find a Brady violation with respect to the production of accounting data, that conduct was not outrageous.  Nor does the Court find that any of the alleged individual failings were outrageous either individually or collectively sufficient to warrant dismissal of the Indictment.

While the Court has the supervisory power to dismiss an indictment where the conduct falls short of a Due Process violation where there is flagrant misbehavior and substantial prejudice, United States v. Bundy, 968 F.3d 1019, 1030 (9th Cir. 1993), the Governments actions here were not flagrant.  "[Negligent, or even grossly neglect" conduct, or "sloppy, inexcusable tardy conduct" do not meet the flagrant conduct standard.  United States v.  Kearns, 5 F.3d 1251, 1255 (9th Cir. 1993); United States v. Toilolo, 666 F. App'x 618, 620 (9th Cir. 2016).

While it is no excuse that Government made substantial production.  United States v. Kohring, 637 F.3d 895, 912-13 (9th Cir. 2011), Avenatti points to no category of documents for which the Government wilfully produced no documents.  Even with respect to the notorious TABS data, the Government produced and offered at trial the TABS reports for two the five victims.  (Trial Exs. 48, 174; see also Docket No. 737, Ex. 1.)

---

[3]Brady v.  Maryland, 373 U.S. 83, 87 (1963).

[4]Giglio v.  United States, 405 U.S. 150, 154 (1957).

[5]18 U.S.C. § 3500.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

In sum, the Government's shortcomings do not warrant dismissal of the Indictment.[6]

B. <u>Double Jeopardy</u>.

The Supreme Court has held that where the defendant has requested and been granted a new trial, the Double Jeopardy clause is no bar to a retrial:

> Where the trial is terminated over the objection of the defendant, the classical test for lifting the double jeopardy bar to a second trial is the "manifest necessity" standard first enunciated in Justice Story's opinion for the Court in United States v. Perez, 9 Wheat. 579, 580, 6 L.Ed. 165 (1824). . .. But in the case of a mistrial declared at the behest of the defendant, quite different principles come into play. Here the defendant himself has elected to terminate the proceedings against him, and the "manifest necessity" standard has no place in the application of the Double Jeopardy Clause.

<u>Oregon</u> v. <u>Kennedy</u>, 456 U.S. 667, 672 (1982). A defendant's request for a new trial "implicitly invite[s] a second trial and [is] enough to foreclose any double jeopardy complaint about it." <u>Currier</u> v. <u>Virginia</u>, 138 S. Ct. 2144, 2151 (2018),

However, there is an exception:

> Where prosecutorial error even of a degree sufficient to warrant a mistrial has occurred, "[t]he important consideration, for purposes of the Double Jeopardy Clause, is that the defendant retain primary control over the course to be followed in the event of such error." <u>Only</u> <u>where</u> <u>the</u> <u>governmental</u> <u>conduct</u> <u>in</u> <u>question</u> <u>is</u> <u>intended</u> <u>to</u> "<u>goad</u>" <u>the</u> <u>defendant</u> <u>into</u> <u>moving</u> <u>for</u> <u>a</u> <u>mistrial</u> <u>may</u> <u>a</u> <u>defendant</u> <u>raise</u> <u>the</u> <u>bar</u> <u>of</u> <u>double</u> <u>jeopardy</u> <u>to</u> <u>a</u> <u>second</u> <u>trial</u> <u>after</u> <u>having</u> <u>succeeded</u> <u>in</u> <u>aborting</u> <u>the</u> <u>first</u> <u>on</u> <u>his</u> <u>own</u> <u>motion.</u>

(<u>Id</u>. at 673; emphasis supplied, citation omitted.) The Ninth Circuit's view of the <u>Kennedy</u> standard is a strict one:

> "In practice, the *Kennedy* standard is rarely met. That is because " '[i]t doesn't even matter that [the prosecutor] knows he is acting improperly, provided that his aim is to get a conviction. <u>The</u> <u>only</u> <u>relevant</u> <u>intent</u> <u>is</u> <u>intent</u> <u>to</u> <u>terminate</u> <u>the</u> <u>trial,</u> <u>not</u> <u>intent</u> <u>to</u> <u>prevail</u> <u>at</u> <u>this</u> <u>trial</u> <u>by</u> <u>impermissible</u> <u>means.</u>' "

<u>United</u> <u>States</u> v. <u>Lopez-Avila</u>, 978 F.3d 955, 962 (9th Cir. 2012) (emphasis supplied; modification in original).

No "goading" occurred here. Indeed, the mistrial was granted over the vigorous objection of the Government. (Tr. Aug. 24, 2021; *passim*.) As noted above, there was no <u>Brady</u> violation by the

---

[6]Avenatti's contention that the Government violated the Court's Rule 5(f) Order adds nothing to the discussion. (Motion, pp. 2, 10; Reply, pp. 9-10.) The Order simply makes explicit the discovery obligations discussed above. (Docket No. 408.)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Prosecution Team.  Nor can the ignorance on the part of the Privilege Review Team until late in the day be characterized as "goading."  Moreover, "even when a district court finds substantial *Brady* violations, prejudice to the defendants, and flagrant government misconduct," dismissal is neither a foregone conclusion nor required as a matter of law.  United States v. Bundy, 968 F.3d. 1019, 1043 (9th Cir. 2020).  The remedy which the Court adopted here–a new trial–is within its discretion.  (Id.)

       In any event, the Court finds that the "manifest necessity" standard was met here.  As the Court has found, and Avenatti concurred, there was no way to go forward.

III.    Conclusion.

       The Motion is DENIED.

|  | : | 00 |
|---|---|---|
| Initials of Deputy Clerk | djl | |