**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00422-001-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Lacey, et al., | |
| Defendants. | |

On March 9, 2023, Defendants Larkin and Spears (collectively, "Movants") filed a Motion to Continue the firm trial date of June 20, 2023. (Doc. 1526). The Government filed a Response in opposition. (Doc. 1530). Upon receipt of the Motion, the Court sought the parties' positions on severing Defendants Lacey and Larkin for trial.[1] On March 20, 2023, the Court heard arguments on the issues of continuance and severance. (Doc. 1545). For the following reasons, the Court will grant, in part, the Motion to Continue.[2]

**I.    Background**

On July 25, 2018, a federal grand jury returned a 100-count superseding indictment ("SI") against Defendants Michael Lacey, James Larkin, Scott Spear, John "Jed" Brunst, Dan Hyer, Andrew Padilla, Joye Vaught (collectively, "Defendants"). (Doc. 230). The SI alleges that Defendants are former owners and operators of Backpage.com, LLC

---

[1] The remaining Defendants filed their Responses accordingly. (Docs. 1535, 1536, 1537, 1538 and 1539).

[2] After hearing the positions on severance, the Court finds that severing Defendants Larkin and Spears would not serve judicial economy and would potentially prejudice some co-Defendants. Thus, the Court determines that severing any Defendant for trial is unnecessary.

("Backpage"), which was created in 2004 and shut down by federal law enforcement authorities in 2018. (*Id.*) The SI further alleges that the Defendants engaged in criminal acts while operating Backpage, including conspiracy, facilitating prostitution, and money laundering. (*Id.*) These acts are alleged to have occurred beginning on or about September 10, 2013 and continuing through April 2018. (*Id.*) None of the Defendants are presently in custody.

A Jury Trial commenced in September 2021, but after several weeks of witness testimony, resulted in a mistrial. (Doc. 1308). Following the mistrial, Defendants sought to dismiss the charges in the SI under the Double Jeopardy Clause, which the Court denied. (Doc. 1444). Defendants appealed that ruling (Doc. 1445), but the Ninth Circuit Court of Appeals affirmed the Court's denial and remanded. (Doc. 1469-1). Following the Ninth Circuit's Mandate (Doc. 1469), this Court set a status hearing on November 2, 2022, to, among other matters, determine a firm trial date. (Doc. 1470). The Court ordered the parties to meet and confer as to a spring 2023 trial date. Pending at the time of the Status Conference was a Motion to Withdraw as Counsel for Defendant Larkin. (Doc. 1488). At the Status Conference, Defendant Larkin appeared and indicated that he was in the process of retaining new counsel. (*See* Docs. 1494, 1505-1). After the parties were unable to reach agreement as to a spring 2023 trial date, the Court set the trial to commence on June 20, 2023, and indicated that it would not entertain any further motions to continue the trial absent extraordinary circumstances. (Doc. 1494).

On December 13, 2022, three new attorneys entered their appearance as counsel for Defendant Larkin. (Doc. 1509). On January 24, 2023, newly appointed counsel, Eric Kessler, entered his appearance for Defendant Spears (Doc. 1522) and Defendant Spear's prior counsel, Bruce Feder, was allowed to appear as *Knapp* counsel to further aid in his defense. (Doc. 1523). On February 17, 2023, the Court issued an Order setting a Final Pretrial Conference for June 14, 2023, and specified associated pretrial filing deadlines. (Doc. 1524).

Movants filed their Motion to Continue on March 9, 2023, seeking a six-month

continuance of the trial date. (Doc. 1526 at 5). No other Defendant joined in the Motion but all have otherwise indicated they have no objection to a continuance. (*Id.* at 2).

## II. Legal Standard

In assessing a request to continue trial, a court looks at four factors: (1) the defendant's diligence in readying his defense prior to trial; (2) the usefulness of the continuance; (3) the extent to which granting the continuance inconveniences the court, the government, and witnesses; and (4) the potential prejudice if a continuance is denied. *United States v. Flynt*, 756 F.2d 1352, 1358–59 (9th Cir.), amended on other grounds, 764 F.2d 675 (9th Cir. 1985). *See also United States v. Thompson*, 587 F.3d 1165, 1174 (9th Cir. 2009) (identifying similar factors to consider in assessing whether a requested continuance is reasonable). "[T]he focus of [the] prejudice inquiry is the extent to which the aggrieved party's right to present" its case may be affected. *United States v. Kloehn*, 620 F.3d 1122, 1127–28 (9th Cir. 2010) (internal quotation marks and citation omitted).

## III. Analysis

Movants assert that the Court should continue the trial to permit their counsel sufficient time to prepare for trial and meet their "ethical and professional obligations to provide competent representation." (Doc. 1526 at 3). They assert that the case "involves complex, novel legal issues and voluminous facts regarding the 14-year operations of a multinational internet company." (*Id.* at 2). They point out that the Government identified nearly 2,000 trial exhibits and 76 witnesses in the first trial. (*Id.* at 2–3). They claim they have been diligent in their preparation duties since their initial appearances but that in light of the time it will take to thoroughly analyze the evidence and legal issues, "a continuance is necessary to avoid prejudice to Mr. Larkin's and Mr. Spears's sixth amendment right to counsel." (*Id.* at 2–3). They claim that should the Court maintain its current trial date of June 20, 2023, they will be inadequately prepared and possibly render ineffective assistance of counsel, resulting in potential malpractice and prejudice to their clients. (*Id.*)[3]

---

[3] In the Motion, counsel for Defendant Spears also represented that he had a state court criminal trial set to start at the beginning of May that would necessarily pull him away from preparing for a June 20 trial (Doc. 1526 at 5), but at the hearing, he reported that that matter would likely settle short of trial.

In Defendant Lacey's filing, he states that because Defendant Larkins's counsel has agreed to share in case and witness preparation, he would also suffer prejudice if the trial was not continued. (Doc. 1535 and 1536). However, at the hearing, the Defendants' counsel clarified that the division of labor was not solely between Defendants Lacey and Larkin, but all Defense counsel.[4]

In its opposition, the Government asserts that "[u]pending the trial schedule and postponing trial to the cusp of the 2023-2024 winter holidays will inconvenience and prejudice the United States, victims, witnesses, the Court and the public." (Doc. 1530 at 2). The Government also says Movants' preparation can be greatly streamlined because this matter has already proceeded to trial and Movants' new attorneys have "long had access to the public court filings," including seven motions to dismiss and all the transcripts form the first trial, which included the Government's opening statement and the testimony of four of its witnesses. (*Id.* at 3). The Government points out that it has produced its evidence in electronically-searchable indices, and since August 2021, it has reduced the number of testifying witnesses. (*Id.* at 3, 6). The Government also draws attention to the fact that Movants' attorneys "are not starting from a blank slate." (*Id.* at 7). Defendant Larkin's new attorneys have the benefit of all the work done by Larkin's prior firm, who took the case to trial, and Defendant Spear remains represented by Mr. Feder, who has been working on the case since April 2018. (*Id.* at 8). Moreover, certain counsel have been involved in the representation of Defendants for years, there is an agreement to divide the trial duties among them, and Movants concede there is no lack of cooperation among them. (*Id.*) Finally, the Government notes that before accepting appointment as counsel, the Court specifically required Movants' newly-retained counsel to acknowledge that they knew how massive of an undertaking this case was, and the June 20, 2023, trial was firm.

---

[4] By the Court's review of the docket, fourteen attorneys currently represent the six remaining Defendants. Defendant Lacey has three attorneys: Erin McCampbell, Paul Cambria, and Janey Cook; Defendant Larkin has three attorneys: Timothy Eckstein, Joseph Roth, Sarah Lawson; Defendant Brunst has four attorneys: Gary Lincenberg, Ariel Neuman, Gopi Panchapakesan, and Michael Kimerer; Defendant Spear has two attorneys: appointed counsel Eric Kessler and *Knapp* counsel Bruce Feder; Defendant Padilla has one attorney: appointed counsel David Eisenberg; and Defendant Vaught has one attorney: Joy Bertrand.

(*Id.*)

The parties focus their arguments on the prejudice factor and thus the Court will also. *See United States v. Gross*, 424 F.Supp.3d 800, 803, 807 (C.D. Cal. Dec. 20, 2019) ("The weight attributed to any one factor may vary" but whether a defendant "will be prejudiced by the denial of a continuance is the most important factor to consider"). *See also Flynt, 756 F.2d at 1359* ("[I]n order to obtain a reversal, appellant must show at a minimum that he has suffered prejudice as a result of the denial of his request."). After considering the parties' arguments, the Court finds that granting some extension of time to allow Defendant Larkin and Spears counsel to prepare for trial is a reasonable request. However, the Court finds that the length of time requested—six months—is not reasonable, and Movants will not be prejudiced by a shorter continuance. This is particularly so because Defendants Larkin and Spear have long had access to the Government's theory of the case, and in doing so, have had a roadmap of what the Government intends to present at trial and how to adequately defend. Moreover, the three attorneys of record for Defendant Larkin, and the two attorneys representing Defendant Spears (one of whom represented him in the first trial), will also be aided by the nine attorneys representing the remaining co-Defendants, and all have acknowledged to the Court that an agreement to divide trial preparation exists. Several of these attorneys have represented their clients since the SI was issued. Notably, counsel has ready access to their clients, as none are in custody, and all are able to assist in their own defense. Finally, Movants' attorneys are also significantly aided by the prior Court's rulings, which have narrowed and clarified the remaining issues to be tried. Among other things, these ruling identify the established law of the case, and warn the parties that any new or renewed motions must be supported by new law and/or newly discovered evidence. Thus, the Court finds that these circumstances significantly diminish any potential prejudice to Defendants as well as the potential that newly-retained counsel will be unprepared.

Notably, over five years will have passed between the indictments and the pending trial. Though documentation evidence remains stagnant, memories of victims and

witnesses threaten to diminish as more and more time passes. *See e.g.*, *United States v. Bert*, 814 F.3d 70, 83 (2d Cir. 2016) ("[T]here is a risk [of] loss of important evidence" if a trial is unduly delayed. 'Certainly, the public is the loser when a criminal trial is not prosecuted expeditiously, as suggested by the aphorism, 'justice delayed is justice denied.'"). This consideration also weighs against such a lengthy continuance.

Accordingly,

**IT IS ORDERED granting in part,** Movants' Motion to Continue (Doc. 1526) and the Jury Trial set for June 20, 2023, is **vacated** and **reset,** to commence on **August 8, 2023, at 9:00 a.m**. Trial will be held Tuesdays through Fridays beginning on August 8, 2023, and through November 3, 2023, or until the conclusion of trial. The Court will adjourn each Friday at noon. Trial will be in recess July 28—August 4, 2023, September 1 and 5, 2023, and October 2—6, 2023. Should any counsel have a bona fide conflict with this schedule, he/she shall file a Notice, **within seven (7) days of this Order**, stating the date(s) and nature of the conflict for the Court's consideration.[5] Following issuance of this Order, the Court will provide an electronic courtesy trial calendar to all counsel.

**IT IS FURTHER ORDERED** that the Final Pretrial Conference set for June 14, 2023, is **vacated** and **reset** to **July 27, 2023, at 1:00 p.m.** The following deadlines are continued and reset:

 (1) The parties shall file their Joint Pretrial Memorandum and all case-related documents by **June 29, 2023**.

 (2) Motions in limine shall be filed by **June 8, 2023**, and responses filed by **June 15, 2023**.

 (3) Counsel for the Government shall meet with AV Support on the day of the Final Pretrial Conference, on **July 27, 2023**, **at 10:30 a.m. in Courtroom 605**. Defendants' counsel shall meet with AV Support immediately

---

[5] The Court understands that no counsel have any pending firm trial dates in the District of Arizona through October 2023. The Court also recognizes that Defendant Brunst's counsel had previously noted a conflict stating that counsel Lincenberg is set to take a pre-planned international vacation from September 7–15, 2023 (an annual trip). (Doc. 1497). The Court notes that Defendant Brunst is represented by three other attorneys, including Mr. Kimerer, Mr. Panchapkensan, and Ms. Neuman, and therefore the Court will not recess for this period.

following the Final Pretrial Conference at **3:00 p.m. in Courtroom 605**.

**IT IS FURTHER ORDERED** the remainder of the Court's Order setting the Final Pretrial Conference (Doc. 1524) is **affirmed**.

The Court finds excludable delay under 18 U.S.C. §3161(h) from June 21, 2023 to August 8, 2023.

Dated this 23rd day of March, 2023.

Honorable Diane J. Humetewa
United States District Judge