GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-18-422-PHX-DJH |
|---|---|
| Plaintiff, | **UNITED STATES' RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE REFERENCES TO PROSTITUTION MARKETING STRATEGIES (Doc. 1591)** |
| v. | |
| Michael Lacey, et al., | |
| Defendants. | |

Defendants' motion should be denied. (Doc. 1591.) Defendants' arguments are far from fresh. The Court has repeatedly affirmed the relevance and admissibility of evidence related to Defendants' prostitution marketing strategies. Defendants are correct that this motion is governed by the "law of the case," they simply fail to accurately describe that "law." (*Id.* at 3.) This Court has rejected Defendants' argument on numerous occasions.

## 1.  Court's Order Denying Defendants' Motion to Dismiss (Doc. 793)

In 2019, the Court first ruled that the prostitution marketing strategies are relevant. (Doc. 793 at 14, 19-20.)

> The SI does not allege Defendants are criminally liable because they unknowingly and unintentionally operated a website used by third parties to post prostitution ads. Rather, it alleges Defendants purposely sought out opportunities to increase prostitution advertising on Backpage. The SI alleges the Defendants intentionally identified prostitutes, created free Backpage ads for them, and used those ads to try to secure future business. . . . Defendants also sought to expand their traffic through TER, a "prostitution website" where "johns" could rate and review escorts including the "prices charged for particular sex acts."

(Doc. 793 at 13.)

Indeed, the Court found that if the United States could prove that Defendants engaged in these prostitution marketing strategies that would "establish defendants had the specific intent to promote prostitution in violation of the Travel Act." (*Id.* at 20.) The Court concluded that the SI alleged "Defendants used a website with the intent to facilitate prostitution . . . and executed strategies to further and increase that activity." (*Id.* at 22.) The Court's ruling would be rendered nonsensical if it actually believed—as Defendants now claim—that all evidence related to Defendants' business practices that occurred before September 10, 2013 was "inadmissible." (Doc. 1519 at 3.)

## 2.  Preliminary Jury Instructions (Doc. 1311)

The Court issued preliminary jury instructions that are consistent with the United States introducing evidence related to Defendants' prostitution marketing strategies. The preliminary jury instructions outline the elements for Count 1—conspiracy to violate the Travel Act: "First, beginning in or around 2004, and ending on or about April 2018, there

- 1 -

was an agreement between two or more persons to commit at least one Travel Act offense as charged in the indictment." (Doc. 1311 at 3.)

### 3.  Defendants' Motion for Judgment of Acquittal (Doc. 1272)

After the United States' opening statement, Defendants made the same argument: "The Court expressly told the parties that the case is not about whether defendants promoted prostitution in general, nor about what Backpage did or did not do, but is about whether each individual defendant had specific knowledge of each charged ad and specifically intended to promote a business of prostitution by that ad." (Doc. 1272 at 3 (citing the same language from Doc. 946 as appears in the instant motion).) The United States responded to Defendants' motion (Doc. 1275) and the Court orally denied it. (Doc. 1342 at 4-11.)

The Court found that all statements in the opening that related to conduct pre-dating the substantive counts (before 2013) were fair game, because they were "all in furtherance of the charged conspiracy." (Doc. 1342 at 7) ("The defendants' argument that the government's reference to other acts evidence violated Rule 404(b), all uncharged acts mentioned in the opening statement as alleged are all in furtherance of the charged conspiracy and not subject to Rule 404(b)'s requirement.")  In addition, the Court found that evidence related to Defendants' prostitution marketing strategies was relevant and if proved, would "certainly" demonstrate "circumstantial evidence of intent." (Doc. 1342 at 9.)

### 4.  Defendants' Motion to Limit Testimony of J.S. (Doc. 1295)

Defendants asserted the same argument in their motion to limit testimony filed during trial, namely that J.S.'s testimony should not be permitted because it didn't relate to the 50 ads at issue in Counts 2-51. (Doc. 1294 at 4) ("The Court cannot allow this trial to become about every bad act associated with Backpage over a 14-year time period. Allowing the Government to proceed in that manner would violate Defendants' rights to a fair trial and effectively amend the indictment beyond the 50 ads at issue.") The Court denied Defendants' motion and permitted the United States to present evidence that pre-

1 | dated 2013. (Doc. 1334 at 65-67.)

2 | **5. Court's Order Denying Defendants' Motion to Dismiss (Doc. 946)**

3 | Defendants also fail to provide the appropriate context for the Court's language that
4 | they cite in support of their instant motion. (Doc. 946 at 13.) The Court, in disagreeing with
5 | Defendants' assertion that the SI failed to identify the "unlawful activity" that forms the
6 | basis for Travel Act charges, wrote: "Based on the allegations here, Defendants are not
7 | charged with anything related to gambling, narcotics, bribery, extortion or arson.  Rather,
8 | they are clearly charged with intending to facilitate and thereafter facilitating or attempting
9 | to facilitate businesses involved in prostitution. *See* 18 U.S.C. § 1952(b)(i)(1)." (Doc. 946
10 | at 9.) Addressing the individual substantive Travel Act charges in Counts 2-51, the Court
11 | also observed that "the SI alleges fifty instances where Defendants posted ads on
12 | Backpage.com to facilitate specific individual prostitutes or pimps involved in the business
13 | of prostitution" and used language that "almost identically mirrors the Travel Act's
14 | text." (Doc. 946 at 11.) The Court went on to explain that these fifty instances were part
15 | and parcel of "a continuous course of conduct where Defendants facilitated 'unlawful
16 | activity' [including] numerous pimps, prostitutes and traffickers in violation of the Travel
17 | Act." (Doc. 946 at 13-14.) The Court did not rule, as Defendants suggest, that the United
18 | States' trial presentation was limited only to evidence related to the 50 Travel Act
19 | violations.

20 | **6. Court's Order Denying Defendants' Motion to Dismiss (Doc. 1444)**

21 | Finally, this Court has also had an opportunity to consider and reject Defendants'
22 | argument that the United States should be precluded from introducing evidence that pre-
23 | dates 2013. "The Government was entitled to provide the jury with a history of
24 | Backpage.com, which began in 2004, and an explanation of its case as outlined in the SI,
25 | which spanned through 2018." (Doc. 1444 at 7.)

26 | Defendants' motion should be denied. The law of the case is clear—the United
27 | States may introduce evidence that relates to Defendants' prostitution marketing strategies.

28 |

1

Respectfully submitted this 15th day of June, 2023.

2

3
GARY M. RESTAINO
United States Attorney
District of Arizona

4

5
*s/ Andrew C. Stone*
KEVIN M. RAPP

6
MARGARET PERLMETER
PETER S. KOZINETS

7
ANDREW C. STONE
DAN G. BOYLE

8
Assistant U.S. Attorneys

9
KENNETH POLITE
Assistant Attorney General

10
U.S. Department of Justice
Criminal Division, U.S. Department of Justice

11

12
AUSTIN M. BERRY
Trial Attorney

13

14

15
## CERTIFICATE OF SERVICE

16
I hereby certify that on June 15, 2023, I electronically transmitted the attached

17
document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

18
Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance

19
as counsel of record.

20

21
*s/ Daniel Parke*
Daniel Parke

22
U.S. Attorney's Office

23

24

25

26

27

28