Timothy J. Eckstein, 018321
    teckstein@omlaw.com
Joseph Roth, 025725
    jroth@omlaw.com
Sarah P. Lawson, 036436
    slawson@omlaw.com
OSBORN MALEDON, P.A.
2929 North Central Avenue, 20th Floor
Phoenix, AZ 85012-2793
Telephone: (602) 640-9000
Facsimile: (602) 640-9050

Attorneys for Defendant James Larkin

Gary S. Lincenberg *(admitted pro hac vice)*
    glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
    aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
    gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant John Brunst

*[Additional counsel listed on next page]*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Michael Lacey, et al.,<br><br>　　　　Defendants. | CASE NO. 2:18-cr-00422-004-PHX-DJH<br><br>**DEFENDANTS' RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS' PURPORTED GOOD FAITH RELIANCE ON ADVICE OF COUNSEL (DKT. 1599)** |

DEFENDANTS' RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* (DKT. 1599)

1  Paul J. Cambria, Jr. *(admitted pro hac vice)*
   pcambria@lglaw.com
2  Erin McCampbell Paris *(admitted pro hac vice)*
   eparis@lglaw.com
3  LIPSITZ GREEN SCIME CAMBRIA LLP
   42 Delaware Avenue, Suite 120
4  Buffalo, New York 14202
   Telephone: (716) 849-1333
5  Facsimile: (716) 855-1580

6  Attorneys for Defendant Michael Lacey

7  Eric W. Kessler
   eric.kesslerlaw@gmail.com
8  Kessler Law Group
   6720 N. Scottsdale Rd., Suite 210
9  Scottsdale, AZ 85253
   Telephone: (480) 644-0093
10 Facsimile: (480) 644-0095

11 Bruce S. Feder, 004832
   bf@federlawpa.com
12 FEDER LAW OFFICE, P.A.
   2930 E. Camelback Road, Suite 160
13 Phoenix, Arizona 85016
   Telephone: (602) 257-0135
14
   Attorneys for Defendant Scott Spear
15
   David Eisenberg, 017218
16    david@deisenbergplc.com
   DAVID EISENBERG PLC
17 3550 N. Central Ave., Suite 1155
   Phoenix, Arizona 85012
18 Telephone: (602) 237-5076
   Facsimile: (602) 314-6273
19
   Attorney for Defendant Andrew Padilla
20
   Joy Malby Bertrand, 024181
21    joy.bertrand@gmail.com
   JOY BERTRAND ESQ LLC
22 PO Box 2734
   Scottsdale, Arizona 85252
23 Telephone: (602) 374-5321
   Facsimile: (480) 361-4694
24
   Attorney for Defendant Joye Vaught
25

26

27

28

2
DEFENDANTS' RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* (DKT. 1599)

## I. INTRODUCTION

The Government's motion to preclude references and testimony regarding attorney advice contradicts the Government's prior actions and positions in this case. *First*, the Government interviewed Carl Ferrer repeatedly about attorney advice regarding the legality of Backpage's operations.

*Second*, while failing to apprise the Court that it was already questioning Ferrer regarding attorney advice, the Government moved for an order permitting it to do so. Dkt. 195. Judge Logan denied the Government's motion. Dkts. 338, 345. Nevertheless, the Government continued questioning Ferrer about attorney communications.

*Third*, the Government opposed a motion to dismiss based on these privilege invasions (Dkt. 942), arguing that the attorney communications were not privileged and, if they ever were, the privilege had been waived. Dkt. 998 at 1-2. Judge Brnovich agreed and denied the motion.[1] Dkt. 1168. Though erroneous, that ruling is the law of the case.

*Fourth*, the Government submitted witness and exhibit lists that reflect purported "notice" evidence from banks, credit card companies, the National Association of Attorneys General (NAAG), the National Center for Missing & Exploited Children (NCMEC), and media outlets regarding the alleged illegality of Backpage's operations. *See, e.g.*, Dkt. 1313 at Exhs. 119, 171, 178a, 486, 681, 1052-55, 1768-a.

Against this backdrop, during opening statements in the first trial, the Court overruled the Government's objections to defense counsel referencing attorney advice. That advice—validated by the results of numerous judicial proceedings and countless accolades from law enforcement—led Defendants to believe they were acting in compliance with the law. These evidentiary rulings are the law of the case. And the attorney advice is relevant regardless of whether the Court allows an advice of counsel defense since it is evidence of good faith, which negates specific intent. *See Bisno v. United States*, 299 F.2d 711, 719 (9th Cir. 1961).

---

[1] The Court did not decide whether Ferrer had the capacity to waive the attorney-client privilege on behalf of Backpage. Dkt. 1168 at 19 n.5.

Finally, it is premature to consider whether Defendants are entitled to an advice of counsel jury instruction. Case law makes clear that the Court should decide that question after considering the evidence that comes in at trial.[2]

## II.  ARGUMENT

### A.  The Law of the Case Requires Denial of the Motion.

Prior briefing set forth in detail the Government's extensive inquiry into lawyer advice and communications involving the legality of Backpage's business practices (including ad moderation), the protections afforded by the First Amendment, and defenses to a potential federal criminal prosecution.[3] The Government interviewed Ferrer about the contents of written legal memoranda and emails prepared by several attorneys, including former state and federal prosecutors and First Amendment specialists. *See* Dkt. 1168 at 4-6. In its exhibit lists, pre-trial motions, and even its opening statement in the first trial, the Government previewed its attacks on the propriety of Backpage's attorney communications.[4]

To defend against these attacks, and rebut the suggestion that Defendants were put on notice of wrongdoing, Defendants referenced this attorney advice during their opening statements in the first trial. For example, the Government's allegations regarding letters to Backpage from NCMEC and NAAG are inextricably intertwined with the contemporaneous advice Defendants were receiving regarding these letters. Judge Brnovich approved this approach and *overruled* the Government's objections:

> MR. BIENERT: ***Lawyers, you'll hear Mr. Ferrer -- and I'll talk about him in a minute -- their witness is going to tell them how he told them, we had lawyers the whole time telling us that our moderation practices were legal, that we were protected by the First Amendment.***

---

[2]  The motion should also be denied for failure to abide by the Court's order requiring "proposed language for the order being sought from the Court." Dkt. 1524 at 3-4.

[3]  *See* Dkts. 942 (lodging Ferrer MOIs under seal), 1000, 1023, 1234, 1238, 1258.

[4]  *See, e.g.*, Dkt. 1341 at 23:14-15 (belittling Samuel Fifer of Dentons, one of Backpage's highly-respected First Amendment lawyers and the recipient of the NAAG letters, as a "public relations representative."); *id.* at 24:11-15 (questioning whether Backpage's attorneys were forthcoming with "the AGs and others that they were doing everything they could to prevent these ads from being posted on the website.").

1    MR. JONES: Objection.

2    **THE COURT: *The objection is overruled.***

3    Dkt. 1342 at 54:2-21 (emphasis added).[5]

4    The Court's evidentiary rulings during the first trial are likewise the law of the case.
5    *See Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2016 WL 777924, at *3
6    (N.D. Cal. Feb. 29, 2016) (holding that prior rulings on "evidentiary objections" are the
7    law of the case).

8    **B.     The Government's Request Is Premature.**

9    In arguing that Defendants may not raise an advice of counsel defense, the
10   Government cites *Bisno v. United States*, 299 F.2d 711, 719 (9th Cir. 1961) and *United*
11   *States v. Holmes*, No. 5:18-CR-00258-EJD-1, 2021 WL 2044470 (N.D. Cal. May 22,
12   2021), both of which undercut the Government's argument.  The court in *Holmes* deferred
13   ruling on the very same "premature" motion *in limine* that the Government brings here.
14   *Holmes* at *51.  In *Bisno*, the court received advice of counsel evidence, concluding at the
15   end of the case that the evidence did not warrant an advice of counsel instruction (but still
16   went to the defendant's good faith): "While the foregoing may constitute some evidence of
17   good faith, it falls short of the minimum proof required to justify an instruction relating to
18   advice of counsel." *Bisno*, 299 F.2d at 719.  Defendants are therefore not required, as the
19   Government suggests, to disclose pre-trial any intent to pursue a defense based on attorney
20   advice (whether an advice of counsel or good faith defense).

---

[5]  *See also* Dkt. 1343 at 35:23-36:16 ("And if you were a reasonable person of reasonable intelligence -- and I submit that Mike Lacey is -- and ***you were told we have a number of lawyers who are skilled in the First Amendment area and in the criminal area, some former prosecutors and so on, and they have advised us*** that we -- MR. JONES:  Objection, Your Honor. THE COURT:  What's your objection? . . . . MR. JONES:  Sorry. He's misstating the law, Your Honor. MR. CAMBRIA:  I didn't state the law, Your Honor. THE COURT:  ***The objection is overruled***." MR. CAMBRIA: Thank you. -- and ***that you have hired lawyers who specialize in this area and they have advised you how to do these things lawfully and not be somebody who is advancing or promoting***.") (emphasis added).

3
DEFENDANTS' RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* (DKT. 1599)

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (May 2023) § II(C)(3), Gary S. Lincenberg hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

DATED:  June 15, 2023                Respectfully submitted,

Timothy J. Eckstein
Joseph Roth
Sarah P. Lawson
Osborn Maledon, P.A.

By:     */s/ Timothy J. Eckstein*
            Timothy J. Eckstein
    Attorneys for Defendant James Larkin

DATED:  June 15, 2023

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By:     */s/ Gary S. Lincenberg*
            Gary S. Lincenberg
    Attorneys for Defendant John Brunst

DATED:  June 15, 2023

Paul J. Cambria
Erin McCampbell Paris
Lipsitz Green Scime Cambria LLP

By:     */s/ Paul J. Cambria*
            Paul J. Cambria
    Attorneys for Defendant Michael Lacey

DATED:  June 15, 2023

Kessler Law Group

By:     */s/ Eric W. Kessler*
            Eric W. Kessler
    Attorney for Defendant Scott Spear

---

4

DEFENDANTS' RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* (DKT. 1599)

DATED: June 15, 2023         Feder Law Office, P.A.

By:    */s/ Bruce S. Feder*
        Bruce S. Feder
        Attorney for Defendant Scott Spear

DATED: June 15, 2023         The Law Office of David Eisenberg, PLC

By:    */s/ David Eisenberg*
        David Eisenberg
        Attorney for Defendant Andrew Padilla

DATED: June 15, 2023         Joy Bertrand Esq. LLC

By:    */s/ Joy Malby Bertrand*
        Joy Malby Bertrand
        Attorney for Defendant Joye Vaught

5
DEFENDANTS' RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* (DKT. 1599)