Timothy J. Eckstein, 018321
Joseph N. Roth, 025725
Sarah P. Lawson, 036436
OSBORN MALEDON, P.A.
2929 North Central Avenue, 20th Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
teckstein@omlaw.com
jroth@omlaw.com
slawson@omlaw.com

*Attorneys for James Larkin*
Additional counsel on following page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No. 2:18-cr-00422-PHX-DJH |
| Plaintiff, | **DEFENDANTS' RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE REFERENCES TO COURT DECISIONS, RULINGS, OPINIONS, OR RESULTS FROM PRIOR LITIGATION FILED BY OR AGAINST BACKPAGE.COM, LLC OR ITS OWNER(S)** |
| vs. | |
| Michael Lacey, *et al.*, | |
| Defendants. | |
| | (Oral Argument Requested) |

Paul J. Cambria, Jr. (NY 15873, admitted *pro hac vice*)
Erin E. McCampbell (NY 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
(716) 849-1333
pcambria@lglaw.com
emccampbell@lglaw.com

*Attorneys for Michael Lacey*

Bruce S. Feder (AZ 004832)
FEDER LAW OFFICE PA
2930 E. Camelback Rd., Suite 160
Phoenix, Arizona 85016
(602) 257-0135
bf@federlawpa.com

Eric Walter Kessler
KESSLER LAW OFFICE
6720 N. Scottsdale Rd., Suite 210
Scottsdale, Arizona 85253
(480) 644-0093
Eric.kesslerlaw@gmail.com

*Attorneys for Scott Spear*

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW P.C.
1875 Century Park E., Suite 2300
Los Angeles, California 90067
(310) 201-2100
glincenberg@birdmarella.com
gpanchapakesan.@birdmarella.com
aneuman@birdmarella.com

*Attorneys for John Brunst*

David S. Eisenberg
DAVID EISENBERG PLC
3550 N. Central Ave., Ste. 1155
Phoenix, Arizona 85012
(602) 237-5076
david@eisenbergplc.com

*Attorneys for Andrew Padilla*

2

1  Joy Malby Bertrand
   JOY BERTRAND ESQ LLC
2  P.O. Box 2734
   Scottsdale, Arizona  85252
3  (480) 656-3919
   joyous@mailbag.com
4
   *Attorneys for Joye Vaught*
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The government moves to preclude all references to any past litigation involving Backpage.com, its affiliates, or its owners, claiming they are irrelevant and "everything is different now." The government is incorrect, and the Court should deny the motion.

First, the government identified six cases, claiming each is irrelevant because it "concerned other statutes, including Section 230." The government's characterization of those six cases is, at best, inaccurate. In three of the cases, federal district courts struck down, on First Amendment grounds, state statutes that would have authorized the prosecution of Backpage.com for publishing adult-oriented ads that either contained an explicit or implicit offer for a commercial sex act involving a minor or would have appeared to a reasonable person to be for the purpose of engaging in what would be a commercial sex act involving a minor.[1] In another case, the Seventh Circuit Court of Appeals reversed a district court's decision refusing a preliminary injunction against a law enforcement officer, holding that he violated Backpage.com's First Amendment rights by threatening credit card companies with criminal prosecution for being accomplices to purported illegal activity on Backpage.com.[2] Two cases involved the dismissal of civil suits, in part on Section 230 grounds, but each decision also rejected claims premised on allegations that Backpage's website and moderation practices violated federal criminal law, including the 18 U.S.C. § 2, 18 U.S.C. §§ 1591 & 1595, and 18 U.S.C. § 2255.[3]

The government failed to mention a seventh case in which Backpage.com challenged the constitutionality of 18 U.S.C. § 1591, after Congress added "advertising" as a predicate act for sex trafficking. In seeking to dismiss on standing grounds, the government insisted:

> "Even if an advertisement for illegal sex trafficking appeared on Plaintiff's website, Plaintiff could not be convicted under either § 1591(a)(1) or (a)(2)

---

[1] *Backpage.com, LLC v. Hoffman*, Case No. 13–cv–03952 (DMC)(JAD), 2013 WL 4502097 (D.N.J. Aug. 20, 2013); *Backpage.com, LLC v. Cooper*, 939 F.Supp.2d 805 (M.D. Tenn. 2013); *Backpage.com, LLC v. McKenna*, 881 F. Supp. 2d 1262 (W.D. Wash. 2012). Additionally, each court held the state statute at issue to be preempted by Section 230.
[2] *Backpage.com, LLC v. Dart*, 807 F.3d 229 (7th Cir. 2015).
[3] *Doe ex rel. Roe v. Backpage.com, LLC*, 104 F. Supp. 3d 149, 157 (D. Mass. 2015), *aff'd sub nom. Jane Doe No. 1 v. Backpage.com, LLC*, 817 F.3d 12 (1st Cir. 2016); *M.A. ex rel. P.K. v. Village Voice Media Holdings, LLC,* 809 F.Supp.2d 1041 (E.D. Mo. 2011)

4

>without proving that Plaintiff knew that *the advertisement at issue* related to illegal sex trafficking of a minor or of a victim of force, fraud, or coercion."

*Backpage.com, LLC v. Lynch*, No. 1:15-2155-RBW (D.D.C. Apr. 15, 2016) (ECF No. 13 at 7-8, ) (emphasis added).  The district court agreed with the government's interpretation of the statute.  *Backpage.com, LLC v. Lynch*, 216 F. Supp. 3d 96, 108-09 (D.D.C. 2016).

The government claims "Defendants…misled courts across the United States," but Defendants were not parties to these suits, nor did they submit *anything* to the courts, much less mislead the courts.  The government claims "the cases all were premised on the notion that Backpage merely was a passive 'intermediary,'" citing *Dart*, but that decision does not even include the word "passive," much less the phrase "passive intermediary."  The government claims the district court dismissed *Dart* and imposed sanctions, but fails to disclose that a) the case was dismissed on mootness grounds only after the government seized and shutdown the website and Backpage failed to respond to a motion to dismiss and b) sanctions were awarded only after Backpage also failed to respond to a sanctions motion.  *Backpage.com, LLC v. Dart*, No. 1:15-cv-06340 (N.D. Ill. 2018) (ECF Nos. 244 & 253).  Moreover, the Seventh Circuit just confirmed the continuing vitality of *Dart*, citing it in *Webber v. Armslist, LLC*, __ F.4th __, 2023 WL 3945516 (7th Cir. June 12, 2023):

>[I]n *Backpage.com v. Dart*, this court considered whether a county sheriff violated the First Amendment by threatening credit card companies with criminal prosecution as accomplices to illegal activity being advertised on an online forum.  This court…not[ed] that under ordinary understandings of culpable assistance of wrongdoers, entities that know the information's content do not become liable for the poster's words.  We therefore expressed doubt that the online forum could be held liable for aiding and abetting a crime just because they were aware that users had posted ads for illegal conduct.  We acknowledged, however, that the CDA did not immunize the online forum from federal criminal liability.

(internal citations omitted) .

As the government notes, at the first trial the Court did say "all of those cases are misleading" (Doc. 1334 at 12) and there would need to be "some discussion about the admissibility of all these other cases" (Doc. 1434 at 103).  The government failed to disclose, however, that the Court made each of those comments after the *government* elicited testimony about a different civil suit that Backpage settled and after the *defense* objected.  While the Court's comments seem to have been directed at both sides, the Court said it

would "probably…reread the [cases] again a couple of other times" (Doc. 1334 at 13), but made no decisions before the mistrial.

The government claims the decisions are "not applicable," but the trilogy of cases, brought by Backpage, resulting in three different federal courts each striking down, as inconsistent with the First Amendment, a statute purporting to criminalize the publication of adult ads because they look like they might be associated with prostitution, plainly are relevant to Defendants' state of mind and the issue of specific intent. So too the Seventh Circuit's opinion holding that a sheriff's threats to prosecute credit card companies for facilitating illegal activity being advertised on Backpage.com violated Backpage's First Amendment rights. For the reasons discussed in Defendants' response to the government's motion addressing Section 230 (Doc. 1615), the decisions in the two civil suits also are relevant as to Backpage's moderation practices and for their rejection of the criminal theories advanced and how those affected Defendants' state of mind.

Moreover, these civil actions are relevant for the independent reasons that numerous government witnesses had connections with one or more of the actions and Defendants must be permitted to cross-examine the government's witnesses about the actions. For example, cooperator Carl Ferrer submitted declarations under oath in many of the actions—and those declarations contradict statements in his plea agreement. The government also intends to elicit testimony from Paula Selis about Washington's demands of Backpage.com and statements made in response in a meeting, but Ms. Selis provided the same testimony in defense of a state law that was struck down as facially unconstitutional. The government also intends to elicit testimony from various NCMEC representatives about demands they made of Backpage, but NCMEC said similar things in amicus filings in some of these actions and the courts rejected NCMEC's positions. If the Court permits the government to elicit testimony suggesting that these witnesses put Backpage on "notice" or that Backpage should have followed their demands, Defendants need to be able to rebut that testimony by showing that the courts rejected those positions.

The government complains about complexity at trial if its motion is not granted, but the government brought this prosecution knowing of these cases, and that Defendants would rely on them, so any complexity is of its own making. The motion should be denied.

6

DATED this 15th day of June, 2023.

**OSBORN MALEDON, P.A.**

By    s/ Joseph N. Roth
       Timothy J. Eckstein
       Joseph N. Roth
       Sarah P. Lawson
       2929 North Central, 20th Floor
       Phoenix, Arizona  85012-2794

*Attorneys for James Larkin*

**LIPSITZ GREEN SCIME CAMBRIA LLP**

By    s/ Paul J. Cambria, Jr. (w/permission)
       Paul J. Cambria, Jr. (*pro hac vice*)
       Erin E. McCampbell (*pro hac vice*)
       42 Delaware Avenue, Suite 120
       Buffalo, New York 14202

*Attorneys for Michael Lacey*

**FEDER LAW OFFICE PA**

By    s/ Bruce S. Feder (w/permission)
       Bruce S. Feder
       2930 E. Camelback Road, Suite 160
       Phoenix, Arizona  85016

**KESSLER LAW OFFICE**

By    s/ Eric W. Kessler (w/permission)
       Eric W. Kessler
       6720 N. Scottsdale Rd., Suite 210
       Scottsdale, Arizona  85253

*Attorneys for Scott Spear*

**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW P.C.**

By   <u>s/ Gary S. Lincenberg (w/permission)</u>
      Gary S. Lincenberg
      Gopi K. Panchapakesan
      Ariel A. Neuman
      1875 Century Park E., Suite 2300
      Los Angeles, California  90067

*Attorneys for John Brunst*

**DAVID EISENBERG PLC**

By   <u>s/ David S. Eisenberg (w/permission)</u>
      David S. Eisenberg
      3550 N. Central Ave., Ste. 1155
      Phoenix, Arizona  85012

*Attorneys for Andrew Padilla*

**JOY BERTRAND LAW**

By   <u>s/ Joy M. Bertrand (w/permission)</u>
      Joy M. Bertrand
      P.O. Box 2734
      Scottsdale, Arizona  85252

*Attorneys for Joye Vaught*