1   GARY M. RESTAINO
    United States Attorney
2   District of Arizona

3   KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
    MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
4   PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
    ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
5   Assistant U.S. Attorneys
    40 N. Central Avenue, Suite 1800
6   Phoenix, Arizona 85004-4408
    Telephone (602) 514-7500
7
    DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
8   Special Assistant U.S. Attorney
    312 N. Spring Street, Suite 1400
9   Los Angeles, CA 90012
    Telephone (213) 894-2426
10
    AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
11  U.S. Department of Justice
    Child Exploitation and Obscenity Section
12  1301 New York Avenue, NW, 11th Floor
    Washington, D.C. 20005
13  Telephone (202) 412-4136
    *Attorneys for Plaintiff*

14                  **IN THE UNITED STATES DISTRICT COURT**

15                      **FOR THE DISTRICT OF ARIZONA**

16

17   United States of America,                    CR-18-422-PHX-DJH

18                       Plaintiff,        **UNITED STATES' RESPONSE TO
                                           DEFENDANTS' OBJECTION TO**
19            v.                           ***FRYE-COOPER* HEARING AND
                                           MOTION TO VACATE HEARING**
20                                         **(Docs. 1681, 1684, 1687, 1689)**

21   Michael Lacey, et al.,

22                       Defendants.

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Preliminary Statement**

This Court properly scheduled a *Frye/Cooper* hearing to take place on Friday, August 18, 2023. To prevent claims of ineffective assistance of counsel, courts in this District routinely hold *Frye/Cooper* hearings to ensure that criminal defendants were informed before trial of any plea offers, and obtain on-the-record confirmation of the defendants' response. Despite this long-standing practice, and after requesting the Court reschedule the *Frye/Cooper* hearing in this case, Defendants now object that any such hearing is not necessary and could intrude on the attorney-client relationship or contravene Fed. R. Crim. P. 11(c)(1). Defendants are wrong, and their Motion to Vacate the hearing should be denied.

**Argument**

**I.    *Frye/Cooper* Hearings Forestall Ineffective Assistance of Counsel Claims.**

In *Missouri v. Frye*, 566 U.S. 134 (2012), defense counsel neglected to inform a defendant of a favorable plea offer before the offer's expiration. When the defendant later pleaded guilty and received a harsher sentence than that contemplated in the plea offer, counsel's performance was ruled constitutionally deficient. To prevent such errors, the Supreme Court recommended several safeguards, including making plea offers part of the record before trial:

> The prosecution and the trial courts may adopt some measures to help ensure against the late, frivolous, or fabricated claims after a later, less advantageous plea offer has been accepted or after a trial leading to conviction with resulting harsh consequences … [F]ormal offers can be made part of the record … before a trial on the merits, all to ensure that a defendant has been fully advised before those further proceedings commence.

*Frye*, 566 U.S. at 146. The Supreme Court's recommendations included extending a formal plea offer, reducing the plea offer to writing, and making a plea offer "part of the record at any subsequent plea proceeding or before a trial on the merits, all to ensure that a defendant has been fully advised before those further proceedings commence." *Id*. at 146. Regarding

the third measure, the Supreme Court referenced a procedure by which the parties "memorialize in some fashion prior to trial (1) the fact that a plea bargain offer was made, and (2) that the defendant was advised of the offer and its precise terms, . . . and (3) the defendant's response to the plea bargain offer." *Id.* at 147.

In a companion case, *Lafler v. Cooper*, the Supreme Court recognized that when the government extends a plea offer to a defendant, the defendant "has the right to effective assistance of counsel in considering whether to accept it." 566 U.S. 156, 168 (2012). If a defendant does not receive such assistance, and "loss of the plea opportunity [leads] to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence," the defendant has suffered prejudice as a result of the ineffective assistance. *Id.* The *Lafler* opinion cited with approval the preventive measures outlined in *Frye* to guard against later claims of ineffectiveness. *Id.* at 172.

Both caution and the Supreme Court instruct that the proper route to preclude future litigation over the information Defendants received about any plea bargain offers is to make a formal record of the plea offer and the Defendant's response. Thus, the United States has proposed a hearing at which the parties can put on the record the following facts regarding each Defendant: (1) the United States extended a plea offer; (2) the substance of the offer; (3) the Defendant understood the offer, its terms, and its deadline; and (4) Defendant knowingly rejected it. Doc. 1642 at 24. This reflects longstanding practice in this District. *See, e.g.*, *Ontiveros-Ponce v. Ryan*, CR-17-00081-PHX-JJT, 2019 WL 3557602, at *1-3 (D. Ariz. June 10, 2019) (describing *Frye* hearing). The Court scheduled the requested hearing, *see* Doc. 1677, and then rescheduled it at Defendants' request. It is presently set for Friday, August 18, 2023.

## II.    Defendants' Objections Are Unavailing.

### A.    An Ex Parte Affidavit of Counsel Is Insufficient.

Defendants' attempt to circumvent the hearing through submission of an ex parte affidavit of counsel does little to ensure that future litigation will be avoided. Without access to the ex parte affidavit, the United States cannot assess whether the precise offer

1   made was conveyed to the Defendant. Similarly, this Court does not have the information

2   necessary to assess the ex parte affidavit to determine whether the offers made by the

3   United States are the same as described in counsel's affidavit. Further, the ex parte

4   representations of counsel cannot supplant the Defendant's on-the-record confirmation of

5   the essential facts underlying the *Frye/Cooper* inquiry. *Cf. Ontiveros-Ponce*, 2019 WL

6   3557602, at *3 ("[defendant's] statements in open court are given substantial weight")

7   (citing *United States v. Kaczynski*, 239 F.3d 1108, 1115 (9th Cir. 2001).

8                   **B.      The Hearing Will Not Intrude on the Attorney-Client Relationship.**

9           Defendant asserts that the proposed hearing "presents the issue" of "intimidation

10  and interference in the attorney-client relationship." Mot. at 2. While Defendant includes

11  boilerplate statements about privilege, Defendant never explains how the proposed hearing

12  would actually violate the privilege, let alone how privilege law applies to the facts here.

13          The United States in no way intends to invade the attorney-client relationship. On

14  the contrary, the United States intends to ensure each Defendant's right to effective

15  assistance of counsel. The United States has a substantial interest in making a record of

16  plea offers that have been formally conveyed to a defendant and then rejected. If the

17  Defendant is convicted at trial and subsequently receives a sentence higher than that

18  contemplated by the plea offer, the United States will have an interest in forestalling later

19  appellate or 28 U.S.C. § 2255 ineffective assistance of counsel claims involving the

20  Defendant's receipt and knowledge of the United States' plea offers. Thus, the United

21  States seeks merely to create a record in the Defendant's own words acknowledging that

22  he/she knows a plea offer was made, the precise terms of the offer, and the rejection of that

23  offer. The United States does not seek or advocate for anything beyond those basic facts,

24  and certainly does not seek information about any questions that the Defendant asked of

25  his/her counsel, much less any advice that counsel gave on the matter.

26          In a prior case in this District, Mr. Feder, one of the attorneys in this case, similarly

27  objected, on privilege grounds, to an on-the-record inquiry at a final pretrial conference

28  regarding whether defendants had been made aware of the plea offer and the deadline for

acceptance. *See United States v. Anderson*, 19-CV-2142-SRB (DMF), Doc. 19, Report & Recommendation (D. Ariz. June 25, 2020). In response, the Court noted that it was "not going to ask [the defendant] about any conversations with [Mr. Feder]. I'm asking if he was aware that the government had extended the plea offer." *Id.* at 13. That is precisely what the United States intends here: An inquiry into each Defendant's knowledge of the plea offers extended and confirmation from the Defendant that the offer was not accepted.

### C.      Defendants' Rule 11 Assertions Are Misplaced.

Rule 11(c)(1) provides that "[a]n attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions." The United States is not inviting nor advocating for the Court to "participate in these discussions." Instead, the purpose of the requested hearing is to establish that any discussions have long since been completed. The Court's role in this hearing is no more participatory in the discussions than when it conducts a colloquy at the time of a guilty plea.

Defendant Vaught relies on *Phillips v. United States*, 519 F.2d 483, 485 (6th Cir. 1975)[1], yet *Phillips* does not support her Rule 11 argument. Instead, it affirmatively supports the United States' argument. In *Phillips*, the Sixth Circuit reversed a guilty plea because the District Court did not engage in a direct questioning of the defendant, but relied exclusively on the representations of defendant's counsel regarding what was conveyed by defense counsel prior to the defendant pleading guilty. In other words, *Phillips* holds that a guilty plea cannot be accepted as knowing and voluntary if the defendant is not directly asked questions to build a record about knowledge and voluntariness.

*Phillips* in no way addresses the issue of a colloquy regarding a rejected plea offer, but it certainly is informative about the need to engage directly with the defendant. Indeed, *Phillips* quotes the Supreme Court in *McCarthy v. United States*, 394 U.S. 459, 462 (1969):

---

[1] Defendant cited this case as being in the F.3d Reporter, but undersigned counsel reasonably believes that the one in F.2d is what was intended by Defendant. *See* Mot. at 4-5.

"By personally interrogating the defendant, not only will the judge be better able to ascertain the plea's voluntariness, but he also will develop a more complete record to support his determination in a subsequent post-conviction attack." *McCarthy*, 394 U.S. at 466. That is precisely the argument the United States makes here: By asking Defendants about the plea offers that were not accepted, this Court will develop a record that will assist this Court (and others) in any subsequent post-conviction attack. Such questioning does not involve the Court in plea discussions, but merely establishes a record about each Defendant's receipt of a plea offer and choice not to accept it.

Defendant's reliance on *Braxton* is also misplaced. Mot. at 5-6. There, the district judge repeatedly, and improperly, gave his opinion on the government's plea offer.[2] *United States v. Braxton*, 784 F.3d 240, 242 (4th Cir. 2015). The United States is not suggesting anything even remotely similar to what the court did in *Braxton*. But the Fourth Circuit observed that it was proper under *Frye* for the court to have conducted a brief colloquy:

> At the very opening of proceedings, the government, citing *Frye,* asked to "memorialize ... for the record" communication of its plea offer to Braxton. After [defense counsel] agreed, the government described the offer, and the court ensured that Braxton understood the terms of the plea agreement he had rejected. At this point, the court brought the *Frye* portion of the proceedings to a definitive close: "Well, that's fine. The record will reflect you've been so advised of the plea offer in this case. The defendant is ready to proceed to trial."

*Braxton*, 784 F.3d at 246.

The United States suggests that this Court do what the Fourth Circuit found appropriate in *Braxton*. Indeed, even the quote Defendant Vaught cites makes clear that

---

[2] For example, the District Court in *Braxton* told the defendant: "I am not favorably inclined towards having you go to trial and trigger a mandatory minimum of 20 years, as opposed to a plea offer that's down in the 10 to 15 year range in terms of years of your life." Additionally, the District Court told the defendant he was "hurting [his] own interest" by choosing to go to trial. The District Court further compared the decision to go to trial to "put [ting] [your] head in a buzz saw that makes absolutely no sense." After a recess, the district court again advocated for the rejected plea agreement, declaring, "[A] defendant shouldn't put his head in a vice [sic] and face a catastrophic result just over a dispute over drug quantity. That's the point."

"the district court, as described above, fulfilled its role under *Frye* by memorializing the offer on the record at the government's request, prior to making the remarks at issue in this case." *Braxton*, 784 F.3d 240, 247 (4th Cir. 2015); Mot. at 5. The United States is asking to memorialize the offer on the record, but the offer cannot be properly memorialized if the United States does not have an opportunity to articulate the precise terms of the offer, and have the defendant state, under oath, that he or she received that offer and rejected it.

### Conclusion

Defendants' Motion to Vacate Hearing (Doc. 1681) should be denied.

Respectfully submitted this 11th day of August, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona


*s/Austin M. Berry*
KEVIN M. RAPP
MARGARET PERLMETER
PETER KOZINETS
ANDREW STONE
DANIEL BOYLE
Assistant U.S. Attorneys

AUSTIN M. BERRY
Trial Attorney
Criminal Division, U.S. Department of Justice

### CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Austin M. Berry*
Austin M. Berry
Trial Attorney