**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Michael Lacey, et, al.,<br><br>　　　　　Defendants. | No. CR-18-00422-PHX-DJH<br><br>**ORDER** |

Before the Court is Defendant Vaught's Objection and Motion to Vacate the *Frye-Cooper* hearing set for August 18, 2023, before U.S. Magistrate Judge Deborah Fine. (Doc. 1681; *see also* Doc. 1648 at 17). Defendants Brunst, Lacey, and Padilla have joined in the Motion. (Docs. 1684, 1687, and 1690). The Government filed its Response (Doc. 1693).[1] For the following reasons, the Court overrules the Defendants' objections and denies the Motion to Vacate. The August 18, 2023, *Frye-Cooper* hearing set before U.S. Magistrate Judge Deborah Fine is confirmed.

**I.    Discussion**

In *Missouri v. Frye*, the Supreme Court recognized that the plea-bargaining process is a critical stage implicating a defendant's Sixth Amendment rights. 566 U.S. 134, 137 (2012). *See also Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (same). So, defense counsel must provide adequate assistance to their clients in the plea-bargaining process. *Id.*

---

[1] No Reply was permitted. (Doc. 1688).

1  Generally, "defense counsel has the duty to communicate formal prosecution offers to
2  accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 566
3  U.S. at 145.  The *Frye* Court explained that "[t]he prosecution and trial courts may adopt
4  some measures to help ensure against late, frivolous or fabricated claims" that defense
5  counsel was ineffective in the plea-bargaining process. *Id.* at 146.  Moreover, the Court
6  recognized that "formal offers can be made part of the record at any subsequent plea
7  proceeding or before trial to ensure that a defendant has been fully advised before the later
8  proceedings commence." *Id.*

9  To protect these important Sixth Amendment rights, this district, including this
10 Court, has a routine process of scheduling *Frye-Cooper* hearings.  The hearing consists of
11 the Government placing on the record the terms of the plea agreement offered, including
12 the deadline for acceptance.  The court asks whether the defendant received the offer,
13 understood its terms and whether the defendant knowingly rejected it.  *See Ontiveros-*
14 *Ponce v. Ryan*, 2019 WL 3557602 at *2 (D. Ariz. June 10, 2019).  This Court routinely
15 refers *Frye-Cooper* hearings to U.S. Magistrate Judges.  Requests for these hearings come
16 from Government and defense counsel alike.

17 Defendants argue that requiring them to participate in a *Frye-Cooper* hearing would:
18 1) present issues regarding what constitutes an adequate record under *Frye*; 2) present
19 issues of intimidation and interference in the attorney-client relationship, and 3) present
20 issues regarding the limits Fed. R. Crim. P. 11 places on the Court's involvement in plea
21 negotiations.  (Doc. 1681 at 2).  The Government, in its Response, states that it "has a
22 substantial interest in making a record of plea offers that have been formally conveyed to
23 a defendant and rejected" to guard against future claims of ineffective assistance of
24 counsel.  (Doc. 1693 at 4).  The Court agrees.

25 The concise inquiry of the court — whether the plea offer was made and conveyed,
26 whether the defendant understood its terms, and rejected them — meet the contours of
27 acceptable procedure under *Frye*. 132 S. Ct. at 1402. Thus, Defendants concerns about
28 whether an adequate record is made is a non-issue.  To safeguard against the issues of

"intimidation and interference in the attorney-client relationship," the *Frye-Cooper* hearing does not include an inquiry about the details of conversation between the attorney and client, whether or not defense counsel advised him or her to accept or reject the plea terms, nor whether a counteroffer was made. Finally, concerns about involving this Court in plea negotiations is alleviated by having a disinterested U.S. Magistrate Judge conduct the *Fry-Cooper* proceeding.

**II.  Conclusion**

For the above-mentioned reasons, **IT IS ORDERED** denying the Defendants' Motion (Doc. 1681).

Dated this 11th day of August, 2023.

Honorable Diane J. Humetewa
United States District Judge