IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Michael Lacey, *et al*.,<br><br>　　　　　　Defendants. | Case No. CR18-00422-PHX-DJH<br><br>**DEFENDANTS' PROPOSED JURY INSTRUCTIONS RE: CHARACTER EVIDENCE** |

I.     **MODEL INSTRUCTIONS**

**1.10**
**CHARACTER EVIDENCE**

Where a defendant has offered evidence of good general truth and veracity, honesty and integrity, or character as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

**Supporting Authorities**

Pattern Jury Instructions (Criminal Cases) Prepared by the Committee on Pattern Jury Instructions District Judges Association Fifth Circuit, 2019 Edition

**Note**

Character evidence is admissible in the form of reputation or opinion. Depending on the form of character evidence introduced, the appropriate bracketed language should be used. *See* Fed. R. Evid. 404(a)(1), 405(a); *United States v. John*, 309 F.3d 298 (5th Cir. 2002); *see also United States v. Wilson*, 408 F. App'x 798, 809 (5th Cir. 2010) (giving instructions to "consider such evidence along with all the other evidence in the case" and that character evidence "may give rise to a reasonable doubt, since you may think it improbable that a person of good character in respect to those traits would commit such a crime"); *United States v. Callahan*, 588 F.2d 1078, 1086 (5th Cir. 1979) (approving instruction); *United States v. Leigh*, 513 F.2d 784, 785–86 (5th Cir. 1975) (jury must be instructed that reputation evidence is considered along with – and not after – the other evidence in the case, and it cannot be instructed that such evidence is only to be used to "tip the scales" or "excuse" the defendant).

"A character instruction is warranted only if the defendant first introduces admissible character evidence." *John*, 309 F.3d at 303. It is generally not error to refuse this instruction where character evidence is not "central or crucial." *United States v. Baytank*, 934 F.2d 599, 614 (5th Cir. 1991); *see United States v. Hunt*, 794 F.2d 1095, 1099 (5th Cir. 1986) (not abuse of discretion to refuse to give the instruction because it did not prevent the jury from considering the character evidence, nor did it seriously hinder the defendant's presentation of his defense). However, when the issue of character is "necessarily a vital part of [the] defense," failure to give the instruction warrants reversal. *John*, 309 F.3d at 304–05 (refusing the above instruction was abuse of discretion "tantamount to impairing [defendant's] ability to present his defense" where character evidence was the central theory of the defense); *but see United States*

*v. Osorio*, 288 F. App'x 971, 980 (5th Cir. 2008) (not abuse of discretion to refuse pattern instruction because character evidence was not crucial to the defense).

Also note that the Supreme Court has held, with respect to evidence of a defendant's good character, that "such testimony alone, in some circumstances, may be enough to raise a reasonable doubt of guilt and that in the federal courts a jury in a proper case should be so instructed." *Michelson v. United States*, 69 S. Ct. 213, 219 (1948) (citing *Edgington v. United States*, 17 S. Ct. 72 (1896)). This has led to disagreement among various courts of appeal as to the propriety of "standing alone" language in jury instructions. *See Spangler v. United States*, 108 S. Ct. 2884, 2884–85 (1988) (White, J., dissenting from denial of *certiorari*) (discussing the disagreement). This Circuit's instruction includes language that good character may give rise to reasonable doubt. *See John*, 309 F.3d at 303.