GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

NICOLE M. ARGENTIERI
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> v. <br><br> Michael Lacey, et al., <br><br> Defendants. | No. CR-18-422-PHX-SMB <br><br> **POSITION OF THE UNITED STATES REGARDING JURY DETERMINATION OF FORFEITURE OF SPECIFIC ASSETS IN THE EVENT OF CONVICTION** |

## INTRODUCTION

Federal courts have recognized that a convicted criminal defendant has a limited statutory right to retain the jury that found him guilty in order to determine whether specific property alleged to be subject to forfeiture has a sufficient nexus to the jury's finding of guilt. Here, the government is not seeking to retain the jury in the event of convictions of some or all defendants, but to the extent one or more defendants continue to request that the jury be retained, the United States expects that any forfeiture phase will take approximately one half-day of jury time, and the United States will be prepared to move forward promptly with forfeiture after a brief pause to prepare a forfeiture special verdict form that conforms to any counts of conviction.

## BACKGROUND

The Superseding Indictment (the "SI") in this action includes two forfeiture allegations and provides notice of a range of assets which the government may seek forfeiture of in the event of one or more defendant's conviction on a relevant count. In addition, the government filed two bills of particular (Dkt. Nos. 281, 820), identifying further assets for which the government might seek forfeiture.

Defendants have indicated that, in the event they are convicted on a relevant count, they seek to retain the jury to determine forfeiture of any specific assets pursuant to Federal Rule of Criminal Procedure 32.2(b)(5)(A).

While the SI identified hundreds of potentially-forfeitable assets, pursuant to Rule 32.2(a), the forfeiture allegations of an indictment simply put a defendant on notice of the possibility of forfeiture. Here, assuming *arguendo* that all defendants are convicted on all counts, and that defendants do not withdraw their request to retain the jury, the government expects to put roughly 40 assets before the jury, and expects to offer testimony of two witnesses, both of whom testified during the guilt phase of trial. The government expects that a forfeiture phase before the jury would take approximately half of one trial day. The government has already submitted proposed jury instructions for a forfeiture phase – and

no defendant has objected – and a forfeiture special verdict form can be conformed to the counts of conviction promptly once any conviction is returned.

## POSITION OF THE UNITED STATES

At the outset, courts have held that there is no constitutional right to a jury determination of forfeiture. *See, e.g., United States v. Valdez*, 726 F.3d 684, 699 (5th Cir. 2013) ("There is no constitutional right to a jury determination of forfeiture"); *United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005) ("[T]he sixth amendment does not apply to forfeitures."). However, courts have recognized that Federal Rule of Criminal Procedure 32.2 creates a statutory right to retain the jury to address the limited question of any nexus between specific property and the relevant offense of conviction. *See Tedder*, 403 F.3d at 841 ("Although Fed.R.Crim.P. 32.2 offers the defendant a jury trial, this provision (unlike the sixth amendment) is limited to the nexus between the funds and the crime; Rule 32.2 does not entitle the accused to a jury's decision on the amount of the forfeiture.").

Federal Rule of Criminal Procedure 32.2 governs criminal forfeitures. Rule 32.2 draws a distinction between determinations on forfeiture of specific assets or interests of a criminal defendant, and the imposition of a money judgment of forfeiture. With respect to money judgments, Rule 32.2(b)(1)(A) states that "[i]f the government seeks a personal money judgment, *the court* must determine the amount of money that the defendant will be ordered to pay." (emphasis added). Courts have held that this language of Rule 32.2 means that there is no statutory jury right when the government only seeks a money judgment. *See United States v. Phillips*, 704 F.3d 754, 771 (9th Cir. 2012) ("[W]here the Government 'disclaimed any intent to seek forfeiture of specific property,' and sought only a money judgment, 'there was no issue for the jury.'" (quoting *United States v. Gregoire*, 638 F.3d 962, 972 (8th Cir. 2011))).

With respect to forfeiture of specific property, however, Rule 32.2(b)(5)(A) provides that, "[i]n any case tried before a jury, if the indictment or information states that

the government is seeking forfeiture, the court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict." Courts have held that this language creates a statutory right to a jury's determination as to whether the government can establish a nexus between the specific assets and the offenses of conviction. *See United States v. Reiner*, 393 F. Supp. 2d 52, 55 (D. Me. 2005) ("Thus, the 'nexus' determination applies only to forfeiture of a particular asset. Correspondingly, the only jury trial right recognized by the Rule is for that nexus determination");[1] *United States v. Fisher*, 943 F.3d 809, 814 (7th Cir. 2019) ("[Rule 32.2] is violated when a judge does not determine if a party wants the jury to decide whether certain property is forfeitable"); *Valdez*, 726 F.3d at 699 ("We assume that the district court clearly erred in not determining whether either party requested that the jury determine forfeiture, given the clarity of the instructions in Rule 32.2"). The committee notes to Rule 32.2 confirm this limited right:

> Although an argument could be made under *Libretti* that a jury trial is no longer appropriate on any aspect of the forfeiture issue, which is a part of sentencing, the Committee decided to retain the right for the parties, in a trial held before a jury, to have the jury determine whether the government has established the requisite statutory nexus between the offense and the property to be forfeited.

Fed. R. Crim. P. 32.2, Advisory Committee Notes, 2000 Adoption.

In sum, where a criminal defendant makes a timely request to retain the jury in the event of a conviction, such a defendant has a statutory right to a jury determination on the limited nexus question, as set forth in Rule 32.2.

---

[1] In a separate section, subsection (e)(3), Rule 32.2 states that "There is no right to a jury trial," but this provision is explicitly limited to subsection (e), which only governs substitute assets.

Dated: October 30, 2023

                                                */s/*
DAN G. BOYLE
Special Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Dan G. Boyle*
Dan G. Boyle
U.S. Attorney's Office