Paul J. Cambria, Jr. (NY Bar No.1430909, admitted *pro hac vice*)
Erin McCampbell Paris (NY Bar No. 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:   (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Michael Lacey*

Gary S. Lincenberg (CA Bar No. 123058, *admitted pro hac vice*)
Ariel A. Neuman (CA Bar No. 241594, *admitted pro hac vice*)
Gopi K. Panchapakesan (CA Bar No. 279856, *admitted pro hac vice*)
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW PC
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
glincenberg@birdmarella.com
aneuman@birdmarella.com
gpanchapakesan@birdmarella.com
*Attorneys for John Brunst*

Additional counsel listed on next page

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | NO. CR-18-00422-PHX-DJH |
| Plaintiff, | |
| vs. | **DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR ELECTION TO HAVE THE JURY DETERMINE THE FORFEITABILITY OF SPECIFIC PROPERTY UNDER FED. R. CRIM. PRO. 32.2(b)(5)** |
| Michael Lacey, *et al.*, | |
| Defendants. | |

Eric Kessler
KESSLER LAW GROUP
6720 N. Scottsdale Rd., Suite 210
Scottsdale, AZ  85253
Telephone: (480) 644-0093
eric@kesslerlawgroup.com
*Attorney for Scott Spear*

Bruce Feder (AZ Bar No. 004832)
FEDER LAW OFFICE PA
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135
bf@federlawpa.com
*Attorney for Scott Spear*

Defendants Michael Lacey, John Brunst, and Scott Spear, by and through their undersigned counsel, submit this memorandum in support of their election to have the jury determine the forfeitability of specific property, under Fed. R. Crim. Pro. 32.2(b)(5).

"Criminal forfeiture proceedings are governed by Federal Rule of Criminal Procedure 32.2." *United States v. Mancuso*, 718 F.3d 780, 799 (9th Cir. 2013). "Rule 32.2 specifies the procedure governing criminal forfeiture proceedings under [21 U.S.C.] § 853." *United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1144 (9th Cir. 2011). "The Federal Rules of Criminal Procedure have the force and effect of law. Just as a statute, the requirements promulgated in these Rules must be obeyed." *United States v. Marion*, 562 F.3d 1330, 1338-39 (11th Cir. 2009) (discussing Rule 32.2) (quotation marks and citations omitted)). Under Rule 32.2, the criminal forfeiture phase of a criminal proceeding takes place after a determination of guilt. Fed. R. Crim. P. 32.2(b)(1) (criminal forfeiture determination takes place "[a]s soon as practical after a verdict or finding of guilty…on any count in an indictment or information regarding which criminal forfeiture is sought").

During the criminal forfeiture phase of a criminal proceeding, the government has the burden of proving, by a preponderance of the evidence, that each account or property sought to be forfeited has the requisite "nexus" to the criminal activity for which the defendant has been convicted. Fed. R. Crim. P. 32.2(b)(1); *Liquidators of Eur. Fed. Credit Bank*, 630 F.3d at 1149 ("[T]o achieve criminal forfeiture, the government first must prove, beyond a reasonable doubt, that the defendant is guilty of the crime. The government then must prove, by a preponderance of the evidence, a nexus between the property and the crime").

Rule 32.2 requires that the jury determine the forfeitability of specific property, if timely requested by either party:

> In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the court ***must determine*** before the jury begins deliberating ***whether either party requests that the jury be retained to determine the forfeitability*** of specific property if it returns a guilty verdict.

Fed. R. Crim. P. 32.2(b)(5)(A) (emphasis added). "The Advisory Committee Notes make clear that the…rule places an affirmative duty on the court to determine whether 'either party

requests a jury determination of forfeiture in cases where the government has given notice that it is seeking forfeiture and a jury has been empaneled to determine guilty or innocence,' and '[t]he rule requires the court to make this determination before the jury retires.'" *United States v. Mancuso*, 718 F.3d at 799 (quoting Fed. R. Crim. P. 32.2 2009 Advisory Committee Notes). Here, Defendants timely elected, under Fed. R. Crim. Pro. 32.2(b)(5), that the jury determine forfeiture.

Rule 32.2 describes the process for the forfeiture phase of trials in criminal cases involving a forfeiture component. First, the guilt or innocence of the defendant is determined. The forfeiture phase of the trial then commences, and the government has the burden of proof. If the defendant's guilt was determined by a jury and the defendant makes a timely request, the jury must determine the forfeitability of specific property. Fed. R. Crim. P. 32.2(b)(5). Evidence already in the record or any new reliable evidence may be considered by the jury or the Court. Fed. R. Crim. P. 32.2(b)(1)(B). When the government seeks to forfeit accounts or property (rather than seeking a money judgment or to forfeit substitute assets), the jury must decide both whether the government has proved the requisite statutory nexus for forfeiture and the amount subject to forfeiture. *United States v. Tyson Foods, Inc.*, No. 4:01-cr-061 Edgar, 2003 U.S. Dist. LEXIS 26385, at *18 (E.D. Tenn. Feb. 4, 2003) ("When Rule 32.2(b)(1) and (4) are read together, the Court concludes that the jury must determine two intertwined and inseparable issues regarding forfeiture: (1) whether the government has proved the requisite nexus between the proceeds (*i.e.* cost savings) and the offense charged in Count One; and (2) the property, *i.e.* amount of proceeds subject to forfeiture. Assuming arguendo that the jury makes a finding in favor of the government on the nexus issue and connects the offense (Count One) to specific proceeds (Tyson's cost savings), then the jury necessarily would have to determine the amount of proceeds subject to forfeiture. The amount of the proceeds subject to forfeiture would have to be determined in order for the jury to find a nexus between the property and the offense.").

If a jury determination of forfeiture has been requested, Rule 32.2(b)(5)(B) requires the government to "submit a proposed Special Verdict Form listing each property subject to

forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant." Further, both the defendant and the government submit proposed jury instructions regarding forfeiture before the jury retires to deliberate on forfeiture. The propriety of these instructions is decided by the Court, if necessary. *E.g.*, *United States v. Brekke*, 522 F. App'x 394, 396 (9th Cir. Jun. 11, 2013) (discussing the sufficiency of the forfeiture instructions given to the jury during the trial).

Then, if the jury determines that the government has established a sufficient nexus between the accounts or properties for which forfeiture is sought and the defendant's criminal activity, those assets then are included in a preliminary order of forfeiture. When a jury determines the forfeiture, the Court's role during the forfeiture phase is to (1) provide the jury instructions regarding forfeiture and (2) issue a preliminary order of forfeiture with respect to any assets found to be subject to forfeiture by the jury's special verdict.

The preliminary order of forfeiture forfeits the defendant's right, title, and interest in the property, whatever that interest turns out to be as determined during the ancillary proceedings. Fed. R. Crim. P. 32.2(b)(2)(B). Despite its name, a preliminary order of forfeiture is final as to the defendant, but preliminary as to potential third parties who might assert an interest in the same property. Rule 32.2(b)(4)(A). During the 'ancillary proceeding' phase, all interests in the forfeited property, including those of the defendant, are determined by the Court. Rule 32.2(c)(1). The Court then issues a final order of forfeiture, which disposes of the forfeited property in accordance with the determinations of ownership made during the ancillary proceeding phase. Rule 32.2(c)(2).

In its brief (Dkt. 1918), the government states that it will call two witnesses during the forfeiture phase if the jury returns guilty verdicts. The Court should order the government to timely disclose to the defense these witnesses and any exhibits the government intends to introduce through them.

…

…

...

# CONCLUSION

For all these reasons, if there is need for a forfeiture phase of the trial, the jury should determine the forfeitability of specific property, as required under Rule 32.2 and the cases interpreting Rule 32.2.

RESPECTFULLY SUBMITTED this 31st day of October, 2023,

        Paul J. Cambria, Jr.
        Erin McCampbell Paris
        LIPSITZ GREEN SCIME CAMBRIA LLP

        By:   /s/ Paul J. Cambria, Jr.
                Paul J. Cambria, Jr.
                Attorneys for Michael Lacey

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (Jan. 2020) § II (C) (3), Paul J. Cambria hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content, and have authorized its filing.*

        Gary S. Lincenberg
        Gopi K. Panchapakesan
        BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
        DROOKS, LINCENBERG & RHOW, P.C.

        By:   /s/ Gary Lincenberg
                Gary Lincenberg
                Attorneys for John Brunst

        Eric W. Kessler
        KESSLER LAW OFFICE

        By:   /s/ Eric W. Kessler
                Eric W. Kessler
                Attorneys for Scott Spear

|   |   |
|---|---|
| 1 | Bruce Feder |
|   | FEDER LAW OFFICE, P.A. |
| 2 |   |
|   | By:    /s/ Bruce Feder |
| 3 | Bruce Feder |
|   | Attorneys for Scott Spear |

On October 31, 2023, a PDF version of this document was filed with Clerk of the Court using the CM/ECF System for filing and for Transmittal of a Notice of Electronic Filing to the to the CM/ECF registrants who have entered their appearance as counsel of record