Gary S. Lincenberg *(admitted pro hac vice)*
    glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
    aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
    gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant John Brunst

Paul J. Cambria, Jr. *(admitted pro hac vice)*
    pcambria@lglaw.com
Erin McCampbell Paris *(admitted pro hac vice)*
    eparis@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580

Attorneys for Defendant Michael Lacey

*[Additional counsel listed on next page]*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CASE NO. 2:18-cr-00422-004-PHX-DJH |
| Plaintiff, | **DEFENDANTS' PROPOSED FORFEITURE JURY INSTRUCTIONS** |
| vs. | |
| Michael Lacey, et al., | |
| Defendants. | |

3899529.2

1   Eric W. Kessler, 009158
        eric.kesslerlaw@gmail.com
2   Kessler Law Group
    6720 N. Scottsdale Rd., Suite 210
3   Scottsdale, AZ  85253
    Telephone: (480) 644-0093
4   Facsimile: (480) 644-0095

5   Bruce S. Feder, 004832
        bf@federlawpa.com
6   FEDER LAW OFFICE, P.A.
    2930 E. Camelback Road, Suite 160
7   Phoenix, Arizona 85016
    Telephone: (602) 257-0135
8
    Attorney for Defendant Scott Spear
9

10

11          Defendants, by and through undersigned counsel, hereby submit the following

12   Proposed Forfeiture Jury Instructions.

13

14          *Pursuant to the District's Electronic Case Filing Administrative Policies and*

15   *Procedures Manual (May 2023) § II(C)(3), Gary S. Lincenberg hereby attests that all*

16   *other signatories listed, and on whose behalf this filing is submitted, concur in the filing's*

17   *content and have authorized its filing.*

18

19   DATED:  November 5, 2023          Respectfully submitted,

20
                                       Gary S. Lincenberg
21                                     Ariel A. Neuman
                                       Gopi K. Panchapakesan
22                                     Bird, Marella, Boxer, Wolpert, Nessim,
                                       Drooks, Lincenberg & Rhow, P.C.
23

24                                     By:   */s/ Gary S. Lincenberg*
                                              Gary S. Lincenberg
25                                     Attorneys for Defendant John Brunst

26

27

28

3899529.2

1    DATED:  November 5, 2023          Kessler Law Group

2                                      By:  _____
                                                /s/ Eric W. Kessler
3                                                  Eric W. Kessler
                                             Attorney for Defendant Scott Spear
4

5    DATED:  November 5, 2023          Paul J. Cambria
                                       Erin McCampbell Paris
6                                      Lipsitz Green Scime Cambria LLP

7
                                       By:  _____
8                                               /s/ Paul J. Cambria
                                                   Paul J. Cambria
9                                            Attorneys for Defendant Michael Lacey

10

11   DATED:  November 5, 2023          Feder Law Office, P.A.

12                                     By:  _____
                                                /s/ Bruce S. Feder
13                                                 Bruce S. Feder
                                             Attorney for Defendant Scott Spear

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COURT'S FORFEITURE INSTRUCTION NO. ____

## [PROPOSED FORFEITURE INSTRUCTION NO. 1]

### [Criminal Forfeiture Phase of Trial][1] [2]

Ladies and gentlemen of the jury, your verdict in this case doesn't complete your jury service as it would in most cases, because there is another matter you must now consider.  You must decide whether the defendants should forfeit certain property to the United States as a part of the penalty for the crimes charged in Counts One, Fifty-Two, Sixty-Nine, Seventy, Eighty-Three, Eighty-Four, Ninety-Nine, and One Hundred of the Superseding Indictment.

Federal law provides that where, as here, a defendant is convicted of a conspiracy to violate the Travel Act, 18 U.S.C. § 1952, such a defendant may be required to forfeit to the

---

[1]   Government Authorities:  Eleventh Circuit Pattern Jury Instructions, T6 (2017 ed.) (Forfeiture Proceedings) (to be given before supplemental evidentiary proceedings or supplemental argument of counsel) (adapted); Federal Rule of Criminal Procedure 32.2(a) and (b); 18 U.S.C. § 981(a)(1)(C); *Libretti v. United States*, 516 U.S. 29, 39 (1995) ("Our precedents have likewise characterized criminal forfeiture as an aspect of punishment imposed following conviction of a substantive criminal offense."); *United States v. Lazarenko,* 476 F.3d 642, 647 (9th Cir. 2007) (criminal forfeiture operates *in personam* against a defendant; it is part of his punishment following conviction); *United States v. Lazarenko*, 504 F. Supp. 2d 791, 796-97 (N.D. Cal. 2007) (Rule 32.2(a) requires only that the indictment give notice of the forfeiture in generic terms; that the Government did not itemize all of the property subject to forfeiture until much later was of no moment).

[2]   Defense Authorities:  18 U.S.C. § 981(a)(1)(C) ("Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section 215, 471, 472, 473, 474, 476, 477, 478, 479, 480, 481, 485, 486, 487, 488, 501, 502, 510, 542, 545, 656, 657, 670, 842, 844, 1005, 1006, 1007, 1014, 1028, 1029, 1030, 1032, or 1344 of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.").  See Dkt. 230 at 63 (Forfeiture Allegation One).

18 U.S.C § 982(a)(1) ("The court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property").  *See* Dkt. 230 at 77 (Forfeiture Allegation Two).

---

United States all right, title, and interest in any and all property, real or personal, constituting, or derived from proceeds traceable to Count 1, which concerns: an agreement between two or more persons to commit at least one Travel Act offense as charged in Counts 2-51 of the indictment by promoting, or facilitating the promotion of, a business enterprise or enterprises involving prostitution offenses in violation of the laws of the State in which they were committed.

In this case, since you have found the defendants guilty of Count One, you must consider whether the property identified in the Special Verdict Form I will give to you is of this character.

Federal law also provides that where, as here, a defendant is convicted of a money laundering offense, such a defendant may be required to forfeit to the United States all right, title, and interest in any and all property, real or personal, involved in the offense, and any property traceable to such property.  In this case, since you have found the defendants guilty of money laundering offenses, you must consider whether the property specified in the Special Verdict Form I will give to you is of this character.

To "forfeit" a thing is to be divested or deprived of the ownership of it as a part of the punishment allowed by the law for certain criminal offenses.  To decide whether and to what extent property should be forfeited, you should consider all the evidence you have already heard, plus any additional evidence that will be presented to you after these instructions.

**COURT'S FORFEITURE INSTRUCTION NO. \_\_\_\_**

**[PROPOSED FORFEITURE INSTRUCTION NO. 2]**

**[Forfeiture Proceeding Follows Guilty Verdict][3]**

*[This Instruction and all following instructions to be read*

*before the jury begins its deliberations on forfeiture]*

While deliberating concerning the issue of forfeiture, you must not reexamine your previous determination regarding the defendants' guilt.  However, all the instructions previously given to you concerning the duties of the jury, your consideration of the evidence, what is and is not evidence, the credibility of the witnesses, expert testimony, separate consideration of each defendant, your duty to deliberate together, your duty to base your verdict solely on the evidence without prejudice, bias, or sympathy, and the necessity of a unanimous verdict, will continue to apply during these supplemental deliberations.

---

[3]   Government Authorities:  Eleventh Circuit Model Jury Instructions, T6 (2017 ed.) (adapted); Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 981; *United States v. Warshak*, 631 F.3d 266, 331 (6th Cir. 2010) (defendant is not permitted to relitigate the legality of his conduct or otherwise attempt to undermine the jury's finding of guilt during the forfeiture phase; affirming district court's refusal to let defendant introduce evidence tending to show his conduct was not illegal, and holding that in the forfeiture phase, the legality of the conduct is "no longer a live issue;" the only question is the nexus between the conduct and the offense).

1

2

3

**COURT'S FORFEITURE INSTRUCTION NO. ____**

**[PROPOSED FORFEITURE INSTRUCTION NO. 3]**

**[Forfeiture – Scope of Jury's Determination][4] [5]**

4   Your duty at this phase of the proceeding is solely to determine whether the

5   government has proven the required nexus between the property sought for forfeiture and

6   the offense(s) for which you have found the defendant(s) guilty, and if so, how much of

7   that property should be forfeited.

8   You should not consider what might happen to the property in determining whether

9   the property is subject to forfeiture; the disposition of any property that is declared

10

11   [4]   Government Authorities: Fed. R. Crim. P. 32.2(b)(2)(A) (only question during

12   forfeiture phase is whether evidence establishes requisite nexus between underlying crimes
of conviction and property sought to be forfeited); *United States v. Nava*, 404 F.3d 1119,

13   1132 (9th Cir. 2005) (district court properly instructed jury that questions of ownership
"were not before them"); *United States v. Yeje-Cabrera*, 430 F.3d 1, 15 (1st Cir. 2005)

14   (explaining that the primary purpose of Rule 32.2(b)(2) was to preserve the resources of
the court and third parties by deferring the ownership issue to the ancillary proceeding,

15   thus avoiding duplicative litigation); *United States v. Andrews*, 530 F.3d 1232, 1236 (10th

16   Cir. 2008) (once forfeitability is determined, the court does not – "and indeed may not" --

17   determine ownership, as that issue is deferred to the ancillary proceeding).

18   [5]   Defense Authorities: *See United States v. Armstrong*, No. CRIM 05-130, 2007 WL

19   809508, at *4 (E.D. La. Mar. 14, 2007) ("A determination of whether all, some or none of
the money sought to be forfeited is linked to the offense for which the defendant was

20   convicted necessarily entails establishing a nexus between the property and the offense.
Thus, Rule 32.2(b)(4) is applicable to the third sentence in Rule 32.2(b)(1) and ***a jury may***

21   ***determine the amount of money subject to forfeiture, if requested by a party in the***

22   ***case***.") (emphasis added); *United States v. Tyson Foods, Inc.*, No. 4:01-CR-061, 2013 WL
8118660, at *6 (E.D. Tenn. Feb. 4, 2013) ("When Rule 32.2(b)(1) and (4) are read

23   together, the Court concludes that the jury must determine two intertwined and inseparable
issues regarding forfeiture: (1) whether the government has proved the requisite nexus

24   between the proceeds (i.e. cost savings) and the offense charged in Count One; and (2) the
property, i.e. amount of proceeds subject to forfeiture. Assuming arguendo that the jury

25   makes a finding in favor of the government on the nexus issue and connects the offense

26   (Count One) to specific proceeds (Tyson's cost savings), then ***the jury necessarily would***

27   ***have to determine the amount of proceeds subject to forfeiture.*** The amount of the
proceeds subject to forfeiture would have to be determined in order for the jury to find a

28   nexus between the property and the offense.") (emphasis added).

forfeited is exclusively a matter for the Court to decide.  Similarly, if any property has been transferred to a third party, the Court will later determine the rights of that third party to the property.

Some of the property that the government claims is subject to forfeiture may be in the name of one or more defendants and persons or business entities other than the defendants.  However, any interest that any person other than a defendant may claim to such property will be taken into account by the Court in a separate proceeding.  Interests of persons or entities other than any of the defendants are not for your consideration.

Your sole task is to decide whether the defendants' interest in the property, whatever that interest may be, is subject to forfeiture under the applicable law.

1

2

3

**COURT'S FORFEITURE INSTRUCTION NO. ____**

**[PROPOSED FORFEITURE INSTRUCTION NO. 4]**

**[Standard of Proof][6] [7]**

4

5

6

7

8

   With two important exceptions, all previous instructions will continue to apply to your deliberations.  The first exception is that during this phase, the government's burden is no longer proof beyond a reasonable doubt, but, instead, is simply proof by a preponderance of the evidence, which I will define for you.

9

10

   The second exception is that during this phase, you will consider a component of the potential punishment to be imposed on the defendant(s), but your sole task is to

11

12

13

14

15

16

17

[6] Government Authorities:  *Libretti v. United States*, 516 U.S. 29, 39 (1995) ("Our precedents have likewise characterized criminal forfeiture as an aspect of punishment imposed following conviction of a substantive criminal offense."); *United States v. Lazarenko*, 476 F.3d 642, 647 (9th Cir. 2007) (criminal forfeiture operates *in personam* against a defendant; it is part of punishment following conviction); *United States v. Garcia-Guizar*, 160 F.3d 511, 518 (9th Cir. 1998) (preponderance standard is constitutional because criminal forfeiture is not a separate offense, but only an additional penalty for an offense that was established beyond a reasonable doubt).

18

19

20

21

22

23

24

25

26

27

28

[7] Defense Authorities:  *See United States v. Armstrong*, No. CRIM 05-130, 2007 WL 809508, at *4 (E.D. La. Mar. 14, 2007) ("A determination of whether all, some or none of the money sought to be forfeited is linked to the offense for which the defendant was convicted necessarily entails establishing a nexus between the property and the offense. Thus, Rule 32.2(b)(4) is applicable to the third sentence in Rule 32.2.(b)(1) and *a jury may determine the amount of money subject to forfeiture, if requested by a party in the case*.") (emphasis added); *United States v. Tyson Foods, Inc.*, No. 4:01-CR-061, 2013 WL 8118660, at *6 (E.D. Tenn. Feb. 4, 2013) ("When Rule 32.2(b)(1) and (4) are read together, the Court concludes that the jury must determine two intertwined and inseparable issues regarding forfeiture: (1) whether the government has proved the requisite nexus between the proceeds (i.e. cost savings) and the offense charged in Count One; and (2) the property, i.e. amount of proceeds subject to forfeiture. Assuming arguendo that the jury makes a finding in favor of the government on the nexus issue and connects the offense (Count One) to specific proceeds (Tyson's cost savings), then *the jury necessarily would have to determine the amount of proceeds subject to forfeiture.* The amount of the proceeds subject to forfeiture would have to be determined in order for the jury to find a nexus between the property and the offense.") (emphasis added).

determine whether the government has established, by a preponderance of the evidence, the required connection between the crimes of which the defendants have been convicted and the property sought for forfeiture, and if so, the amount of that property to be forfeited.

**COURT'S FORFEITURE INSTRUCTION NO. _____**

**[PROPOSED FORFEITURE INSTRUCTION NO. 5]**

**[Burden of Proof][8] [9]**

In this phase of the trial, the government has the burden of proving that the property it seeks to forfeit is subject to forfeiture. The government must establish its forfeiture allegations by a preponderance of the evidence; that is, it must be more probably true than not true. The burden of proof stays with the government throughout this phase of the trial. The defendants do not have the burden of proof and are not required to produce any evidence.

---

[8]   Government Authorities: Ninth Circuit Model Jury Instructions, Civil, No 1.6 (2017 ed.) [Preponderance of the Evidence]

[9]   Defense Authorities: The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.), p. 1013 (Forfeiture Burden of Proof Instruction)

**COURT'S FORFEITURE INSTRUCTION NO. \_\_\_\_**

**[PROPOSED FORFEITURE INSTRUCTION NO. 6]**

**[Reliance on Evidence Presented During Guilt Phase][10]**

In making the forfeiture determination, you should consider all of the evidence presented during the trial as well as the evidence presented during these post-verdict forfeiture proceedings, regardless of who offered it.  You should evaluate the evidence and its credibility according to the instructions given to you earlier.

---

[10]   Government's Authorities: Fed. R. Crim. P. 32. (b)(1)(B) (whether made by the Court or the jury, the nexus determination may be based upon "evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable."); *United States v. Capoccia*, 503 F.3d 103, 109 (2d Cir. 2007) (finder of fact may rely on evidence from the guilt phase; it is not necessary for the government to reintroduce that evidence in the forfeiture phase).

**COURT'S FORFEITURE INSTRUCTION NO. ____**

**[PROPOSED FORFEITURE INSTRUCTION NO.   7]**

**[Forfeiture Allegations Not Evidence]**

The government's forfeiture allegations are not evidence and do not create any inference that the property is subject to forfeiture.  The defendants have denied that the property is subject to forfeiture.

**COURT'S FORFEITURE INSTRUCTION NO. \_\_\_\_**

**[PROPOSED FORFEITURE INSTRUCTION NO. 8]**

**[Separate Consideration—Forfeiture Allegations][11]**

You must give separate consideration to each property and forfeiture allegation, and return a separate finding as to each.  Your finding as to one property and forfeiture allegation should not control your decision as to any other.

---

[11]   Defense Authorities:  The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.), p. 1015 (Separate Consideration—Forfeiture Allegations).

## COURT'S FORFEITURE INSTRUCTION NO. _____
## [PROPOSED FORFEITURE INSTRUCTION NO. 9]
### (Separate Consideration—Multiple Defendants)[12]

The Forfeiture Allegations allege that some of the same properties are subject to forfeiture as to more than one defendant.  You must consider the question of forfeiture separately for each defendant.  The fact that a property is forfeited as to one defendant does not necessarily mean that the property should be forfeited as to another defendant.

---

[12]   Defense Authorities:  The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.), p. 1016 (Separate Consideration—Multiple Defendants).

**COURT'S FORFEITURE INSTRUCTION NO. \_\_\_\_**

**[PROPOSED FORFEITURE INSTRUCTION NO. 10]**

**[Forfeiture – Multiple Bases][13]**

I will soon describe the specific property the government seeks to forfeit and what the government must prove to forfeit such property. You will be asked to consider whether such property is subject to forfeiture, including on multiple grounds. You need not be concerned with "double-counting" of monetary amounts or "overlapping" of properties.

Even if you find that a particular property is subject to forfeiture for more than one reason, that does not mean the government will receive the property twice. However, it is important that you indicate on the special verdict form all bases on which you find any given property is subject to forfeiture.

Any issues of "double-counting" or "overlapping" will be considered by the Court when imposing sentence.

---

[13]   Government Authorities:  Fed. R. Crim. P. 32.2(b); 18 U.S.C. § 982; Fed. Crim. Jury Instr. 7th Cir. (2023 ed.), at 1015 [Separate Consideration – Forfeiture Allegations].

**COURT'S FORFEITURE INSTRUCTION NO. \_\_\_\_**

**[PROPOSED FORFEITURE INSTRUCTION NO. 11]**

**[Definition of "Traceable to"][14]**

The term "traceable to" means that the acquisition of the property is attributable to the offenses charged in Counts\_\_\_\_\_, as opposed to sources other than these offenses.  If the offenses enabled the acquisition of property, you may find the property is "traceable to" the offense.

---

[14]  Defense Authorities:  The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.), pp. 411 (18 U.S.C. § 981(a)(2) Definition of "Traceable To").

17

1

**COURT'S FORFEITURE INSTRUCTION NO. ____**

2

**[PROPOSED FORFEITURE INSTRUCTION NO. 12]**

3

**[Proceeds Defined][15] [16]**

4

5

"Proceeds" means property of any kind obtained directly or indirectly as a result of

6

the commission of the offense giving rise to forfeiture, and any property traceable thereto,

7

and is not limited to the net gain or profit realized from the offense.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

_____

22

[15]   Government Authorities: 18 U.S.C. § 981(a)(2)(A); *United States v. Real Property Located at 22 Santa Barbara Dr.*, 264 F.3d 860, 872-73 (9th Cir. 2001) (property traceable to criminal proceeds is forfeitable in its entirety even it has appreciated in value); *United States v. Swanson*, 394 F.3d 520, 529 n.4 (7th Cir. 2005) (a change in the form of the proceeds does not prevent forfeiture; property traceable to the forfeitable property is forfeitable as well); *United States v. Hawkey*, 148 F.3d 920, 928 (8th Cir. 1998) ("Certainly if Hawkey misappropriated funds and used them to make a profit, the original funds and any profits are subject to forfeiture.").

23

24

25

26

27

[16]   Defense Authorities:  The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.), p. 409 (18 U.S.C. § 981(a)(2) Definition Of "Proceeds").

28

**COURT'S FORFEITURE INSTRUCTION NO. ____**

**[PROPOSED FORFEITURE INSTRUCTION NO. 13]**

**[Forfeiture based on Travel Act Conspiracy Under 18 U.S.C. § 981(a)(1)(C)][17][18]**


The government seeks to forfeit the following property pursuant to the findings of guilt on Count One:

1.    As to Defendant Lacey:

     a.    Real Property Located at 2755 Fillmore St, San Francisco, CA 94123;

     b.    Real Property Located at 3300 E. Stella Lane, Paradise Valley, AZ

---

[17]   Government Authorities:  18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2641(c); Federal Rule of Criminal Procedure 32.2(b)(2)(A) (The only question to be determined during the forfeiture phase is whether the evidence submitted during the guilt phase, together with any additional evidence received during the forfeiture phase, establishes by a preponderance of the evidence that there is the requisite nexus between the underlying crime(s) of conviction and the property sought to be forfeited by the government.  "If the court finds that the property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property . . . ."); *United States v. Lazarenko*, 504 F. Supp. 2d 791, 796-97 (N.D. Cal. 2007) (Rule 32.2(a) requires only that the indictment give notice of the forfeiture in generic terms; that the Government did not itemize all of the property subject to forfeiture until much later was of no moment); *United States v. Monsanto*, 491 U.S. 600, 607 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied."); *United States v. Newman*, 659 F.3d 1235, 1240 (9th Cir. 2011) (following *Monsanto*: "When the Government has met the requirements for criminal forfeiture, the district court must impose criminal forfeiture, subject only to statutory and constitutional limits"); *Lazarenko*, 476 F.3d at 648 ("Upon a finding that the property involved is subject to forfeiture, a court must promptly enter a preliminary order of forfeiture without regard to a third party's interests in the property"); *United States v. Christensen,* 828 F.3d 763 (9th Cir. 2015) (The standard of proof regarding the criminal forfeitability of property is preponderance of the evidence).

[18]   Defense Authorities:  The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.), p. 398 (18 U.S.C. § 981(a)(1)(C) Forfeiture Instruction—Elements).

1             85253;

2      c.     Real Property Located at 3304 E. Stella Lane, Paradise Valley, AZ
3             85253;

4      d.     Real Property Located at 3308 E. Stella Lane, Paradise Valley, AZ
5             85253;

6      e.     Real Property Located at 6300 N. 33rd Street, Paradise Valley, AZ
7             85253;

8      f.     Real Property Located at 6314 N. 33rd Street, Paradise Valley, AZ
9             85253;

10     g.     Real Property Located at 2416 N. Foote Dr., Phoenix, AZ 85008;

11     h.     $16,500,000.00 in K&H account number ending 1210 held in the
12            name of Primus Trust and any proceeds thereof;

13     i.     $2,412,785.47 in Midfirst Bank account number ending 4139, held
14            for the benefit of Lacey, and any proceeds thereof;

15     j.     $302,177.57 in Republic Bank of Arizona CDARS account number
16            ending 8324 and any proceeds thereof;

17     k.     $305,127.89 in Republic Bank of Arizona CDARS account number
18            ending 8332 and any proceeds thereof;

19     l.     $500,000.00 in Republic Bank of Arizona account number ending
20            3126 and any proceeds thereof;

21     m.    $140,711.61 in Republic Bank of Arizona account number ending
22            2485 and any proceeds thereof;

23     n.     $601,827.10 in Republic Bank of Arizona Certificate of Deposit
24            number ending 8316 and any proceeds thereof;

25     o.     $484,745.72 in SF Fire Credit Union account number ending 2523
26            and any proceeds thereof;

27     p.     $689,884.48 in First Federal Savings & Loan of San Rafael account
28            number ending 3620 and any proceeds thereof;

2.  As to Defendant Spear:

    a.  $613,573.28 in National Bank of Arizona account number ending 3645 and any proceeds thereof;

    b.  $404,374.12 in National Bank of Arizona account number ending 0178 and any proceeds thereof;

    c.  $260,283.40 in Live Oak Bank account number ending 6910 and any proceeds thereof;

    d.  $56,902.99 in Ascensus Broker Services account number ending 8001 and any proceeds thereof;

    e.  $64,552.82 in Ascensus Broker Services account number ending 4301 and any proceeds thereof;

    f.  $1,925.80 in National Bank of Arizona account number ending 0151 and any proceeds thereof;

3.  As to Defendant Brunst:

    a.  $5,848,729.00 in Alliance Bernstein account number ending 6878 and any proceeds thereof;

    b.  $527,624.00 in Alliance Bernstein account number ending 6485 and any proceeds thereof;

    c.  $342,596.00 in Alliance Bernstein account number ending 7982 and any proceeds thereof;

    d.  $306,277.00 in Alliance Bernstein account number ending 7889 and any proceeds thereof;

    e.  $275,328.00 in Alliance Bernstein account number ending 7888 and any proceeds thereof;

    f.  $372,878.00 in Alliance Bernstein account number ending 4954 and any proceeds thereof;

    g.  $359,527.06 in Compass Bank account number ending 3825 and any proceeds thereof;

4.    As to Defendants Lacey, Spear, and Brunst:

    a.    $5,462,027.17 in Compass Bank account number ending 3873 held in the name of Cereus Properties and any proceeds thereof;

    b.    $182,182.50 in Amro Bank, N.V. account number ending 6352 held in the name of Ad Tech BV with Stichting Zencotrust;

    c.    $191,246.00 in Western Alliance Bank account number ending 6979 held in the name of Mitchell Stein Carey Chapman PC. And any proceeds thereof;

    d.    $518,172.92 in Wells Fargo Bank account number ending 4455 in the name of Cardquiry and any proceeds thereof;

    e.    747,664.15 in SAXO Payments (UK) account number ending 1262 held in the name of the Cashflows Europe Limited and any proceeds thereof;

    f.    $499,910.01 in US Bank account number ending 0239 held in the name of Affordable Bail Bonds LLC and any proceeds thereof;

    g.    $1,600,705.61 seized from or restrained LHV Pank account number ending 4431 held in the name of Olist OU and any proceeds thereof.

In order to find that any of this property is subject to forfeiture, the government must prove both of the following elements by a preponderance of the evidence:

1.    The property constituted or was derived from proceeds traceable to the conspiracy charged in Count 1, which concerns an agreement to commit at least one Travel Act offense as charged in Counts 2-51; and

2.    There is a nexus between the property alleged to be forfeitable and the offense charged in Count 1.

If you find from your consideration of all the evidence that the government has proved each of these elements by a preponderance of the evidence, as to the property you are considering and as to the defendant you are considering, then you should check the "Yes" line on the Special Forfeiture Verdict Form as to that property and that defendant

and also identify the amount in the account or real property that is traceable to Count One and therefore forfeitable to the United States.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements by a preponderance of the evidence as to the property you are considering and as to the defendant you are considering, then you should check the "No" line on the Special Forfeiture Verdict Form as to that property and that defendant.

COURT'S FORFEITURE INSTRUCTION NO. _____

[PROPOSED FORFEITURE INSTRUCTION NO. 14]

**[Forfeiture based on Money Laundering Offenses Under 18 U.S.C. § 982(a)(1)][19][20]**

The government seeks to forfeit the following property pursuant to the findings of guilt on Counts 52, 69, 70, 83, 84, 99, and 100:

1.  As to Defendant Lacey:

    a.  Real Property Located at 2755 Fillmore St, San Francisco, CA 94123;

    b.  Real Property Located at 10647 N. State Route 89A, Sedona, AZ 86336;

    c.  Real Property Located at 3300 E. Stella Lane, Paradise Valley, AZ 85253;

    d.  Real Property Located at 3304 E. Stella Lane, Paradise Valley, AZ 85253;

    e.  Real Property Located at 3308 E. Stella Lane, Paradise Valley, AZ 85253;

    f.  Real Property Located at 6300 N. 33rd Street, Paradise Valley, AZ 85253;

    g.  Real Property Located at 6314 N. 33rd Street, Paradise Valley, AZ 85253;

    h.  Real Property Located at 2416 N. Foote Dr., Phoenix, AZ 85008;

    i.  $16,500,000.00 in K&H account number ending 1210 held in the

---

[19]   Government Authorities:  Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 982(a)(1).

[20]   Defense Authorities:  The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.), p. 412 (18 U.S.C. § 982(a)(1) Forfeiture Instruction).

1                 name of Primus Trust and any proceeds thereof;

2         j.     $2,412,785.47 in Midfirst Bank account number ending 4139, held

3               for the benefit of Lacey, and any proceeds thereof;

4         k.     $302,177.57 in Republic Bank of Arizona CDARS account number

5               ending 8324 and any proceeds thereof;

6         l.     $305,127.89 in Republic Bank of Arizona CDARS account number

7               ending 8332 and any proceeds thereof;

8         m.    $500,000.00 in Republic Bank of Arizona account number ending

9               3126 and any proceeds thereof;

10        n.    $140,711.61 in Republic Bank of Arizona account number ending

11              2485 and any proceeds thereof;

12        o.    $601,827.10 in Republic Bank of Arizona Certificate of Deposit

13              number ending 8316 and any proceeds thereof;

14        p.    $484,745.72 in SF Fire Credit Union account number ending 2523

15              and any proceeds thereof;

16        q.    $689,884.48 in First Federal Savings & Loan of San Rafael account

17              number ending 3620 and any proceeds thereof;

18    2.    As to Defendant Spear:

19        a.    $613,573.28 in National Bank of Arizona account number ending

20              3645 and any proceeds thereof;

21        b.    $404,374.12 in National Bank of Arizona account number ending

22              0178 and any proceeds thereof;

23        c.    $260,283.40 in Live Oak Bank account number ending 6910 and any

24              proceeds thereof;

25        d.    $56,902.99 in Ascensus Broker Services account number ending

26              8001 and any proceeds thereof;

27        e.    $64,552.82 in Ascensus Broker Services account number ending

28              4301 and any proceeds thereof;

|   |   |   |
|---|---|---|

f.   $1,925.80 in National Bank of Arizona account number ending 0151 and any proceeds thereof;

3.   As to Defendant Brunst:

a.   $5,848,729.00 in Alliance Bernstein account number ending 6878 and any proceeds thereof;

b.   $527,624.00 in Alliance Bernstein account number ending 6485 and any proceeds thereof;

c.   $342,596.00 in Alliance Bernstein account number ending 7982 and any proceeds thereof;

d.   $306,277.00 in Alliance Bernstein account number ending 7889 and any proceeds thereof;

e.   $275,328.00 in Alliance Bernstein account number ending 7888 and any proceeds thereof;

f.   $372,878.00 in Alliance Bernstein account number ending 4954 and any proceeds thereof;

g.   $359,527.06 in Compass Bank account number ending 3825 and any proceeds thereof;

4.   As to Defendants Lacey, Brunst, and Spear:

a.   $5,462,027.17 in Compass Bank account number ending 3873 held in the name of Cereus Properties and any proceeds thereof;

b.   $182,182.50 in Amro Bank, N.V. account number ending 6352 held in the name of Ad Tech BV with Stichting Zencotrust;

c.   $191,246.00 in Western Alliance Bank account number ending 6979 held in the name of Mitchell Stein Carey Chapman PC. and any proceeds thereof;

d.   $518,172.92 in Wells Fargo Bank account number ending 4455 in the name of Cardquiry and any proceeds thereof;

e.   747,664.15 GBP in SAXO Payments (UK) account number ending

1262 held in the name of the Cashflows Europe Limited and any proceeds thereof;

    f.    $499,910.01 in US Bank account number ending 0239 held in the name of Affordable Bail Bonds LLC and any proceeds thereof;

    g.    $1,600,705.61 in LHV Pank account number ending 4431 held in the name of Olist OU and any proceeds thereof.

In order for you to find that the property is subject to forfeiture, the government must prove the following by a preponderance of the evidence:

The real or personal property was involved in the offenses, as charged in Counts 52, 69, 70, 83, 84, 99, and 100, or is property traceable to real or personal property involved in those offenses;

If you find from your consideration of all the evidence that the government has proved this by a preponderance of the evidence, as to the property you are considering and as to the defendant you are considering, then you should check the "Yes" line on the Special Forfeiture Verdict Form as to that property and that defendant and identify the amounts in such accounts or real property that is forfeitable to the United States.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove this by a preponderance of the evidence, as to the property you are considering and as to the defendant you are considering, then you should check the "No" line on the Special Forfeiture Verdict Form as to that property and that defendant.

**COURT'S FORFEITURE INSTRUCTION NO. \_\_\_\_**

**[PROPOSED FORFEITURE INSTRUCTION NO. 15]**

**[First Amendment][21]**

The First Amendment to the United States Constitution protects not only the publication of speech, but also the receipt of proceeds from the publication of speech. Aside from those ads published by Backpage.com that the government alleged and proved beyond a reasonable doubt proposed an illegal transaction during the previous phase of the trial, you must presume both that Backpage.com's publication of classified ads was protected by the First Amendment and that Backpage.com's receipt and use of proceeds from the publication of classified ads also were protected by the First Amendment.

---

[21]   Defense Authorities:  *See Simon & Schuster, Inc. v. Members of New York State Crime Victims Bd.*, 502 U.S. 105, 115 (1991) ("A statute is presumptively inconsistent with the First Amendment if it imposes a financial burden on speakers because of the content of their speech."); *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F3d 104, 114 (2d Cir. 2017) ("[T]he First Amendment offers no protection to speech that proposes a commercial transaction if consummation of that transaction would *necessarily* constitute an illegal act.  However, if, as here, there are plausible ways to complete a proposed transaction lawfully, speech proposing that transaction 'concerns lawful activity' and is therefore protected commercial speech.") (emphasis in original); *Valle Del Sol Inc. v. Whiting*, 709 F3d 808, 822 (9th Cir. 2013) ("Central Hudson's legality requirement [] has traditionally focused *on the content of affected speech—i.e., whether the speech proposes an illegal transaction*—instead of whether the speech is associated with unlawful activity.") (emphasis added)).

**COURT'S FORFEITURE INSTRUCTION NO. ____**

**[PROPOSED FORFEITURE INSTRUCTION NO. 16]**

**[Special Verdict Form][22]**

A Special Verdict Form has been prepared for your use.  With respect to the property listed or described, you are asked to decide whether and to what extent it is subject to forfeiture to the government based on the reasons I have explained to you.  Your decision must be unanimous.  Indicate on the verdict form whether and to what extent you find that the property listed is subject to forfeiture, and then the foreperson should sign and date the form.

---

[22]   Government Authorities:  Federal Rule of Criminal Procedure 32.2(b)(5)(b).

DEFENDANTS' PROPOSED FORFEITURE JURY INSTRUCTIONS