GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

NICOLE M. ARGENTIERI
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-18-422-PHX-SMB |
|---|---|
| Plaintiff, | |
| v. | **POSITION OF THE UNITED STATES REGARDING POTENTIAL CONTINUING JURY DELIBERATIONS AS TO DETERMINATION OF FORFEITURE OF SPECIFIC ASSETS** |
| Michael Lacey, et al., | |
| Defendants. | |

## INTRODUCTION

The jury in this action began deliberating on November 7, 2023, and deliberations remain ongoing. In the event that the jury returns a verdict of guilty on some or all counts, Defendants have requested that, pursuant to Rule 32.2(b)(5)(A), the jury be retained to determine the nexus between any counts of conviction and the specific property alleged to be subject to forfeiture here, as identified in the United States' proposed Special Verdict Form. (Doc. 1936.)

The Court has directed the parties to confer as to the procedures the Court could follow in the event that the jury convicts some or all defendants, but subsequently loses a quorum or is otherwise unable to serve through any forfeiture phase.

As described herein, the parties have conferred in good faith, and United States submits that, in the event that jurors become unavailable such that the jury no longer complies with Federal Rule of Criminal Procedure 23(b), the Court may empanel a new jury. Alternately, and as detailed herein, the United States is exploring the option of withdrawing its request for forfeiture of specific property, and instead, seeking a money judgment of forfeiture, which would be a question solely for the Court, and thus release the jury from any further service following a verdict on guilt.

The United States has notified defense counsel of these options, and defense counsel has indicated that they are currently conferring with their clients and will provide an update to the Court as needed.

## BACKGROUND

The Superseding Indictment (the "SI") in this action includes two forfeiture allegations and provides notice of a range of assets which the United States may seek forfeiture of in the event of one or more defendant's conviction on a relevant count. In addition, the United States filed two bills of particular (Docs. 281, 820), identifying further assets for which the government might seek forfeiture.

Defendants have indicated that, in the event they are convicted on a relevant count, they seek to retain the jury to determine forfeiture of any specific assets pursuant to Federal Rule of Criminal Procedure 32.2(b)(5)(A). As previously noted, the United States expects that a forfeiture phase before the jury would take approximately one-half to one trial day, as the United States would call two witnesses, and Defendants have indicated that they expect to call two defense witnesses.

## **POSITION OF THE UNITED STATES**

The United States has previously taken the position that, where a defendant makes a timely request to retain the jury in the event of a conviction, such a defendant has a statutory right to a jury determination on the limited nexus question as set forth in Rule 32.2(b)(5)(A). As such, the defendant may "retain" the jury to address this limited question. Other Courts of Appeals have held that this language suggests that the same jury which heard the guilt-innocence phase should hear any subsequent phases of trial, as all proceedings are simply portions of one unified criminal trial. *See United States v. Cantu*, 167 F.3d 198, 207 (5th Cir. 1999) (where defendant agreed to 11-member jury during guilt phase of trial, defendant could not object to same jury hearing forfeiture, because the Rule applies to "a single trial of which there are two parts—guilt-innocence and forfeiture").[1]

However, in the event that jurors are unavailable such that the jury has less than 11 members, or less than 12 members if the parties refused to stipulate pursuant to Rule 23(b), courts have previously found that a new jury may be empaneled to hear the forfeiture phase. For example, in cases where a jury during the forfeiture phase was unable to reach a verdict, other Courts of Appeals have held that it was not error to empanel a new jury, read transcripts from the prior guilty-innocence phase, and then permit new evidence to be a offered as to forfeiture. *See, e.g., United States v. Messino*, 382 F.3d 704, 714 (7th Cir.

---

[1] The United States understands the Court's admonition to rely on in-circuit precedent where available, but due to the infrequency of contested criminal forfeitures before a jury, precedent on these questions is unfortunately limited.

- 3 -

2004) (where jury that convicted defendant cannot reach a verdict on the forfeiture, court may dismiss jury and empanel a new one and prosecutor may read portions of the trial transcript to the new jury).

Alternatively, the United States is exploring the option of withdrawing its request for forfeiture of specific property, and instead, only seeking a money judgment of forfeiture. As noted in prior briefing, Rule 32.2 draws a distinction between determinations on forfeiture of specific property and the imposition of a money judgment of forfeiture. With respect to money judgments, Rule 32.2(b)(1)(A) states that "[i]f the government seeks a personal money judgment, *the court* must determine the amount of money that the defendant will be ordered to pay." (emphasis added.) The Ninth Circuit has held that this language of Rule 32.2 means that there is no statutory jury right when the government only seeks a money judgment. *See United States v. Phillips*, 704 F.3d 754, 771 (9th Cir. 2012) ("[W]here the Government 'disclaimed any intent to seek forfeiture of specific property,' and sought only a money judgment, 'there was no issue for the jury.'" (quoting *United States v. Gregoire*, 638 F.3d 962, 972 (8th Cir. 2011))); *see also United States v. Lo*, 839 F.3d 777, 795 (9th Cir. 2016) ("Federal Rule of Criminal Procedure 32.2 does not require a jury determination for forfeiture in the form of a personal money judgment").

The United States is exploring whether the United States could withdraw its request for forfeiture of specific property, and instead, seek a money judgment pursuant to Rule 32.2(b)(1)(A). As Ninth Circuit law is clear that calculation of a money judgment is solely a question for the Court, the jury's service would be completed with its verdict as to guilt. If a money judgment were granted, the United States could then seek to enforce any such money judgment, or alternatively, pursue civil forfeiture in the pending civil action in the Central District of California as needed. The feasibility of this alternative is still being reviewed, and the government will continue to prepare for a jury determination of forfeiture as requested by the Defendants.

//

Respectfully submitted this 7th day of November, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

NICOLE M. ARGENTIERI
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

*/s/*
KEVIN M. RAPP
MARGARET PERLMETER
PETER KOZINETS
ANDREW STONE
DAN G. BOYLE
Assistant U.S. Attorneys

AUSTIN M. BERRY
Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Dan G. Boyle*
Dan G. Boyle
U.S. Attorney's Office