Gary S. Lincenberg *(admitted pro hac vice)*
  glincenberg@birdmarella.com
Ariel A. Neuman *(admitted pro hac vice)*
  aneuman@birdmarella.com
Gopi K. Panchapakesan *(admitted pro hac vice)*
  gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant John Brunst

Paul J. Cambria, Jr. *(admitted pro hac vice)*
  pcambria@lglaw.com
Erin McCampbell Paris *(admitted pro hac vice)*
  eparis@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580

Attorneys for Defendant Michael Lacey

*[Additional counsel listed on next page]*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | CASE NO. 2:18-cr-00422-004-PHX-DJH |
| Plaintiff, | **DEFENDANTS' RESPONSE TO POSITION OF THE UNITED STATES REGARDING POTENTIAL CONTINUING JURY DELIBERATIONS AS TO DETERMINATION OF FORFEITURE OF SPECIFIC ASSETS** |
| vs. | |
| Michael Lacey, et al., | |
| Defendants. | |

Eric W. Kessler, 009158
   eric.kesslerlaw@gmail.com
Kessler Law Group
6720 N. Scottsdale Rd., Suite 210
Scottsdale, AZ  85253
Telephone: (480) 644-0093
Facsimile: (480) 644-0095

Bruce S. Feder, 004832
   bf@federlawpa.com
FEDER LAW OFFICE, P.A.
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135

Attorney for Defendant Scott Spear

Defendants respond to the Government's position[1] regarding the retention of the jury for a potential forfeiture phase as follows:

1)    Under Rule 32.2(b)(5)(A), either party has the right to "retain" the jury to "determine the forfeitability of specific property."  *See* Advisory Committee Notes ("The provision gives the defendant, in all cases where a jury has returned a guilty verdict, the option of asking that the jury be retained to hear additional evidence regarding the forfeitability of the property.").  The Government does not dispute that the defense timely made a jury election.  Dkt. 1918.  In other words, the rule contemplates having the jury that sat through the trial—here, a 10-week trial with 20+ witnesses and hundreds of exhibits—decide the forfeiture issue.

2)    Regarding the empaneling of a new jury, the defense is not aware of any case law that would support this remedy in the first instance.  As noted in the cases cited by the Government, the only instance in which this might be appropriate is where the retained jury hangs on the forfeiture determination.

3)    To the extent less than 12 jurors are available to proceed with the forfeiture

---

[1]   The Government provided Defendants its position on these issues in writing at 3:38 P.M. on November 7, 2023.  Defendants informed the Government that they would need until today to review the Government's position and respond.

phase, Defendants remain open to stipulating to a smaller jury sitting for the forfeiture phase and will make such a determination if and when the issue arises.

4)  The Government—after jury deliberations have already commenced—now takes the position that it is "exploring the option of withdrawing its request for forfeiture of specific property" and instead seeking a money judgment. Dkt. 1945 at 4.[2] The Government indicted this case over five years ago and in that indictment sought the forfeiture of specific property, which has been seized and frozen since that time. It also chose to pursue a two-month trial—putting on witnesses and evidence that are, at best, tangential to the indictment's charges—knowing that this process would be a strain on any jury. The Government has had ample time to come to a decision on its approach to forfeiture. The Government should not be permitted to hedge its bets at this point and wait to see how long deliberations take in order to come to a decision on forfeiture. Rule 32.2(b)(5)(A) requires the court to determine "***before*** the jury begins deliberating whether either party requests that the jury be retained" (emphasis added.). Defendants' election has already been made. By the letter of the rule, the Government should not be permitted to shift course at this point. In effect, the Government would be depriving the defense of a statutory right to a jury merely because they perceive the jury to be taking too long to deliberate. That obviously is not what Rule 32.2 contemplates.

The Government made forfeiture allegations regarding specific property in its indictment, filed a brief prior to trial regarding a potential follow-on trial regarding the forfeiture issue (Dkt. 1713), and has acknowledged that Defendants timely elected a jury (Dkt. 1918). The parties and the Court have been working diligently to prepare for a forfeiture trial regarding the forfeiture of specific property, including by preparing jury

---

[2] On the evening of Sunday, November 5th, the Government informed Defendants that it was likely they would seek a money judgment instead of pursuing forfeiture of specific property. But then the Government filed a response to Defendants' Proposed Jury Instructions later than night, and during court proceedings on November 7th, the Government appeared to continue to take the position that they would seek forfeiture of specific property.

instructions, a verdict form, and related briefing. Defendants have been preparing cross-examinations of the Government's two anticipated witnesses, one of whom intends to testify to a lengthy new "flow chart" exhibit that the Government recently disclosed. Defendants (and presumably the Court) have precious and dwindling resources dedicated to this case—Defendants would be seriously prejudiced by what amounts to late notice concerning the possibility that the Government may instead seek a money judgment.

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (May 2023) § II(C)(3), Gary S. Lincenberg hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

DATED:  November 8, 2023

Respectfully submitted,

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By:   */s/ Gary S. Lincenberg*
Gary S. Lincenberg
Attorneys for Defendant John Brunst

DATED:  November 8, 2023

Kessler Law Group

By:   */s/ Eric W. Kessler*
Eric W. Kessler
Attorney for Defendant Scott Spear

| | | |
|---|---|---|
| 1 | DATED:  November 8, 2023 | Feder Law Office, P.A. |
| 2 | | By:  */s/ Bruce S. Feder* |
| 3 | | Bruce S. Feder |
| 4 | | Attorney for Defendant Scott Spear |
| 5 | DATED:  November 8, 2023 | Paul J. Cambria |
| 6 | | Erin McCampbell Paris |
| 7 | | Lipsitz Green Scime Cambria LLP |
| 8 | | By:  */s/ Paul J. Cambria* |
| 9 | | Paul J. Cambria |
|   | | Attorneys for Defendant Michael Lacey |

5
DEFENDANTS' RESPONSE TO POSITION OF THE UNITED STATES REGARDING POTENTIAL
CONTINUING JURY DELIBERATIONS AS TO DETERMINATION OF FORFEITURE OF SPECIFIC ASSETS