GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

NICOLE M. ARGENTIERI
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America, | No. CR-18-422-PHX-DJH |
| Plaintiff, | |
| v. | **POSITION OF THE UNITED STATES REGARDING JURY DETERMINATION OF ANY AMOUNT OF FORFEITURE OF FINANCIAL ASSETS** |
| Michael Lacey, et al., | |
| Defendants. | |

**INTRODUCTION**

The jury in this action began deliberating on November 7, 2023, and deliberations remain ongoing. In the event that the jury returns a verdict of guilty on some or all counts, Defendants have requested that, pursuant to Rule 32.2(b)(5)(A), the jury be retained to determine the nexus between any counts of conviction and the specific property alleged to be subject to forfeiture.

The United States and Defendants have submitted competing proposed forfeiture jury instructions and Special Verdict Forms. After reviewing these proposed documents, the Court directed the parties to brief the question of whether the jury should be asked to determine the amount of any nexus between the counts of conviction and certain seized financial accounts the government seeks forfeiture of.

As described herein, the government submits that Defendants are not entitled to such an "amount" instruction, and while such an instruction would not necessarily be erroneous, to the extent it risks jury confusion, the Court can provide the jury with the unmodified Special Verdict Form as proposed by the United States, and Defendants may raise any challenges to the amounts of forfeiture through post-verdict motion practice.

**BACKGROUND**

The Superseding Indictment (the "SI") in this action includes two forfeiture allegations and provides notice of a range of assets which the United States may seek forfeiture of in the event of one or more defendant's conviction on a relevant count. In addition, the United States filed two bills of particular (Docs. 281, 820), identifying further assets for which the government might seek forfeiture.

Defendants have indicated that, in the event they are convicted on a relevant count, they seek to retain the jury to determine forfeiture of any specific assets pursuant to Federal Rule of Criminal Procedure 32.2(b)(5)(A). As previously noted, the United States expects that a forfeiture phase before the jury would take approximately one-half to one trial day,

as the United States would call two witnesses, and Defendants have indicated that they expect to call two defense witnesses.

One November 1, 2023, the United States filed its proposed forfeiture jury instructions and a proposed forfeiture Special Verdict Form. (Docs. 1935, 1936.) On November 6, 2023, the Defendants filed objections to the United States' proposed jury instructions and special verdict form, Docs. 1939, 1940, to which the United States responded on the same day. (Doc. 1943.) On November 7, 2023, the Court heard argument on forfeiture, and directed the parties to brief the question of whether the jury should be asked to determine the amount of any nexus between the counts of conviction and certain seized financial accounts the government seeks forfeiture of.

## POSITION OF THE UNITED STATES

### *Statutory Structure for Post-Conviction Criminal Forfeiture*

The United States has acknowledged that, where a defendant makes a timely request to retain the jury in the event of a conviction, such a defendant has a statutory right to a jury determination on the limited nexus question as set forth in Rule 32.2(b)(5)(A).

Pursuant to Rule 32.2(b)(5)(B), a jury's role in the forfeiture phase is solely to determine "whether the government has established the requisite nexus between the property and the offense." As such, by its terms, the jury is solely tasked with determining the existence of such a nexus, not any amount. *See United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005) ("Although Fed.R.Crim.P. 32.2 offers the defendant a jury trial, this provision (unlike the sixth amendment) is limited to the nexus between the funds and the crime; Rule 32.2 does not entitle the accused to a jury's decision on the amount of the forfeiture."); *see also United States v. Mongol Nation*, 56 F.4th 1244, 1252 (9th Cir. 2023) ("Where, as here, the Government seeks forfeiture of specific property, the factfinder must determine whether the Government has established the requisite nexus between the property and the offense." (*citing* Rule 32.2)).

- 3 -

The Seventh Circuit model jury instructions define this "nexus" as follows: "In order to establish a 'nexus' between the property alleged to be forfeitable and the offense giving rise to the forfeiture allegation, the government must establish a connection between the property and the offense. The connection must be more than incidental, but the connection need not be substantial." *See* William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.), at 432 (Definition of Nexus Instruction). The notes to this model instruction go on to note that "[f]or the most part, the nexus requirement of the Rule will be met under the statutory requirement of what property is subject to forfeiture." *Id.* Other circuits have similarly recognized that this nexus is defined by statute for each offense for which forfeiture is authorized. *See e.g., United States v. Capoccia*, 503 F.3d 103, 115 (2d Cir. 2007) ("The 'requisite nexus' for a violation of 18 U.S.C. § 2314 is set forth in 18 U.S.C. § 981(a)(1)(C), which subjects to civil forfeiture '[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of [various sections of Title 18] or any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.'").

Furthermore, even where the jury finds such a nexus, any such specific property is not automatically forfeited by the jury's verdict. The government must first apply to the Court for a preliminary order of forfeiture (the "preliminary order") and provide notice of the same to third parties. *See* Fed. R. Crim. P. 32.2(b)(2)(A) ("If the [finder of fact] finds that the property is subject to forfeiture, [the court] must promptly enter a preliminary order of forfeiture ... directing the forfeiture of specific property."); *United States v. Monsanto*, 491 U.S. 600, 607 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied."); *United States v. Newman*, 659 F.3d 1235, 1240 (9th Cir. 2011) ("When the Government has met the requirements for criminal forfeiture, the district court must impose criminal forfeiture, subject only to statutory and constitutional limits"); *id.* ("[T]he district court

has no discretion to reduce or eliminate mandatory criminal forfeiture").

While the preliminary order forfeits a defendant's interest in the property, it does not include a determination as to the ownership of the property subject to forfeiture. That determination is deferred to the ancillary proceeding, in which third-party interests in the property are considered and resolved.  *See* Advisory Committee Notes to Federal Rule of Criminal Procedure 32.2 (2000 Adoption) ("Under [the statutory forfeiture scheme first enacted in 1984,] the court orders the forfeiture of the defendant's interest in the property - whatever that interest may be -- in the criminal case.  At that point, the court conducts a separate proceeding in which all potential third party claimants are given an opportunity to challenge the forfeiture by asserting a superior interest in the property.  This proceeding does not involve re-litigation of the forfeitability of the property; its only purpose is to determine whether any third party has a legal interest in the forfeited property."); *United States v. Nava*, 404 F.3d 1119, 1132 (9th Cir. 2005) (district court properly instructed jury that questions of ownership "were not before them"); *United States v. 101 Houseco, LLC*, 22 F.4th 843, 847 (9th Cir.), cert. denied, 143 S. Ct. 209, 214 L. Ed. 2d 81 (2022) ("The law appears settled that an ancillary proceeding constitutes the only avenue for a third party claiming an interest in seized property." (*citing United States v. Lazarenko*, 476 F.3d 642, 648 (9th Cir. 2007))).

Finally, in the event that a preliminary order of forfeiture is entered and no third-party established a superior interest through an ancillary proceeding, a defendant may seek to challenge a forfeiture under the Excessive Fines Clause of the Eighth Amendment. This too is a question for the Court, not the jury. *See, e.g., United States v. Derman*, 211 F.3d 175, 184 (1st Cir. 2000) (whether property comprises one parcel or two and whether forfeiture would violate Eighth Amendment are issues for court, not jury); *superseded by statute as stated in United States v. Ferrario-Pozzi*, 368 F.3d 5 (1st Cir. 2004)).

*The Jury Need Not Consider the Amount of Any Nexus For Specific Assets*

In light of the statutory structure described briefly above, the United States submits that the Court can provide the government's original proposed Special Verdict Form, which would eliminate the risk of any jury confusion as to calculation of forfeiture amounts.

To the extent that the jury returns a nexus finding on any particular seized financial asset, and if one or more Defendants believe that the United States failed to offer sufficient evidence of such a nexus, or alternately, believe that the United States only offered evidence of a nexus up to a lesser amount, the appropriate method for challenging such a verdict would be through motion practice pursuant to Rules 29 and/or 33, or through a challenge under the Eighth Amendment – all questions which would be addressed by the Court. Motion practice pursuant to Rule 29 and/or 33 could be resolved expeditiously based on the trial record, and thus could be addressed in advance of any ancillary proceeding considering third-party assets. This would aid judicial economy, as motion practice based on the trial record would not involve third parties and potential discovery-related delays that an ancillary proceeding could entail.

Respectfully submitted this 8th day of November, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

NICOLE M. ARGENTIERI
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

*/s/*
KEVIN M. RAPP
MARGARET PERLMETER
PETER KOZINETS
ANDREW STONE
DAN G. BOYLE
Assistant U.S. Attorneys

AUSTIN M. BERRY
Trial Attorney

- 6 -

1

## **CERTIFICATE OF SERVICE**

2          I hereby certify that on November 8, 2023, I electronically transmitted the attached

3    document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4    Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance

5    as counsel of record.

6

7    *s/ Dan G. Boyle*
Dan G. Boyle

8    U.S. Attorney's Office

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28