1 | Bruce Feder (AZ Bar No. 004832)
FEDER LAW OFFICE PA
2 | 2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
3 | Telephone: (602) 257-0135
4 | bf@federlawpa.com
*Attorney for Scott Spear*
5 |
6 | Eric W. Kessler, Esq. (AZ Bar No. 009158)
KESSLER LAW GROUP
7 | 9237 E. Via De Ventura, Suite 230
Scottsdale, AZ 85258
8 | Telephone: 480.644.0093
9 | Eric@kesslerlawgroup.net
*Attorney for Scott Spear*
10 |

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| United States of America, | Case No. CR18-00422-PHX-DJH-003 |
|---|---|
| Plaintiff, | **DEFENDANT SPEAR'S JOINDER IN DEFEDNANT BRUNST'S SUPPLEMENTAL RESTITUTION MEMORANDUM, PURSUANT TO THE COURT'S ORDER (DOC. 2298)** |
| vs. | |
| Scott Spear, *et al.*, | |
| Defendants. | *(The Hon. Diane J. Humetewa)* |

The defendant, Scott Spear, through his attorneys undersigned, joins in the facts, law and assertions contained in Defendant John Brunst's Supplemental Restitution Memorandum Per Court Order (DOC. 2298) as though fully set forth in this pleading.

Additionally, Defendant Spear asserts as follows:

1) Like all other claimants, Claimants 7 (C.M.), 8 (D.R.), 9 (J.R.) and 10 (E.S.), have not, either by the government or through their own counsel, demonstrated that their own illegal behavior would not automatically preclude recovery, especially adult claimants or self-

1

trafficking minors. It would be difficult to argue and no evidence has been presented that any claimant's illegal acts of prostitution was originally precipitated by an ad in Backpage- a decision to commit the act had already occurred well before such ad was created and purchased on the internet by the claimants of their associates, *State v. Wilkinson*, 39 P.3d 1131,202 Ariz. 27 (Ariz. 2002);

2)    There has also been no effort, much less proof presented by the government or the claimants, to distinguish the very substantial harm caused by the claimants themselves (both when such claimants were committing acts of prostitution without the use of social media, with the use of other social media such as Craigslist), the harm caused by the claimants' pimps, the hotels being used for the prostitution acts, credit card companies used for payment and other actors who in some fashion allegedly  facilitated the prostitution acts, even including  a payment application company (that one of the claimant's has sued civilly). *See*, *United States v. Anthony (II)*, 22 F. 4th 943 (10th Cir. 2022) (In this much more direct and egregious case, the appeals court refused to award restitution even under the more expansive reach of the mandatory provisions of the TVPRA, as opposed to the restrictive provisions of Section 3663 applicable to the present case) *United States v. Schlifstein*, S.D.N.Y. 2020, 2020 WL 2539123;

3)    To the extent the government or claimants 7, 8, 9 and 10 assert the Travel Act conspiracy (Count 1) as the basis of restitution recovery, neither the government nor the claimants have presented any evidence of the acquaintance with or connection to of the alleged pimps (McFee, Hazley) with Backpage or anyone at Backpage including Mr. Spear or Mr. Brunst.  There was no proof elicited at trial, at the restitution hearings, or in the restitution pleadings, that the conspiracy (Count 1) included the non-indicted claimants and/or their pimps.

As the Court is aware, Mr. Spear is a 74-year-old man with substantial health issues that

make his incarceration more dangerous, especially because of the continuing refusal or delay of the Bureau of Prisons to supply him with prescriptive medications and devices. As a condition of the relevant civil settlement, Mr. Spear is to forfeit approximately 60% of the $1.4 million in personal assets seized from him and he is to receive approximately 40% (a portion of which are Section 429 accounts that were/are designated for his adult daughter who is attending graduate school). Given these circumstances, his intention and understanding in agreeing to the civil settlement was for any restitution that might be ordered to be paid out of the monies he and the other defendants and entities agreed to forfeit, based on his approximately 4% ownership in Village Voice/Backpage entities.

RESPECTFULLY SUBMITTED this 21st day of January, 2025.

**FEDER LAW OFFICE, PA**

*s/ Bruce Feder*
Bruce Feder
*Attorneys for Scott Spear*

**KESSLER LAW GROUP**

*s/ Eric Kessler (signed w/ permission)*
Eric Kessler
*Attorneys for Scott Spear*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21ˢᵗ day of January, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

Clerk of the Court
United States District Court
Sandra Day O'Connor U.S. Courthouse
401 W. Washington Street
Phoenix, AZ 85003
Efiling: https://ecf.azd.uscourts.gov/cgi-bin/login.pl

THE HONORABLE DIANE J. HUMETEWA
United States District Court
Email: Humetewa_chambers@azd.uscourts.gov

Erin E. McCampbell, emccampbell@lglaw.com
Paul J. Cambria, pcambria@lglaw.com
Gary S. Lincenberg, glincenberg@birdmarella.com
Gopi K. Panchapakesan, gpanchapakesan@birdmarella.com
*Attorneys for Defendants*

Margaret Perlmeter Margaret.Perlmeter@usdoj.gov
Kevin Rapp Kevin.Rapp@usdoj.gov
Austin Berry berry2.austin@usdoj.gov
*Attorneys for United States of America*

By:  */s/ M. Evans*