Bruce Feder (AZ Bar No. 004832)
FEDER LAW OFFICE, P.A.
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: 602.257.0135
bf@federlawpa.com
*Knapp Counsel for Scott Spear*

Eric W. Kessler, Esq. (AZ Bar No. 009158)
KESSLER LAW GROUP
9237 E. Via De Ventura
Suite 230
Scottsdale, AZ 85258
Telephone: 480.644.0093
Eric@kesslerlawgroup.net
*Attorneys for Scott Spear*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Scott Spear, *et al.*,<br><br>　　　　　　Defendants. | Case No. CR18-00422-PHX-DJH-003<br><br>**DEFENDANT SPEAR'S RESPONSE TO THE GOVERNMENT'S MOTION FOR HEARING REGARDING DEFENDANT SPEAR'S REIMBURSEMENT FOR CRIMINAL JUSTICE ACT EXPENSES**<br><br>*(Assigned to the Hon. Diane J. Humetewa)* |

　　　　The defendant, Scott Spear, by and through his counsel undersigned, moves this Court to deny the request for hearing at which government counsel or the public will be present for the reasons that:

　　　　1) District Courts within the Ninth Circuit should not allow financial or other information regarding the appointment of counsel to be disclosed if such information may be used to facilitate forfeiture, restitution, might violate constitutional rights, or

1

other improper purpose;

2) At present, notwithstanding repeated assertions that a civil forfeiture settlement has been reached between the government and the defendants in this action and that payment is forthcoming, no payment has been forthcoming to date;

3) The government, in other unrelated matters, has been attempting to renege on certain contractual obligations;

4) Numerous requests for restitution seeking payment from Mr. Spear have been filed through and argued by government counsel and are pending before this court.

This response is based on the attached memorandum of points and authorities, the file in this matter, and such other arguments and evidence as may be presented.

RESPECTFULLY SUBMITTED this 10th day of March, 2025.

**FEDER LAW OFFICE, P.A.**

*s/ Bruce Feder*
Bruce Feder
*Attorneys for Scott Spear*

**KESSLER LAW GROUP**

*s/ Eric Kessler*
Eric Kessler
*Attorneys for Scott Spear*

## MEMORANDUM OF POINTS AND AUTHORITIES.

**I. FACTS.**

When Mr. Spear was indicted by the government in March, 2018, the government simultaneously seized substantial assets from Mr. Spear, including but not limited to protected educational accounts for his daughter. Subsequently, the defendants' efforts to release these assets for payment of attorney fees were denied. After the initial trial in this matter ended in a mistrial in the fall of 2021, undersigned counsel moved to become Knapp counsel and Eric Kessler was appointed as primary counsel in December, 2021.

At that time, through counsel, a financial affidavit and other documentation was submitted, *ex parte* and under seal, to this Court to establish indigency for appointment purposes.

Since that time of appointment, counsel Feder and Kessler have represented Mr. Spear. However, after sentencing in August, 2024, Mr. Kessler submitted his final billing for his appointive representation. He has not substantially participated in the continuing representation of Mr. Spear since then except to help prepare, file and participate in the emergency motion regarding Mr. Spear's medical treatment while counsel Feder was out of the country in September, 2024 (DOC. 2211).

This Court has been informed that a settlement has been reached between the government and the various defendants/claimants in the related civil forfeiture action filed by the government in the Central District of California District Court, which action was filed concurrently with the underlying indictment in the present case. The pertinent settlement document was signed by the defendants, including Mr. Spear, in June, 2024. Since that time, notwithstanding various representations that the settlement terms, will be forthcoming, including some reimbursement of the assets seized from Mr. Spear, to date, there has been no payment. Given this length of time, and the unrelated actions of the government within the new presidential administration, it is unknown whether or when effectuation of this settlement will occur. *See*, <u>Department of State, et. al. v. Aids Vaccine Advocacy Coalition, et.al</u>., 1:25-cv-00400, (D.D.C.), United States Supreme Court 604 U. S. ____ (2025), decided March 5, 2025 (regarding the Government directives pausing disbursements of foreign development assistance funds for work already completed).

Pending before this court are numerous restitution requests made by various alleged victims, filed through, and argued by government counsel, and supplemented by private counsel, as well as the present request by the government that there be a hearing to discuss Mr. Spear's reimbursement of the government for the fees paid for appointed counsel. All of these pending requests could and do relate to forfeiture and restitution.

Specifically, the hearing regarding reimbursement would necessarily identify assets, their potential location, and other information that could assist the government and the alleged victims in pursuing their forfeiture and restitution claims. The defendant opposes the scheduling of any hearing, the participation or presence of government, other counsel or the public, and/or the disclosure of any information regarding Mr. Spear's assets because the same would be for improper purpose.

**II. LAW.**

In the Guide To Judiciary Policy, latest substantive revision December 30, 2024, the following provisions should be noted:

*Vol. 7: Defender Services*

*Pt. A: Guidelines for Administering the CJA and related Statutes*

**§ 210.40 Determining Financial Eligibility for Representation Under the CJA**

**§ 210.40.10 Timely Appointment of Counsel**

A person financially eligible for representation should be provided with counsel as soon as feasible after being taken into custody, when first appearing before the court or U.S. magistrate judge, when formally charged, or when otherwise entitled to counsel under the CJA, whichever occurs earliest.

**§ 210.40.20 Fact-Finding**

(a) The determination of eligibility for representation under the CJA is a judicial function to be performed by the court or U.S. magistrate judge after making appropriate inquiries concerning the person's financial condition.

(b) Unless it will result in undue delay, fact-finding concerning the person's eligibility for appointment of counsel should be completed prior to the person's first appearance in court.

(c) Other officers or employees of the court (e.g., clerk, deputy clerk, or pretrial services officer) may be designated by the court to obtain or verify the facts upon which such determination is to be made. Guide to Judiciary Policy, Vol. 7A, Ch. 2 Page 11.

(d) Relevant information bearing on the person's financial eligibility should be

reflected on Form CJA 23 (Financial Affidavit) and the form must be completed and executed before a judicial officer or employee.

(e) <u>Employees of law enforcement agencies or U.S. attorney offices should not participate in the completion of the Form CJA 23 (Financial Affidavit) or seek to obtain information from a person requesting the appointment of counsel concerning the person's eligibility.</u>

(f) The person seeking appointment of counsel has the responsibility of providing the court with sufficient and accurate information upon which the court can make an eligibility determination. For guidance on counsel's obligation to advise the court about the client's ability to pay, see: § 210.10.30.

(g) The prosecution and other interested entities may present to the court information concerning the person's eligibility, <u>but the judicial inquiry into financial eligibility must not be utilized as a forum to discover whether the person has assets subject to forfeiture, or the ability to pay a fine, make restitution, or compensate another person under the Victim/Witness Protection Act or other purposes not related to the appointment of counsel</u>. Such determinations, if appropriate, must be made at other stages of the proceedings in which the person seeking counsel is a party.

(h) <u>Financial affidavits (such as Form CJA 23) seeking the appointment of counsel should not be included in the public case file and should not be made available to the public at the courthouse or via remote electronic access</u>. If the financial affidavit is docketed it should be filed under seal. See: Privacy Policy for Electronic Case Files.

**§ 210.40.30 Standards for Eligibility**

(d) Prior to sentencing, the court should consider pertinent information contained in the presentence report, the court's intention with respect to fines and restitution, and all other available data bearing on the person's financial condition, in order to make a final determination concerning whether the person then has funds available to pay for some or all of the costs of representation. At the time of sentencing, in appropriate circumstances, it should order the person to reimburse the CJA appropriation for such

costs. See: § 230.40.

**§ 230.40 Payments by a Defendant**

(c) When the court determines that a person who received representation under the CJA was financially ineligible for those services at the time they were rendered, and directs that the person reimburse the government, the payment should be made by check or money order to the clerk of court for deposit into the Treasury. Such funds will be credited to the Defender Services appropriation.

Given all of the underlying circumstances, there is no reason for even the consideration of the government's motion unless and until payment is received from the subject civil settlement. If and when such funds are received, the Court is empowered to consider reimbursement without the presence of government or anyone else other than the Court and authorized Court personnel. However, in the present circumstances, especially given Mr. Spear's incarceration, the length of his sentence, the conditions of his incarceration, and the underlying health of Mr. Spear, reimbursement seems unwarranted.

RESPECTFULLY SUBMITTED this 10th day of March, 2025.

**FEDER LAW OFFICE, P.A.**

s/ Bruce Feder
Bruce Feder
*Attorneys for Scott Spear*

**KESSLER LAW GROUP**

s/ Eric Kessler
Eric Kessler
*Attorneys for Scott Spear*

# CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

Clerk of the Court
United States District Court
Sandra Day O'Connor U.S. Courthouse
401 W. Washington Street
Phoenix, AZ 85003
Efiling: https://ecf.azd.uscourts.gov/cgi-bin/login.pl

THE HONORABLE DIANE J. HUMETEWA
United States District Court
Email: Humetewa_chambers@azd.uscourts.gov

Kevin Rapp Kevin.Rapp@usdoj.gov
Margaret Perlmeter Margaret.Perlmeter@usdoj.gov
Austin Berry berry2.austin@usdoj.gov
Daniel Boyle Daniel.Boyle2@usdoj.gov
*Attorneys for United States of America*

By:  */s/ M. Evans*