TIMOTHY COURCHAINE
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
JOSEPH BOZDECH (CA Bar No. 303453, joseph.bozdech@usdoj.gov)
JENNIFER LEVINSON (Ariz. Bar No. 020551, jennifer.levinson@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

ANTOINETTE T. BACON
Supervisory Official for the Criminal Division
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, N.W., 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-18-00422-3-PHX-DJH |
|---|---|
| Plaintiff, | **GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR HEARING REGARDING DEFENDANT SPEAR'S REIMBURSEMENT FOR CRIMINAL JUSTICE ACT EXPENSES** [Doc. 2345] |
| vs. | |
| 3. Scott Spear, | |
| Defendant. | |

### **INTRODUCTION**

Defendant Scott Spear's response to the Government's motion for a hearing to determine if reimbursement of Criminal Justice Act ("CJA") expenses is appropriate fails to address the issue of the disparity between his finances, as detailed in the PSR (representing a net worth of approximately $2.8 million and $4600 in monthly income)[1],

---

[1] PSR ¶ 312

versus what was represented to this Court in 2023 to qualify for CJA attorney Eric Kessler.[2]

Instead, Defendant's response focuses primarily on concerns about disclosing the source of his funds for fear that it will allow the government and/or trafficking victims to attach the funds for forfeiture or restitution. This concern is misplaced as the government made it clear in its motion that this Court could conduct the inquiry regarding Spear's financial picture ex *parte*.[3]

Second, the Defendant raises the issue that the settlement has yet to be paid. This is beside the point. The government is seeking reimbursement from the settlement proceeds *before* it is sent to Spear to compensate for CJA expenses. The other issues of unrelated instances where the government supposedly has recently reneged on agreements and victims seeking restitution has nothing to do with whether the defendant misrepresented to this Court his finances to qualify for a CJA attorney. It's unclear what Defendant is suggesting but he cannot shield his finances from trafficking victims seeking restitution or pursuing civil claims. In any event, these concerns do not allow him to mislead this Court about his true financial circumstances to qualify for a taxpayer funded attorney.

Accordingly, this Court should reject Spear's various arguments and determine (i) whether Spear accurately reported his income and assets at the time he obtained appointed counsel; and (ii) determine whether Spear is financially able to reimburse the CJA administrator for expenses paid to his appointed counsel with a settlement check in the amount of $460,000, a net worth of $28 million, and with his monthly income of $4600.

### DISCUSSION

---

[2] Mr. Kessler was appointed to represent Spear and entered an appearance in January 2023 (Docs. 1520 and 1522) not in 2021 as represented by Defendant. (Mot at 2)

[3] *See* Doc. 2333, fn. 2

According to Spear's own representations to the PSR writer he has substantial funds available to contribute toward his legal defense such that he should be required to reimburse the CJA fund. *See, e.g.*, *United States v. Jefferson*, 117 F.3d 1416 (5th Cir. 1997) (affirming order reimbursing cost of criminal defendant's legal representation pursuant to 18 U.S.C. § 3006A(f) from funds seized from defendant when he was arrested). Pursuant to the CJA, whenever the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be reimbursed to the CJA Fund. Specifically, 18 U.S.C. Section 3006A(f), provides, in relevant part:

> Whenever the . . . court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to . . . the court for deposit in the Treasury as a reimbursement . . .

*See United States v. Konrad*, 730 F.3d 343, 346 (3d Cir. 2013); *United States v. Wilson*, 597 F.3d 353, 357 (6th Cir. 2010) ("What the [CJA] gives with one hand to a criminal defendant 'financially unable' to pay for legal services it takes away with the other if the defendant turns out to be 'financially able' to obtain counsel").

Despite Spear's various irrelevant protestations about disclosure of his finances, this Court may at any time, after appointment of counsel, re-examine the financial status of a defendant who has a CJA attorney. If it is found that the Defendant is financially able to obtain counsel or make partial payment for his representation, the appointment may be terminated, and partial or full payment may be required to be made, as authorized by 18 U.S.C. Sec. 3006A(f). Thus, the plain language of the CJA authorizes the district court to order repayment for legal services if the court finds that funds are available for payment. Indeed, Courts have even found IRA retirement funds were available to the respective defendants and found them ineligible for appointment of counsel under the CJA. *United States v. Pani,* 2011 WL 4344336, at *2; *United States v. Patel,* 2008 WL 896069, at *2.

The courts' authority under this statute is widely recognized. *See Konrad*, 730 F.3d at 346; *United States v. Evans*, 155 F.3d 245, 249 (3d Cir. 1998) (explaining that district courts have the power under the CJA to order reimbursement of counsel fees at any time. In other words, the CJA permits a court to order repayment of fees for appointed counsel whenever it finds that funds are available") *Wilson,* 597 F.3d 353, 357 (6th Cir.2010).*United States v. Merric*, 166 F.3d 406, 409-10 (1st Cir. 1999) (noting that the CJA specifically permits district courts to require repayment of counsel fees); *United States v. Hoover*, 175 F.3d 564, 569 (7th Cir. 1999) (holding that CJA provided statutory authority for order of restitution for the cost of court-appointed counsel). Indeed, "[n]o court to our knowledge has said that trial courts have no such authority." *Wilson*, 597 F.3d at 358. *See also Garcia v. Teitler*, 443 F.3d. 202, 210 (2d Cir. 2006), *citing United States v. Bracewell*, 569 F.2d 1194, 1197 (2d Cir. 1978) (noting that Section 3006A(f) "allows the court to recover funds from a defendant when the court finds that such funds are available"); *United States v. Illarramendi*, 2015 WL 8664174, *3 (D. Conn. Dec. 11, 2015) (noting that Section 3006A(f) allows the court to make such a reimbursement "[w]henever . . . the court finds that funds are available for payment from or on behalf of a person furnished representation"); *United States v. Coniam*, 574 F .Supp. 615, 618 (D. Conn. 1983) (same).

In the final analysis, to conserve the limited resources of the CJA fund for those truly unable to afford qualified counsel, federal judicial officers must carefully review the financial data of each defendant to determine those defendants who can afford to pay for counsel. *Konrad* 730 F. 3d *6.

This Court, in an *ex parte* hearing, may ascertain how much has been paid in CJA funds to provide for Spear's legal representation by defense counsel Mr. Kessler before this Court. According to Spear's motion Mr. Kessler's representation has ceased. Therefore, no further funds will be expended. Considering the settlement in *United States v. $1,546,076.35 In Bank Funds Seized from Republic Bank of Arizona Account '1889, et al.*, CV 18-08420-RGK (C.D. Cal) and his avowal to US Probation Office that he has a net

worth of $2.8 million and monthly income of $4600. PSR ¶ 312. These funds are available for payment from Spear for his CJA panel representation. In addition, the United States currently is in possession of $460,000 in funds belonging to Spear due to a civil settlement that are also available for payment within the meaning of Section 3006A(f). *Accord United States v. Moore*, 666 F.3d 313, 322 (4th Cir. 2012) ("[T]he statute clearly requires a finding of a defendant's ability to make payments as a condition precedent to an order of reimbursement").

In addition, the government also submits that Spear will not suffer extreme hardship because of this motion. Spear is incarcerated until 2033.[4] *See, e.g., Konrad*, 730 F.3d at 347 ("The test for determining a defendant's ability to pay 'is whether repayment would cause such financial hardship as to make it impractical or unjust'"). While incarcerated, Spear also will incur limited expenses on a regular basis, and he will not require access to substantial funds. Indeed, Spear is not currently incurring monthly expenses (*E.g.*, rent, cable, groceries, cell phone, etc.). PSR ¶ 312. Moreover, he has no dependents as he is divorced, and his only daughter is the age of majority and is pursuing a law degree. *Id.* at 298.

In accordance with applicable law and in the interest of justice, the government requests that this Court grant its request for a hearing to determine if reimbursement is appropriate and, if the Court finds that reimbursement to the CJA panel is appropriate, order the USMS to turn over the subject funds to the Clerk of Court. In addition, the Court can determine what portion of his $2.8 million net worth and monthly income should also be used to pay back his CJA panel fees. *See Illarramendi*, 2015 WL 8664174, at *4 (holding that defendant was required to pay back entire cost of his CJA representation; while he initially claimed he was unable to afford counsel, it was later discovered that he

---

[4] https://www.bop.gov/inmateloc.

- 5 -

received and spent a $600,000 state tax refund while on bail while refusing to pay for his representation).

## **CONCLUSION**

For all of the factual and the policy reasons set forth above, the Court should require Defendant to reconcile the disparity in what was disclosed to this Court in 2023 to justify his qualifications for a CJA attorney with his representations in the PSR regarding his finances and the forthcoming settlement check. Again, the record available to the government strongly suggests that Spear presently can pay all or part of the expenses for his appointed counsel in this matter. The government requests that this Court hold the requested hearing.

Respectfully submitted this 14th day of March 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Kevin M. Rapp*
KEVIN M. RAPP
MARGARET PERLMETER
JOSEPH BOZDECH
JENNIFER LEVINSON
Assistant U.S. Attorneys

ANTOINETTE T. BACON
Supervisory Official for the Criminal Division
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY
U.S. Department of Justice
Child Exploitation and Obscenity Section

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of March, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants who have entered their appearance as counsel of record.

*s/D. Parke*
U.S. Attorney's Office